ORIGINAL

UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE

DWIGHT W.H. PERKINS JR.,
            PETITIONER,

VS.

                                    CASE NO. # 05-883

RICHARD KEARNY, WARDEN
STATE OF DELAWARE,
            RESPONDANT.

FILED
DEC 22 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Dwight W.H. Perkins, Jr., Pro-se pursuant to 28 U.S.C. §2254, petitions this Honorable Court to grant him a Writ of Habeas Corpus and states:

1.) Petitioner, Dwight W H. Perkins, Jr., is a citizen of the state of Delaware currently domiciled in Sussex County, Delaware.

2.) Petitioner, is currently being held as a prisoner at the state prison of the Sussex Correctional Institution, Georgetown, Delaware, as prisoner number # 229328. Sussex Correctional Institution is a state prison operated by the state of Delaware.

3.) Respondent Richard Kearny is Warden of the state prison of the Sussex Correctional Institution, Georgetown, Delaware.

4.) Petitioner is being held pursuant to a violation of Probation sentence entered on January 7, 2005 after a violation of probation hearing in the Kent County Court House by the Honorable Judge James T. Vaughn. The convictions were Theft # 500> in violation of T.I.S. 11 DEL.C. 0841000 AMA: And Robbery 1st in violation of T.I.S. 11 DEL.C. 083200 A2FB, and were entered in Kent County Court case # 8909007207A, and 951000132.

5.) Petitioner was arrested on December 1, 2004 and charged with a Robbery 1st a felony, in violation of Title 11, Section 832 of the Delaware Code: Possession of a Firearm durning the commission of a felony, a felony in violation of Title 11, Section 1447 of the Delaware Code: and a Possession of a Deadly Weapon by a Person prohib-

pg.1

ited, a felony, in violation of Title 11, Section 1448 of the Delaware Code. Petitioner resided in Endicott, New York, and was extradicted to Delaware on December 9, 2004.

6.) Petitioner waived his preliminary hearing as he was misadvised by a Public Defender who stood in until petitioner was assigned a Public Defender who would represent him. The preliminary hearing was on December 17, 2004. Petitioner was assigned a Ms. Kathleen Amalfitano as Defense Counsel on December 21, 2004.

7.) Petitioner corresponded with defense counsel in reference to filing motions to Withdraw the Waiver, Motion to Discovery, and a motion to Dismiss Indictment, defense counsel did not respond until Febuary 7, 2005.

8.) Petitioner was taken before the Kent County court, Dover, Delaware on January 7, 2005 for a violation hearing that resulted in part from the alleged robbery and weapons charges that were used to enhance petitioner's level of supervision and the length of his sentence despite the fact that the petitioner had not been indicted or arraigned on the robbery nor weapons charges. Petitioner was given an enhanced sentence of (30) months to be served at Level V incarceration. The conditions and stipulations violated were a dirty urine, missed appointments, and a failure to sign up for T.A.S.C., which are minor and technical violations that do not warrant long-term incarcerations or a Level V sentence. [See Er. A1-11]

9.) The circumstances under which petitioner is imprisoned are unlawful and void because of multiple violations of petitioner's right to Due Process of law guarenteed by the Fourteenth Amendment to the constitution of the United States, violation of Equal Protection of the law guarenteed by the Eight and Fourteenth Amendments, and violations of the right to the effective assistance of counsel protected by the Sixth Amendment. These violations are not mere irregularities but are major constitutional violations which casts significant doubt on the fairness of petitioner's trial and importantly, call into question the reliability of the verdict's.

10.) Petitioner filed a Direct Appeal with the Supreme Court of the State of Delaware, Dover, Delaware, on January 28, 2005 in reference to

Pg. 2

the violation of probation sentence imposed on January 7, 2005. The Appellant brief was submitted on June 27, 2005 and decided on August 16, 2005. This court denied petitioner's appeal case no# 42, 2005 [SEE EX. A 12-16].

11.) In the pending charges that have not been decided upon which consists of the alleged robbery 1st, possession of a firearm during the commission of a felony. Petitioner has been denied due process of law protected by the fourteenth amendment of the constitution of the United States, violation of equal protection of the law guarenteed by the fourteenth and violation of the right to the effective assistance of counsel protected by the sixth amendment. Petitioner wrote to the courts and asked that the court intercede because defense attorney's failure to make certain motions denied him the effective assistance of counsel. [SEE EX. A 17, 18]

12.) Petitioner constantly wrote defense attorney requesting that a motion to take back the waiver of his preliminary along with a motion for bail reduction and the motion to dismiss the indictment for failure to indict in a timely manner as well as a motion to discovery be filed. Defense attorney responded in letter dated Febuary 7, 2005 and refused to file any of the motions requested by petitioner. [SEE EX A 19-20]

13.) Petitioner continued to correspond with the courts seeking relief and the court's failed to correct the violations of petitioner's constitutional rights. Petitioner asserted his right to a speedy and fair trial as is protected by the sixth amendment of the constitution of the United States. Petitioner received no relief.

14.) Petitioner filed a pro-se motion to disqualify counsel on March 22, 2005 and his motion was not addressed by the Kent County Superior Court. Petitioner continued to write the courts requesting relief as well as the office of disciplinary counsel to file a formal complaint. [SEE EX A 21-22]

15.) Petitioner was denied due process of law when the Prosecutor

failed to indict him in a timely manner. Petitioner requested that defense attorney file a motion to dismiss the indictment, pursuant to Super. Ct. Cr. 48(b). She refused to file the motion on petitioner's behalf stating that the issue was not ripe. (See Ex. A 19)

16.) The Prosecutor violated petitioners due process when he intentionally delayed the indictment to gain a tactical advantage. The prosecutor failed to indict causing trial to be delayed. The Prosecutor waited (88) days after petitioner was arrested and formally charged. The prosecutor failed to request an extension to indict after the time frame stipulated and mandated by the Speedy Trial Act, and the administrative orders of the Superior Court's criminal rules and procedures. [See Ex A. 23-29]

17.) The Prosecutor further violated petitioner's right to due process when he sought continuances due to the unavailability of a witness on June 3, 2005, a continuance on June 6, 2005 for the lack of availability of Judges, and again on July 19, 2005 for lack of availability of Judges, none of which are excludable reasons pursuant to 18 U.S.C. § 3161(H). Trial has been delayed (285) day's at the request of the state.

18.) Petitioner filed a motion to participate with counsel in defense and asked that he be granted permission to file Pro-Se motions on his behalf because defense counsel refused to file certain motions to reserve the right's for appellant issues pursuant to Super. Ct. Cr. R. 12. Petitioner's motions were not entertained by the court. Petitioner's motion was filed on June 1, 2005. [See Ex. A 23-29]

19.) Petitioner had a video conference on May 27, 2005 with defense counsel. He was denied the due process of law and the right to be represented by Conflict Free representation protected by the Sixth amendment when durning the video conference defense counsel stated to petitioner that she would not file any motions on his —

Pg. 4

behalf that she would be called to the floor on and that the petitioner's "BLACK ASS" was going to be found guilty. Petitioner met with defense counsel again for the Final Case Review scheduled on May 31, 2005 at which time she presented a motion to Suppress for petitioners signature. But she stated she was certain it would be denied and attempted to force petitioner to take a Plea Agreement offered by the State. Petitioner refused and defense counsel became angry and stated - You'll be found Guilty and your Appeal will die in the Supreme Court of the State of Delaware. She stormed out of the cubicle and returned a short time later accompanied by a man who introduced himself as her Supervisor. The both of them attempted to convince petitioner to take the Plea, and utilized an example of another client's case whom had been advised to take a Plea but refused and eventually received an sentence of Life in prison. Those are improper tactics and a breech of confidentiality Ms. Amalfitano and her supervisor used by exposing another clients case resulting in a Conflict of Interest.

20.) Petitioner filed a Motion to Dismiss Indictment for unnecessary delay pursuant to Super. Ct. Cr. R. 48(b) on July 5, 2005. Petitioner was denied due process of law when the Court failed to entertain petitioner's Pro-Se motion [SEE EX. A 23-29]

21.) Petitioner's trial date for July 19, 2005 was postponed at the request of the State for Lack of Judges. Petitioner wrote to the court and requested that no more continuances be granted because the State was in violation of petitioner's right to a Speedy Trial. [SEE EX. A. 30-33]

22.) Petitioner filed a Writ of Mandamus with the Supreme Court of the State of Delaware, Dover, on September 29, 2005, Case No. #419, 2005, and on September 19, 2005. Justice Ridgely disqualified himself from petitioner's case without any explanation. Copies of petitioner's mandamus were forwarded to the Honorable Judge James T. Vaughn, Loren Myers, Esq., and the Kent County Superior Court's Prothonotary's office. It is apparent that

pg. 5

the Supreme Court sent petitioner's 3 motions back down to Superior Court as a courtesy to rectify their abuse of discretion in not entertaining petitioner's Pro-Se motions pursuant to Super. Ct. Cr. Rule 12. This brings about suspicion as to why the Supreme Court utilized the one hand wash'es the other and why the Supreme Court has tried to help the Superior Court to hide or cover up their short-comings violating the integrity of the Judicial system and violating the petitioners right to Equal Protection of the Law and of his Due Process of Law. The Record reflects clear and convincing proof and will substantiate such allegations [SEE EX A 30-33 AND EX A. 34-36]. See also letter from Supreme Court to Superior Court recalling order dated November 9, 2005.

23.) Petitioner was called before the Superior Court of Kent County, Dover, Delaware on September 14, 2005 and asked if he had anything he'd like the court to address. Petitioner asked for the 3 Pro-Se motions to be heard. Petitioner was scheduled on September 26, 2005 to present the motions to the Superior Court recalling-order dated November 9, 2005.

24.) Petitioner appeared before the Honorable Judge Robert Young of the Superior Court, Kent County, Dover, Delaware, on September 26, 2005 and presented the issues outlined in his mandamus. They were denied by this court on October 18, 2005, Case No.# 0407018106. [SEE EX. A 23-29]

25.) Petitioner's Writ of Mandamus was dismissed as moot on November 9, 2005 by Chief Justice Steele, Justice Jacobs, And Justice Ridgely who disqualified himself on September 19, 2005 from participating in petitioner's case No.# 419, 2005, which is in violation of petitioner's Constitutional rights and in violation of Supreme Court rules and procedures. [SEE EX. A 37]

26.) Petitioner was denied due process of Law when Honorable Judge Robert Young errored by Abuse of Discretion in denying petitioner's motion to disqualify counsel, even after defense counsel admitted on the record at the September 14, 2005 hearing

that she would not be prepared to represent petitioner in the event that the court allowed her to continue her obligation of representing petitioner. Defense counsel by her own admission was ineffective assistance of counsel in that she was not prepared to go with trial even with a (285) day delay in bringing petitioner to trial. None the less, The Honorable Judge Robert Young abused his descretion in that he did not evaluate or investigate properly petitioner's claim of Conflict of Interest and it is even a greater miscarriage of justice that the Honorable Judge Robert Young stipulated that defense counsel Kathleen Amalfitano would remain on stand by and resume 2nd chair throughout petitioner's trial. It would be fundamentally unfair to the petitioner to allow defense counsel to remain on his case after she made racially motivated remarks and displayed a biased attitude towards petitioner. [See Ex A. 38]

27.) Petitioner was denied due process of Law and Equal Protection of Law when Judge Robert Young denied petitioner's motion to Dismiss the indictment pursuant to Super Ct. Cr. R. 48(b) for unnecessary delay in filing the indictment within the specified time limit of (30) days pursuant to the Speedy Trial act and the Administrative directive of the Supreme Court criminal case disposition. Petitioner's case has still not been tried. By admission the prosecutor on the September 26, 2005 that he delayed the indictment to obtain a report from the U.S. Marshal's office and that the prosecution offered no other explaination as to why the petitioner was not indicted until (88) days after date of Arrest, and by admission that he failed to follow the procedures of Superior Court when he failed to file for an extension of time to indict. [See Ex A. 23-29]

28.) Petitioner was denied due process of Law and Equal Protection of the Law when his motion to participate was denied as well — [See Ex A. 25-29]

PG. 7

29.) Petitioner was brought back before the Superior Court again on November 2, 2005 to present to the Honorable Judge Robert Young his reasons for firing defense counsel and requested permission to go Pro-Se. Permission was granted but Honorable Judge Robert Young allowed defense counsel to remain as stand by counsel and as 2nd chair throughout his trial.

30.) Petitioner appealed the October 18, 2005 opinion on November 14, 2005 and was denied due process of law when the Supreme Court of the State of Delaware, Dover, Delaware dismissed petitioner's Appeal pursuant to Supreme court Rules 6 and 29(L) Sua Sponte and would not retain Jurisdiction because petitioner is not convicted nor is the October 18, 2005 decision a final Judgement. Case No.# 560, 2005. However, because petitioner is a Pro-Se litigant he should of received a wider degree of expectation and performance; and the court should have treated the petitioner's Writ of Mandamus as an Interlocutory Appeal. [See Ex A 39] Petitioner however, is in custody in violation of the Constitution and Laws of the United States pursuant to 28 U.S.C. § 2241 (c)(3).

31.) Petitioner wrote to the Honorable Judge Robert Young on November 27, 2005 and asked that he reconsider his ruling [See Ex A 38]

32.) Petitioner received a letter from the Supreme Court dated December 6, 2005 to the Superior Court's Prothonotary recalling the certified order dated November 9, 2005 which was Justice Ridgely's dismissal of petitioner's writ of mandamus. [See Ex A 40]

33.) Petitioner has exhausted all state remedies available as to the issues raised herein by taking the following steps:

A) Petitioner wrote to the court's and asked that the court intercede because defense attorney's failure to make certain motions denying him the Effective Assistance of Counsel.

B) Petitioner presented these issues to the Superior Court of Kent

County through the filing of Pro-Se motions.

C) Petitioner filed a Writ of Mandamus with the Supreme Court of the State of Delaware, Dover, Delaware.

D) Petitioner presented Pro-se motions to Superior Court of Kent County, Dover, Delaware.

E) Petitioner appealed all decisions to the Supreme Court of Delaware, Dover, Delaware.

34.) Petitioner has been Illegally detained pursuant to the 5th, 6th, 8th, and 14th Amendments of the United States Constitution, in that he was arrested and formally charged with the crimes of Robbery 1st, Possession of a Firearm during the commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited. On December 1, 2004; and has been detained in the Department of Corrections, Sussex County, Georgetown, Delaware, since December 9, 2004. Petitioner has received an illegal and enhanced sentence based on charges he has not been convicted of. Petitioner has been denied Equal Protection and Due Process of Law in that technically pursuant to the 5th Amendment of the U.S. Constitution that states "No person shall be held to answer for a Capital, or otherwise infamous crime, unless on presentment, or indictment of a Grand Jury..." These charges should not be valid and most certainly should not have been utilized to sentence or enhance petitioner. These at present are founded on a faulty indictment and should have been dismissed.

35.) There is a Post Conviction of Relief pending in the Superior Court of the State of Delaware, Dover, Delaware on the violation of probation sentence. There are no other petitions or appeals pending as to Case No. # 0407018106 in any court.

36.) Petitioner is serving an illegally imposed violation of probation sentence imposed on January 7, 2005. Petitioner potentially faces a future sentence on charges that are complained of herein.

37.) This court has jurisdiction over this petition and the issues raised pursuant to 28 U.S.C. § 2254, because petitioner is being in

violation of the Delaware Constitution, and the United States constitution and the United States Laws.

38.) Petitioner incorporates by reference the brief in support of Petition for Habeas Corpus.

Wherefore, petitioner, Dwight W.H. Perkins, Jr., moves this Honorable Court to grant the following relief:

A). Accepting Jurisdiction over this case;

B). Require the respondent to answer the allegations in this petition and the brief in support;

C). Hold such Evidentiary Hearings as to this Court may deem necessary or appropriate;

D). In good faith bias that the Court will prescribe the pretrial transcripts of the hearings held on September 14th, September 26, 2005, November 2, 2005, and the Grand Jury transcripts from March 7, 2005, as Superior Court hearings will allow after receipt of Pretrial transcripts petitioner to amend original brief to stipulate all factual grounds, and evidence before asking the state to reply;

E). Appointment of conflict counsel to represent petitioner in this complex case and its issues;

F). Issue an order directing Kent County Superior Court to transcribe all transcripts requested to the petitioner to support of petition for Writ of Habeas Corpus.

G). Issue an order that this Court will grant a writ of habeas corpus unless the state dismisses the indictment; and

H). Issue a writ of habeas corpus freeing petitioner from his unconstitutional confinement.

Respectfully Submitted,

Dwight W. H. Perkins Jr.

DWIGHT W. H. PERKINS, JR. PRO-SE
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947

DATE: 12-20-05

## CERTIFICATE OF PRO-SE COUNSEL

Dwight W.H. Perkins, Jr., Pro-Se hereby certifies that the statements of fact in the accompanying petition and brief are true to his knowledge, and that statements made on information and brief are true to the best of his knowledge and belief.

Respectfully Submitted,

*Dwight W.H. Perkins Jr*

Dwight W.H. Perkins, Jr. Pro-Se
Sussex Correctional Institution
P.O. Box 500
Georgetown, Delaware 19947

DATE: 12-10-2005