PHZ 2
EXH A1-A40
TABLE OF CONTENT

COPY

UNITED STATES DISTRICT COURT
THE DISTRICT OF DELAWARE

DWIGHT W. H. PERKINS, JR.
    PETITIONER,

VS.

CASE NO.#    0 5 - 8 8 3

RICHARD KEARNEY, WARDEN
STATE OF DELAWARE

    RESPONDENT.

---

MEMORANDUM OF LAW AND BRIEF IN SUPPORT

OF WRIT OF HABEAS CORPUS PETITION

PURSUANT TO 28 U.S.C. § 2254

---

APPELLANT'S APPENDIX FOR WRIT OF

HABEAS CORPUS PETITION

FILED

DEC 22 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

_Dwight W. H. Perkins Jr._

DWIGHT W H PERKINS, JR.

PRO-SE

SUSSEX CORRECTIONAL INSTITUTION

P. O. BOX 500

GEORGETOWN, DELAWARE 19947

DATE:    12-20-05

# TABLE OF CONTENTS

|  |  | PG |
|---|---|---|
| EX A.1 | V.O.P. TRANSCRIPTS | 1 |
| EX A.2 | V.O.P. TRANSCRIPTS | 2 |
| EX A.3 | V.O.P. TRANSCRIPTS | 3 |
| EX A.4 | V.O.P. TRANSCRIPTS | 4 |
| EX A.5 | V.O.P. TRANSCRIPTS | 5 |
| EX A.6 | V.O.P. TRANSCRIPTS | 6 |
| EX A.7 | V.O.P. TRANSCRIPTS | 7 |
| EX A.8 | V.O.P. TRANSCRIPTS | 8 |
| EX A.9 | V.O.P. TRANSCRIPTS | 9 |
| EX A.10 | V.O.P. TRANSCRIPTS | 10 |
| EX A.11 | V.O.P. TRANSCRIPTS | 11 |
| EX A.12 | DENIAL OF V.O.P. APPEAL | 12 |
| EX A.13 | DENIAL OF V.O.P. APPEAL | 13 |
| EX A.14 | DENIAL OF V.O.P. APPEAL | 14 |
| EX A.15 | DENIAL OF V.O.P. APPEAL | 15 |
| EX A.16 | DENIAL OF V.O.P. APPEAL | 16 |
| EX A.17 | Letter to Judge James T. Vaughn | 17 |
|  | continuation of Letter to Judge Vaughn | 18 |
| EX.18 | Letter to Judge James T. Vaughn | 19 |
|  | continuation of Letter to Judge Vaughn | 20 |
| EX.19 | Letter from Defense Counsel | 21 |
|  | continuation of Letter from defense counsel | 22 |
| EX.20 | Letter from Defense Counsel | 23 |
|  | continuation of Letter from defense counsel | 24 |
| EX.21 | Letter from Office of Disciplinary Counsel | 25 |
| EX.22 | Letter from Office of Disciplinary Counsel | 26 |

# TABLE OF CONTENTS CONTINUED

|  |  | PG |
|---|---|---|
| EX A.23 | SUPERIOR COURT'S DENIAL OF PRO-SE MOTIONS | 27 |
| EX A.24 | SUPERIOR COURT'S DENIAL OF PRO-SE MOTIONS | 28 |
| EX A.25 | SUPERIOR COURT'S DENIAL OF PRO-SE MOTIONS | 29 |
| EX A.26 | SUPERIOR COURT'S DENIAL OF PRO-SE MOTIONS | 30 |
| EX A.27 | SUPERIOR COURT'S DENIAL OF PRO-SE MOTIONS | 31 |
| EX A 28 | SUPERIOR COURT'S DENIAL OF PRO-SE MOTIONS | 32 |
| EX A 29 | SUPERIOR COURT'S DENIAL OF PRO-SE MOTIONS | 33 |
| EX A 30 | SUPERIOR COURT DOCKET SHEET | 34 |
| EX A 31 | SUPERIOR COURT DOCKET SHEET | 35 |
| EX A 32 | SUPERIOR COURT DOCKET SHEET | 36 |
| EX A 33 | SUPERIOR COURT DOCKET SHEET | 37 |
| EX A 34 | SUPREME COURT DOCKET SHEET | 38 |
| EX A.35 | SUPREME COURT DOCKET SHEET | 39 |
| EX A 36 | LETTER FROM SUPREME COURT | 40 |
| EX A.37 | SUPREME COURT'S DISMISSAL OF MANDAMUS | 41 |
| EX A 38 | LETTER TO JUDGE ROBERT YOUNG | 42 |
|  | CONTINUATION OF LETTER TO JUDGE YOUNG | 43 |
| EX A 39 | SUPREME COURT'S DISMISSAL OF APPEAL OF PROSE MOTIONS | 44 |
| EX A 40 | LETTER FROM SUPREME COURT RECALLING CERTIFIED ORDER. | 45 |

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) Criminal Action Nos. |
| vs. | ) VK99-09-0448 |
| | ) VK99-09-0450 |
| DWIGHT W. PERKINS, | ) VK95-10-0363 |
| 9909007207A | ) VK95-10-0368 |
| Defendant. | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


BEFORE:
        HON. JAMES T. VAUGHN, JR., President Judge
                    \* \* \* \* \*

                                    RECEIVED

                                    FEB 2 5 2005

APPEARANCES:
                                    BY:_____


        STACEY BONVETTI, Deputy Attorney General
        appearing on behalf of the State.

        SHERYL RUSH-MILSTEAD, ESQUIRE
        appearing on behalf of the Defendant.

                        \* \* \* \* \*

                    FTR TRANSCRIPT OF

                VIOLATION OF PROBATION HEARING

                Friday, January 7, 2005



                        \* \* \* \* \*

A 1

ELIZABETH D. SAINT-LOTH, RPR
Official Court Reporter

```
1   Courtroom 1
    January 7, 2005
2   9:31 a.m.
                          * * * * *
3                         PROCEEDINGS
                          * * * * *
4        MS. WILLIAMS:  Morning, Your Honor, Officer
5   Williams covering for Officer Kecia Winchester who is in
6   other courtroom.
7        It's alleged that Mr. Perkins has violated the
8   following terms and conditions of his Court order of
9   probation:  As to condition number 3, Mr. Perkins was
10  ordered to Level 3 probation and was directed to report
11  to probation on a weekly basis.  He has failed to report
12  on the following dates:  July 28, August 4th, 11th, 18th
13  and 25th, September 1st and, then, all subsequent dates
14  since that time period.  He was not incarcerated during
15  this time and had the opportunity to report.
16       As to condition number 7, Mr. Perkins was tested
17  for the use of illegal substances during the probation
18  period.  He tested positive for the use of marijuana on
19  May 12th and for marijuana and cocaine on May 18.  The
20  presence of cocaine in the second urinalysis indicates
21  the continued use of illegal substances.
22       As to condition number 9, Mr. Perkins was released
23  from the Level 4 Crest program in April 2004.  He was
```

A-2

ELIZABETH D. SAINT-LOTH, RPR
Official Court Reporter

1   instructed by his supervising officer that he must

2   participate in Crest Aftercare.  According to his Crest

3   Aftercare counselor, Mr. Perkins has been discharged

4   unsuccessfully from the program because of his failure to

5   attend group meetings or to engage in any other aspects

6   of the treatment program.

7          Mr. Perkins was Court-ordered to participate in

8   TASC.  He was informed by his supervising officer several

9   times that he must report to TASC for an evaluation.

10   Mr. Perkins has failed to follow through with his

11   Court-ordered obligation to participate in TASC.

12          MS. RUSH-MILSTEAD:  He admits to the violations,

13   Your Honor.

14          He wants to point out that he tested positive on

15   May 12th.  The next testing date was more than a week

16   later for testing --

17          THE COURT:  For the marijuana?

18          MS. RUSH-MILSTEAD:  Right.

19          THE COURT:  All right.  Okay.  What's the

20   recommendation?

21          MS. WILLIAMS:  Your Honor, before I state the

22   recommendation, I'd like to bring something to the

23   Court's attention.

*A-3*

```
1              Mr. Perkins was previously convicted of a robbery,

2    he served five years in prison, got out and gets

3    convicted of another weapons charge.  He served another

4    five years and gets out this past April.

5              In July he -- a warrant is issued by Troop 3 for

6    robbery in the 1st degree and another weapons offense.

7    Basically the police indicate that they have his face

8    clearly on a motel camera system and that he was ID'd by

9    the clerk and his car tag was given by the clerk as the

10   suspect in the commission of the robbery.

11             THE COURT:   Is that pending?

12             MS. WILLIAMS:  Yes, that is pending.

13             THE COURT:   In other words, he did a robbery and

14   did five years.

15             MS. WILLIAMS:  Uh-huh.

16             THE COURT:   And then picked up a conviction for

17   another robbery and did another five years?

18             MS. WILLIAMS:  Had a weapons charge, possession of

19   a deadly weapon by a person prohibited, and then served

20   another five years.

21             THE COURT:   Ten years?  Ten all together?

22             MS. WILLIAMS:  Yes, so ten years.

23             He got out this past April, and in July -- the day
```

A-4

ELIZABETH D. SAINT-LOTH, RPR
Official Court Reporter

1  he comes to see his probation officer, he allegedly

2  commits a robbery that night.

3       THE COURT:   Is that pending in this court?

4       MS. WILLIAMS:  I am not sure where it stands at

5  this time.

6       MS. RUSH-MILSTEAD:  He says he hasn't been

7  indicted yet on the July charge.

8       THE COURT:  Is there an arrest report?

9       THE DEFENDANT:   Yeah, they -- I'm waiting on

10  arraignment now, an indictment now.

11       MS. WILLIAMS:  Your Honor, he absconded from

12  supervision since that time, so he has just been arrested

13  again on the warrant --

14       THE COURT:   I see.

15       MS. WILLIAMS:  -- so it's just starting.

16       THE COURT:  So that was in April?

17       MS. WILLIAMS:  That was in July.

18       THE COURT:   July.

19       MS. WILLIAMS:  He got out in April.  July the

20  warrant was issued and, then, from July until now he has

21  been absconded, so the warrant was after this entire

22  time.

23       THE COURT:   So he was failing to report to his

*A-5*

```
1    probation?

2            MS. WILLIAMS:  That's correct.

3            THE COURT:   All right.

4            MS. WILLIAMS:  Okay.  The recommendation from

5    Officer Winchester is as follows -- if Mr. Perkins is

6    found guilty of violation of probation, it's recommended

7    that his probation be revoked and that he be re-sentenced

8    as follows:  As to 99-09-0450, two years Level 5,

9    suspended after serving 18 months for one year Level 3.

10           As to 09-09-0448:  One year Level 5 with no

11   probation to follow.  As to 05 -- wait a minute --

12   95-10-0363-01, six months Level 5 with credit for time

13   served.  As to 95-10-0368-01, six months Level 5 with

14   credit for time served, all special conditions to be

15   re-imposed.

16           And Officer Winchester pointed out the following

17   aggravating factors, it's a violation based on a willful

18   violation of special treatment condition.  He was found

19   to be in possession of a weapon leading to the violation.

20   His behavior represents an immediate threat to the

21   community, and his behavior is repetitive and flagrantly

22   defies the authority of the Court.

23           THE COURT:   All right.  Let me ask you a
```

A-6

```
 1   question.  Due to the age of some of these, the files are

 2   not as well organized as they are nowadays.

 3            MS. WILLIAMS:  Okay.  Uh-huh.

 4            THE COURT:   Did you say six months Level 5 with

 5   credit for time served?

 6            MS. WILLIAMS:  For any time he served on that

 7   charge.

 8            THE COURT:   Okay.  And I need to be able to state

 9   that because they're not going to give him the credit on

10   it.

11            MS. WILLIAMS:  Okay.  Officer Winchester does not

12   have on here what the actual time is that he did serve,

13   so then maybe we could just discharge those last two

14   unapproved.

15            THE COURT:  All right.  Understood.  Okay.  Thank

16   you.  Was he -- okay.

17            MS. RUSH-MILSTEAD:  The defendant believes that

18   the first two were modified by TASC.

19            Just a second, Your Honor.

20            THE COURT:  Were what?

21            THE DEFENDANT:  I never got the order because

22   Officer Winchester kept saying she would give me the

23   information but she never had it when I went to my
```

A-7

1    appointments, as well as how much I owed on fines,

2    whatever.

3        As you see, I have a numerous amount of cases.  I

4    know every time I got out it just seemed like they kept

5    adding more and more fines and faults to me, so...

6        MS. WILLIAMS:  Your Honor, if it was modified by

7    TASC, I'm sure it was not modified to drop any of the

8    Level 5 time.

9        THE COURT:  Right.

10       THE DEFENDANT:  Do you have any of the paperwork

11   with you?

12       MS. WILLIAMS:  No.  The Judge would have that.

13       THE COURT:  All right.  On that second one,

14   what's the -- the first one is '99, right?

15       MS. WILLIAMS:  Yes.

16       THE COURT:  The second one is also '99?

17       MS. WILLIAMS:  '99.  They were from the -- at

18   sentencing time at the same time.

19       THE COURT:  Okay.  I have those.

20       All right.  I'm satisfied that the construction of

21   the sentence is correct.

22       Mr. Perkins, is there anything you would like to

23   say?

*A-8*

1      THE DEFENDANT:  Not at this time, Your Honor.

2      THE COURT:   All right.  Mr. Perkins, I think when

3   you put everything together, where you had a conviction,

4   did five years, got out, picked up another conviction,

5   did, I guess, four years and, then, this time when you

6   got out -- I'm not going to address your new charges, but

7   you absconded from probation anyway.  I mean, you just

8   failed to report to probation, so I consider that your

9   conduct is repetitive and flagrantly defies the authority

10  of the Court.

11     Mr. Perkins, it's the order of the Court that you

12  are found to have violated your probation, your probation

13  is revoked.

14     Now, as to 99-09-0450, you are placed in the

15  custody of the Department of Correction at supervision

16  Level 5 for a period of two years; this is suspended

17  after 18 months, followed by one year of supervision

18  Level 3.

19     Now, as to 99-09-0448, you are placed in the

20  custody of the Department of Correction at supervision

21  Level 5 for a period of one year; no probation to follow

22  on that one.

23     As to 95-10-0363, you are placed in the custody of

*A-9*

1    the Department of Correction at supervision Level 5 for a

2    period of six months; this is suspended for six months at

3    supervision Level 3, the probationary terms are

4    concurrent.

5         As to 95-10-0368, you are placed in the custody of

6    the Department of Correction at supervision Level 5 for a

7    period of six months; this is also suspended for six

8    months at supervision Level 3.

9         Any special conditions of supervision set forth in

10   your previous sentencing orders are re-imposed.

11        THE DEFENDANT:  Thank you, Your Honor.

12        THE COURT:   All right.

13        (Whereupon, the proceeding was concluded.)

14

15

16

17

18

19

20

21

22

23

A-10

C E R T I F I C A T E

I, ELIZABETH D. SAINT-LOTH, an Official Court Reporter of the Superior Court of the State of Delaware, do hereby certify the above and foregoing pages, 1 through 10, to be a true and accurate transcript of the FTR proceedings therein indicated on January 7, 2005, as was stenographically reported by me and reduced to computer-aided transcript to the best of my ability, as the same remains of record in the prothonotary's office in the Kent County Courthouse, Dover, Delaware.


_____
Elizabeth D. Saint-Loth
Cert. #241-RPR

_____
Date   February 23, 2005


A-11

ELIZABETH D. SAINT-LOTH, RPR
Official Court Reporter

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DWIGHT W. PERKINS, JR., | § | |
| | § | No. 42, 2005 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | in and for Kent County |
| STATE OF DELAWARE, | § | Cr.A. Nos. VK99-09-0448; 0450 |
| | § | VK95-10-0363; 0368 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 27, 2005
Decided: August 16, 2005

RECEIVED
AUG 1 7 2005
BY:_____

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices

## O R D E R

This 16th day of August 2005, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)   In May 2000, the defendant-appellant, Dwight W. Perkins, Jr., pleaded guilty to Possession of a Deadly Weapon by a Person Prohibited, Felony Theft and Misdemeanor Theft.   On the weapon charge, he was sentenced to four years at Level V, on the felony theft charge to two years at Level V, to be suspended for Level IV Crest followed by one year at Level III probation, and on the misdemeanor theft charge to one year at Level V, to

be suspended for one year at Level II probation. Perkins did not file a direct appeal from his convictions and sentences.[1]

(2)    At a violation of probation ("VOP") hearing in the Superior Court in January 2005, Perkins was found to have committed a VOP based on his admission, through his counsel, that he had not reported to his probation officer on a regular basis, had tested positive for marijuana and cocaine, and had not attended the Crest Aftercare program. His probation was revoked and he was sentenced to a total of four years incarceration at Level V, to be suspended after 2½ years for two years of probation.[2] This is Perkins' direct appeal of his VOP sentences.

(3)    Perkins' counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally

---

[1] It appears that the Superior Court subsequently modified Perkins' sentence for Possession of a Deadly Weapon by a Person Prohibited to provide for the remainder of his Level V time to be served at Level IV Crest and Level III Crest Aftercare.

[2] The Superior Court sentenced Perkins for VOP's in connection with his convictions of Felony Theft and Misdemeanor Theft as well as additional convictions of Robbery in the First Degree and Carrying a Concealed Deadly Weapon.

devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(4)     Perkins' counsel asserts that, based upon a careful and complete examination of the record; there are no arguably appealable issues.  By letter, Perkins' counsel informed Perkins of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete trial transcript. Perkins also was informed of his right to supplement his attorney's presentation.  Perkins responded with a brief that raises six issues for this Court's consideration.  The State has responded to the position taken by Perkins' counsel as well as the issues raised by Perkins and has moved to affirm the Superior Court's judgment.

(5)     Perkins raises six issues for this Court's consideration, which may fairly be summarized as follows: a) the Superior Court abused its discretion by imposing sentences that were disproportional to the violations he committed; and b) his due process rights were violated at the VOP hearing.  Because Perkins' claims were not raised below, we review them in this appeal for plain error.[4]

---

[3] *Penson v. Ohio,* 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin,* 486 U.S. 429, 442 (1988); *Anders v. California,* 386 U.S. 738, 744 (1967).

[4] *Wainwright v. State,* 504 A.2d 1096, 1100 (Del. 1986) (under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process).

(6)    The Superior Court has broad discretionary power to revoke a defendant's probation.[5]  The Superior Court's revocation of a defendant's probation is, accordingly, reviewed by this Court for abuse of discretion.[6]  A sentencing decision by the Superior Court is initially reviewed by this Court to determine whether the sentence is within the statutory limits.[7]  If so, this Court will not find an abuse of discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind.[8]

(7)    Perkins' first claim is that the Superior Court abused its discretion by imposing disproportionate sentences.  He presents no evidence suggesting that his sentences were in excess of the statutory limits.  Moreover, we have reviewed the transcript of the VOP hearing and it does not reflect that the Superior Court judge either relied on impermissible factors or exhibited a closed mind in sentencing Perkins.  We, thus, find no error, plain or otherwise, on the part of the Superior Court with respect to Perkins' first claim.

(8)    Perkins' second claim is that his due process rights were violated at the VOP hearing because "the proper adversarial procedures" were not followed.  Perkins does not state specifically what the alleged

---

[5] *Brown v. State*, 249 A.2d 269, 271-72 (Del. 1968).

[6] *Fuller v. State*, 844 A.2d 290, 291 (Del. 2004).

[7] *Mayes v. State*, 604 A.2d 839, 842-43 (Del. 1992).

[8] *Id.*

*A15*

procedural deficiencies were and the transcript of the hearing does not reflect any such deficiencies. A VOP hearing may be informal or summary in nature.[9]  In this case, Perkins was represented by counsel at the VOP hearing.  Perkins' counsel did not object to any of the Superior Court's procedures and admitted that Perkins had violated three conditions of his probation.  Accordingly, we find no error, plain or otherwise, with respect to Perkins' second claim.

(9)     This Court has reviewed the record carefully and has concluded that Perkins' appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Perkins' counsel has made a conscientious effort to examine the record and has properly determined that Perkins could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_Randy Holland_
Justice

$A-16$

---

[9] Del. Code Ann. tit. 11, § 4334(c) (2001).

5

Dwight Perkins Jr. #224328

S.C.I.

Po Box 500

Georgetown, De 19947

The Honorable Judge James T. Vaughn

38 The Green

Dover, De. 19901

March 04, 2005

Re: State v. Dwight Perkins Jr. ID#

Dear Judge Vaughn:

My fifth and sixth amendment Rights Guarenteed by the U.S. Constitution have been violated and the Public Defender assigned to my case refuses to address these issues. I've written to Ms. Kathleen K. Amalfitano on several occassion requesting that she send notice to the Court & State Prosecutor to have a motion to Dismiss for failure to indict pursuant to Superior Court Criminal Rule 48(b), Superior Court Criminal Administrative Order Section (5)(a) and Section (18)(c), 18 U.S.C.A. § 316 l(a)-(g) and § 3162 (a)(i), and she has failed to do so.

There is a definite conflict of interest and I would like her removed from my case, based on the fact that there is Blatant Proof of both prosecutorial misconduct in the Grand Jury Proceedings, and Prosecutorial misconduct outside the indictment Process, as there is a (90) day unnecessary delay on the State Behalf in Presenting the Charges that have been Brought against me to the Grand Jury let alone the delay in Bringing me to trial.

Pursuant to Federal criminal Rule (12) the Defense should bring all motions to Dismiss defective indictments Before trial begins. Ms. Amalfitano has demonstrated that she does not have my Best interest at hand. She has been assigned to my case since December 17, 2004 and I have yet to meet with her personally to discuss anything pertaining to this case. She has failed to inform me

OF THE UP AND COMING COURT DATES, and SHE HAS FAILED TO FILE THE MOTION OF Discovery under Rule(16) TO OBTAIN AND FORWARD ME A COPY OF THE POLICE REPORT THAT I ve Also REQUESTED.

I would like MS. KATHLEEN AMALFITANO, ESQUIRE REMOVED FROM my CASE AND ASK THAT THE COURT APPOINT Counsel To Properly REPRESENT ME IN THIS MATTER.

THANK YOU FOR YOUR TIME AND YOUR CO-OPERATION IN THIS MATTER would be GREATLY APPRECIATED.

Sincerely,

DWIGHT PERKINS JR.

D.o.b: 5/22/71 SBI# 225

CC: PROThonotaries OFFICE, KENT County

JUDGE JAMES T VAUGHN, PRESIDENT JUDGE

OFFICE OF THE DISCIPLINARY COUNSEL, ANDREA L. ROCANELLI

DWIGHT PERKINS JR , DEFENDANT

KATHLEEN K. AMALFITANO Ass Public DEFENDER

President Judge James T. Vaughn

 Judges Chambers

Superior Court 38 The Green

Dover, De. 19901

        March 19, 2005

 Re: Dwight W. Perkins Jr. v. State of Del. 0407018106

Dear Judge Vaughn:

 Your Honor, on March 04, 2005 I forwarded you a letter in re: violation of my Fifth and Sixth Amendment due to the ineffective assistance of counsel by Ms. Kathleen K Amalfitano and the Public Defender's Office. In that she didn't file the motion to dismiss for failure to indict in a timely manner. I also made you aware of the conflict of interest and requested that she be removed from my case. In this letter I also made you aware of the fact that the state failed to indict me or arraign me within the time frame of the Superior Court Criminal Administrative Order in re: "Policy, Time Standards, and Procedure Relating to Criminal Case Disposition" Section 3(a) and 13(c) and the Speedy Trial Act of 1974. Based upon this the Court should of moved to dismiss the indictment with prejudice. But mysteriously I was indicted on March 07, 2005, and brought before the Court March 17, 2005 with an implied waiver as if an arraignment has been held. Of course I'm objecting to that and want my arraignment rescheduled. My concern however is when is the integr of the judicial system going to be upheld? The principle of Mooney v. Holo was not punishment of society for misdeeds of a prosecutor but according of an unfair trial to the accused. Society wins not only when the guilty. convicted. but when criminal trials are fair. Our system of the administration of justice suffers when any accused is treated unfairly. An inscription on walls of the Department of Justice states the proposition candidly for:

ITS CITIZENS IN THE COURTS."

Your Honor, with all Due Respect, ITS No SECRET THAT You WERE THE Sentencing Judge on mY Revocation Hearing, AND THAT on MARCH 17, 2005 you conducted THE Pro-Se Hearing Remanded BACK TO You By Supreme Court. I understand THAT Your Decision AT THE Revocation Hearing on January 07, 2005 Is in Question Due To Fact THAT I Appeal Your Decision BASED on THE Grounds THAT I HAD NOT Been Indicted or Arraigned on THE Captioned CASE #0407018106 AND THAT THIS SENTENCE IS ILLEGAL AND AN ABUSE OF Your Descretion because You over sentenced mE on THE TECHNICAL AND MINOR Violation THAT WERE ADDRESSED IN THE Violation Report. But what I want To know is when ARE THE Procedures AND Rules OF THE Superior Court Going To BE Upheld IN mY Situation?

I've enclosed a copy OF THE Letter I've Forwarded TO Ms. Kathleen Amalfitano, AND TO THE OFFICE OF THE Disciplinary Counsel. I'm Also Forwarding A copy of THIS LETTER TO THE OFFICE OF THE Disciplinary Counsel.

I Look Forward To Hearing From You Soon AND Hopefully THESE ISSUES will be Looked AT AND Rectified IMMEDIATELY, AS I AM ENTITLED TO FAIR TREATMENT IN THIS HONORABLE COURT System.

Sincerely,

Dwight Perkins Jr.

Dwight W. Perkins Jr.
#00229328





## PUBLIC DEFENDER OF THE STATE OF DELAWARE
### THE SYKES BUILDING, 45 THE GREEN
### DOVER, DELAWARE 19901

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

KATHLEEN K. AMALFITANO
ASSISTANT PUBLIC DEFENDER

TELEPHONE
(302) 739-4176

February 7, 2005

Dwight Perkins
SBI# 00229328
Delaware Correctional Center
1181 Smyrna Landing Road
Smyrna, DE 19977

RE:  State v. Dwight Perkins ID# 0407018106

Dear Mr. Perkins:

In response to your numerous letters, it is my understanding that you are currently serving 30 months at Level V on two (2) VOP sentences. You were sentenced on your VOP's in January of 2005, therefore a bond review would be moot. With respect to the waiver of your Preliminary Hearing, Mr. Schmid gave you sound advice. The State is not required to present the defense with the police report until such time as the first witness is sworn in at your trial. With the waiver we will be presented with the police report in time for your case reviews during preparation for your trial. I will review same with you at the time of your first case review.

Your case has not been sent to the Grand Jury. Therefore, you have not been Indicted on these charges. After you have been Indicted an Arraignment will be scheduled. Since you are incarcerated your Arraignment will be conducted by Video or passed until your first case review. I will not be provided with any Discovery until after you have been Arraigned. Therefore, at this time I do not have the Indictment or the police report.

It is not prudent for me to have any investigation done until I receive the police report and have reviewed same with you. Then I will proceed accordingly.

Pursuant to your request for a Motion to Dismiss for failure to Indict. This issue is not ripe. In other words it is too soon to file such a Motion. In addition, the fact that you are incarcerated on two VOP sentences we can not show any prejudice that you suffer for the State's failure to have you Indicted.

$A-19$

Very truly yours,

KATHLEEN K. AMALFITANO, ESQUIRE
Assistant Public Defender

KKA/ms



## PUBLIC DEFENDER OF THE STATE OF DELAWARE
### SYKES BUILDING, 45 THE GREEN
### DOVER, DELAWARE 19901

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

KATHLEEN K. AMALFITANO
ASSISTANT PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

TELEPHONE
(302) 739-4476

August 4, 2005

Dwight W. Perkins, Jr.
SBI# 00229328
Sussex Correctional Institution
RT 113
Georgetown, DE 19947

RE:  State v. Dwight Perkins ID# 0407018106

Dear Mr. Perkins,

I have forwarded to you the Motion in Limine filed by Mr. O'Neill pertaining to the testimony of Keisha Winchester. I discussed with you that I object to this line of questioning and will present our position just prior to trial when the motions are ruled on. I discussed with you that I feel the prejudicial value of her potential testimony far outweighs its probative value.

The State is permitted to review all of its case and testimony right up to the time of trial and the defense has no right to be present during their preparation. The same goes for the defense. Mr. O'Neill is permitted to show the video as many times as he wishes to whomever he wishes in preparation of trial.

If you recall I asked that Mr. O'Neill and his witnesses to leave the courtroom while we were reviewing the video. They were not permitted to be present and they removed themselves. There has been no violation of due process or any other constitutional rights. In addition, I am not aware of any prosecutorial misconduct.

There is no basis to file a motion to dismiss for lack of evidence. It may not be sufficient to prove beyond a reasonable doubt but it is sufficient for the State to proceed.

If you wish to have me removed from your case you can file that motion on your own behalf.

Very Truly Yours,

A-20

KATHLEEN K. AMALFITANO, ESQUIRE
Assistant Public Defender

KKA/msc

enc.

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, Delaware 19601
(302) 577-7042
(302) 577-7048 (Fax)

ANDREA L. ROCANELLI
Chief Counsel

MICHAEL S. McGINNISS
MARY SUSAN MUCH
PATRICIA BARTLEY SCHWARTZ
Disciplinary Counsel

March 10, 2005

CONFIDENTIAL

Mr. Dwight Perkins (#229328)
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Re:    ODC File No. C05-3-2 (Kathleen K. Amalfitano, Esquire)

Dear Mr. Perkins:

The Office of Disciplinary Counsel has received your complaint regarding Kathleen K. Amalfitano, Esquire, who represents you in your criminal matter. Your claim is that your attorney is failing to effectively represent you, in that she has not adequately communicated with you, and has not filed certain motions on your behalf. You also request that a new attorney be assigned to your case.

This Office cannot intervene in a criminal proceeding for any reason. This Office does not adjudicate claims of ineffective assistance of counsel. **This Office cannot remove an attorney from a case or assign substitute counsel.**

By copy of this letter with your complaint to Ms. Amalfitano, as well as to her supervisor, J. Brendan O'Neill, Esquire, I am asking that they promptly evaluate your complaint and take any action they deem appropriate, including contacting you to discuss your concerns. **(However, I am not requesting a written response.)** Pursuant to the authority of this Office under Rule 9(a) of the Delaware Lawyers' Rules of Disciplinary Procedure, this matter is now closed.

Sincerely,

Patricia Bartley Schwartz

PBS:mrta

cc:    Kathleen K. Amalfitano, Esquire (w/enc.)
       J. Brendan O'Neill, Esquire (w/enc.)

A-21

# Office of Disciplinary Counsel
SUPREME COURT OF THE STATE OF DELAWARE

Carvel State Office Building
820 North French Street, 11th Floor
Wilmington, Delaware 19801
(302) 577-7042
(302) 577-7048 (Fax)

**ANDREA L. ROCANELLI**
**Chief Counsel**

**MICHAEL S. McGINNISS**
**MARY SUSAN MUCH**
**PATRICIA BARTLEY SCHWARTZ**
Disciplinary Counsel

April 4, 2005

CONFIDENTIAL

Mr. Dwight W. Perkins, Jr. (#229328)
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Re:    **ODC File No. C05-3-2**
       **(Kathleen K. Amalfitano, Esquire)**

Dear Mr. Perkins:

This Office received your letter dated March 19, 2005. By copy of your letter to Ms. Amalfitano, I am advising her of your continuing concerns and again ask that she contact you to to discuss this matter. As to the other issues raised in your letter, please be advised that the Office of Disciplinary Counsel does not adjudicate these constitutional issues.

Pursuant to the authority of this Office under Rule 9(a) of the Delaware Lawyers' Rules of Disciplinary Procedure, this matter remains closed.

Very truly yours,

Patricia Bartley Schwartz

PBS:mrm

cc:    Kathleen K. Amalfitano, Esquire (w/enc.)

A-22

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | ID No: 0407018106 |
| v. | : | |
| | : | |
| DWIGHT W. PERKINS, JR., | : | |
| | : | |
| Defendant. | : | |

Submitted: September 26, 2005
Decided: October 18, 2005

Robert J. O'Neill, Jr., Deputy Attorney General, Dover, Delaware. Attorney for the State.

Dwight W. Perkins, Jr., *Pro se.*

## OPINION

**Defendant's Motion to Dismiss Indictment- *DENIED***
**Defendant's Motion to Disqualify Counsel - *DENIED***
**Defendant's Motion to Participate with Counsel  - *DENIED***

Young, Judge

A-23

*State v. Perkins*
*October 18, 2005*

## OPINION

On September 26, 2005, this Court heard arguments on three, *pro se* motions of Defendant, Dwight W. Perkins, Jr. Specifically, this Court considered Defendant's Motion to Dismiss the Indictment Pursuant to Superior Court Criminal Rule 48(b) for Unnecessary Delay, Motion to Disqualify Counsel, and Motion to Participate with Counsel. For the following reasons, Defendant's motions are DENIED.

## STATEMENT OF FACTS

On July 21, 2004, at approximately 8:35 p.m., Hariom Kantilal Patel, a clerk at the Super 8 Motel, 729 Bay Road, Milford, Delaware, was robbed of $320 at gunpoint by an assailant who fled the scene of the crime in a Ford Explorer. As the assailant was driving out of the motel parking lot, Patel was able to record the vehicle's license plate number. Patel reported the crime to the Delaware State Police, who were able to identify Defendant as the owner of the Ford Explorer based on the license plate number provided by Patel. On July 22, 2004, police obtained a warrant for Defendant's arrest. However, police were unable to execute the warrant, because Defendant had fled the jurisdiction. Defendant was apprehended on December 9, 2004 by United States Marshalls in Endicott, New York. Defendant was discovered driving the same Ford Explorer used in the Super 8 Motel robbery.

At the time of the robbery at the Super 8 Motel, Defendant was on probation, serving time at Level 2. On September 26, 2004, Defendant was reported by his probation officer as being in violation of probation for failing to report for office visits with his probation officer in August and September 2004. Defendant further

2

*State v. Perkins*
*October 18, 2005*

violated his probation by testing positive for marijuana and cocaine in May 2004 and for failing to pay $161 in court costs and fines. On January 7, 2005, following his arrest in New York, Defendant was sentenced to thirty months at Level 5 for violating his probation. Defendant is currently serving that sentence at Sussex Correctional Center. Defendant is also being held on $58,000 cash bail for his arrest related to the Super 8 Motel robbery.

## PROCEDURAL HISTORY

The preliminary hearing in this matter was scheduled for December 17, 2004. Prior to the hearing, Defendant met with Assistant Public Defender Lloyd A. Schmid, Jr., Esquire. For tactical reasons, Mr. Schmid advised Defendant to waive the preliminary hearing. In exchange, the Attorney General's Office (hereinafter referred to as "the State") would provide Defendant's counsel with a copy of the police report. Mr. Schmid explained that the police report is not discoverable under Super. Ct. Crim. R. 16, and therefore, Defendant's counsel would not have access to the police report until the first witness was sworn at trial.

On January 29, 2005, Defendant wrote to Assistant Public Defender Kathleen Amalfitano, Esquire, who was assigned to represented him, and inquired about the progress of his case. Defendant also requested an appointment to discuss the State's evidence, including the police report. Defendant requested that Ms. Amalfitano file a motion to withdraw Defendant's waiver of the preliminary hearing, claiming that Mr. Schmid's advice to waive the hearing in exchange for the police report was inaccurate. On February 3, 2005, Defendant wrote to Ms. Amalfitano, and requested all Rule 16 discovery material be sent to him. Defendant also repeated his request for

*A-24* [3]

*State v. Perkins*
*October 18, 2005*

Ms. Amalfitano to file a motion to withdraw the waiver of the preliminary hearing. Defendant also requested that a motion to dismiss all charges based on the State's failure to indict be filed on his behalf.

Ms. Amalfitano wrote to Defendant on February 7, 2005, and provided him with an update of his case. Ms. Amalfitano concurred with Mr. Schmid's advice to waive the preliminary hearing. She explained that, because Defendant had not been indicted yet, she could not obtain any discovery until Defendant was arraigned. In addition, Ms. Amalfitano advised that, until Defendant was indicted, filing a motion to dismiss for failure to indict would be premature. Defendant was also warned that, because he was incarcerated on the violations of probation, it would be difficult to demonstrate that the State's delay in filing an indictment caused him any prejudice. On March 7, 2005, Defendant was indicted by the Grand Jury for the July 21, 2004 robbery on three counts: first-degree robbery, possession of a firearm during the commission of a felony, and possession of a deadly weapon by a person prohibited. Following his indictment, Defendant wrote to Ms. Amalfitano again, on March 19, 2005, requesting a copy of the Grand Jury indictment, demanding that she file motions withdrawing the waiver of the reading of the indictment and dismissing the matter for failure to indict in a timely manner. On March 22, 2005, Defendant filed, *pro se*, a Motion to Disqualify Counsel. On June 1, 2005, Defendant filed, *pro se*, a Motion to Participate with Counsel in his defense.

In preparation for Defendant's July 6, 2005 trial, Ms. Amalfitano did file motions on Defendant's behalf. On June 1, 2005, Ms. Amalfitano filed a Motion to Suppress the identification made by the victim, which is still pending. On June 3,

*State v. Perkins*
*October 18, 2005*

2005, Ms. Amalfitano filed a Motion to Sever the charge of possession of a deadly weapon by a person prohibited from the charges of robbery and possession of a firearm during the commission of a felony. Defendant's Motion to Sever was denied by this Court.

Trial in this matter has been postponed three times. Trial was originally scheduled to begin on June 6, 2005, but the State was granted a continuance until the next day to accommodate the victim who had to work at the motel due to the busy NASCAR race weekend. Although the trial was continued until the next day, June 7, the trial could not go forward due to the Court's docket. The trial was rescheduled for July 19, 2005, but the trial was continued again due to the Court's busy calender. Rescheduling of the trial is pending the resolution of Defendant's present motions, at Defendant's request.

On September 14, 2005, Defendant filed, *pro se*, a Motion to Dismiss the Indictment Pursuant to Criminal Rule 48(b). Defendant argues that (1) the State violated his right to a speedy trial by postponing the trial through a series of continuances, and (2) the State failed to file an indictment within thirty days from the time of his arrest in violation of Crim. Admin. Order, Del. Super., Ridgely, P.J. (Jan. 16, 1991).

## DISCUSSION

I.    **Motion to Dismiss the Indictment Pursuant to Rule 48(b).**

Under Super. Ct. Crim. R. 48(b), an indictment may be dismissed at the discretion of the Court, if there has been "unnecessary delay in presenting the charge

*A-25*    5

*State v. Perkins*
*October 18, 2005*

to a grand jury or in filing an information against a defendant who has been held to answer in Superior Court." A criminal indictment can only be dismissed for "unnecessary delay" if the defendant can establish (1) the delay was caused by the prosecution, and (2) the defendant was prejudiced by the delay.[1] The prejudice that the defendant must show is that which is "beyond that normally associated with a criminal justice system necessarily strained by a burgeoning case load."[2]

Rule 48(b) does not specifically address the source of the unnecessary delay; however, the trial court's authority to dismiss an indictment based on unnecessary delay has been limited to those cases in which "the delay is attributable to the prosecution."[3] If the delay was caused by the prosecution, then the Court should consider whether the prosecution had a valid reason for the delay.[4] As such, the Court will "consider the extent to which the State is at fault in causing the delay and the amount of control the State has over the event causing the delay."[5] In *McElroy*, the Delaware Supreme Court reversed the trial court's decision to dismiss a criminal information, because the delay in bringing the case to trial was caused by the Court's

---

[1]    *State v. McElroy*, 561 A.2d 154, 155-156 (Del. 1989). *See also State v. Willis*, 2001 WL 789667 (Del. Super.).

[2]    *Id.*

[3]    *Id.* at 157.

[4]    *State v. Willis*, 2001 WL 789667, at *2 (Del. Super.).

[5]    *Id.*

*State v. Perkins*
*October 18, 2005*

busy docket, and not by anything attributable to the prosecution.[6]

Not only must the defendant prove that the delay was caused by the prosecution, but the defendant must also demonstrate that "the delay has been found to work some definable or measurable prejudice to the defendant."[7] The recognized types of prejudice a defendant may suffer include "death or disappearance of witnesses, loss of evidence, loss of counsel, or denial of opportunity to prepare for trial."[8] The Delaware Supreme Court has also enumerated the following elements which may be prejudicial to the defendant:

> The unexplained commencement of a new prosecution long after dismissal of the same charge in another Court, anxieties suffered by defendant as a result of delay and uncertainty in duplicative prosecutions, notoriety suffered by defendant and his family as the result of repeated commencement for the prosecutions for the same offense, and expenses attendant upon a subsequent renewal of a dismissed prosecution.[9]

In *Morris*, the Court denied the defendant's claims that he was prejudiced by

---

[6]    *McElroy*, 561 A.2d at 157 (Del. 1989); *Compare State v. Willis*, 2001 WL 789667 (Del. Super.) (Five-month delay in filing an indictment against defendant was caused by the prosecution, who failed to schedule the intake in a timely manner. The Court held that scheduling the intake, which was not done until five months after the alleged offense, was within the control of the prosecution.)

[7]    *State v. Harris*, 616 A.2d 288, 291 (Del. 1992) (quoting *McElroy*, 561 A.2d at 157).

[8]    *State v. Morris*, 340 A.2d 846, 850 (Del. Super. 1975), *aff'd* 349 A.2d 748 (Del. 1975) (citing *State v. Fischer*, 285 A.2d 417 (Del. 1971)).

[9]    *Id.* at 850.

A-26   7

*State v. Perkins*
*October 18, 2005*

an eighteen-month pretrial incarceration, as the defendant did not demonstrate that his "incarceration was any different from that of any defendant incarcerated before trial."[10] Similarly, the defendant's claims of anxiety were also rejected for lack of any evidence that he suffered any mental or physical condition as a result of his incarceration or the nature of the charges.[11] Finally, the defendant did not demonstrate that the delay in bring the case to trial caused any impairment to his defense.[12]

When a prosecutor's misconduct has caused an unnecessary delay, the Court has many options to address the matter, which focus "on the culpable individual rather than granting a windfall to the unprejudiced defendant."[13] If the defendant has not suffered any prejudice as a result of the prosecutor's misconduct, then "the ultimate sanction of dismissal, is an inappropriate remedy for improper actions by a prosecutor."[14]

In this case, Defendant has failed to prove that the State caused his trial to be delayed unnecessarily. The first continuance of trial was requested by the State for a valid reason. The State asked for a one-day continuance to accommodate the victim

---

[10]    *Id.*

[11]    *Id.*

[12]    *Id.*

[13]    *State v. Harris*, 616 A.2d 288, 291-292 (Del. 1992)(quoting *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)(offering alternative remedial measures such as sanctions, reprimand, disciplinary referral, or contempt))).

[14]    *Id.* (citing *Bank of Nova Scotia*, 487 U.S. at 263).

*State v. Perkins*
*October 18, 2005*

of the robbery, who had to work at the motel because of the busy race weekend. The last two continuances, however, were not requested by the State, but were caused by the Court's busy docket.

Because the Defendant has not satisfied the first prong of the test for unnecessary delay under Rule 48(b), Defendant's claim of prejudice is moot. Nonetheless, the Defendant did not provide any basis to support a finding of prejudice. Defendant complains that his liberty has been restrained since his arrest. Defendant's claim is not persuasive. Regardless of his arrest on the robbery charges, he remains incarcerated on a thirty-month sentence for violating probation. Defendant's Motion to Dismiss the Indictment based on the delay in bringing the case to trial is denied.

The same analysis can be used to determine whether there was an unnecessary delay in filing the indictment against the Defendant. In the Superior Court in and for Kent County, the Grand Jury is convened on the first workday of the month.[15] In this case, the State could have filed the indictment in January or February of 2005, but waited until March 7, 2005, eighty-eight (88) days after Defendant's arrest. The State offers no explanation for the delay. Therefore, the delay must be attributed to the State.

Although the State is responsible for delaying the filing of the indictment, Defendant has failed to establish that he suffered any prejudice as a result. Defendant argues that the arrest for the robbery and weapons charges contributed to the length

---

[15]    Crim. Admin. Order, Del. Super., Ridgely, P.J. (Jan. 16, 1991) at 3.

A-27 [9]

*State v. Perkins*
*October 18, 2005*

of the sentence he received on January 7, 2005 for the violations of probation. Defendant's argument is not supported by any evidence, and is illogical. The first time the Grand Jury could have been convened following Defendant's arrest was January 4, 2005. Assuming that the Grand Jury indicted Defendant on January 4, 2005, rather than March 7, 2005, the robbery and weapons charges would have remained. Defendant also provides no evidence that his sentence would have been different if the robbery and weapons charges had been dismissed.

Notwithstanding the sentence for the violations of probation, Defendant is being held on $58,000 cash bail for the robbery and weapons charges, and pretrial incarceration does not constitute prejudice to the Defendant.[16] Because the Defendant has not established any prejudice, his Motion to Dismiss based on the delayed filing of the indictment is denied.

**II.    Motion to Disqualify Counsel.**

Defendant seeks to remove the Public Defender assigned to represent him, alleging ineffective assistance of counsel. Defendant argues that his counsel's advice to waive the preliminary hearing in exchange for the police report was misinformed. Defendant also contends that the Public Defender has failed to communicate with him. Finally, Defendant complains that his counsel entered a plea of "not guilty," and waived the reading of his indictment at the arraignment without Defendant's knowledge or consent.

Allegations of ineffective assistance of counsel must be supported with proof

---

[16]      *Morris*, 340 A.2d at 850.

*State v. Perkins*
*October 18, 2005*

that " 'counsel's representation fell below an objective standard of reasonableness,' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "[17]

The Court's review of the counsel's conduct "is subject to a strong presumption that the representation was "professionally reasonable."[18] In addition, the defendant "must make specific allegations of actual prejudice and substantiate them."[19]

Defendant's conclusory claims that his counsel was ineffective are not supported by any evidence that her representation was unreasonable, or that her representation affected the progress of his case. The Public Defender's advice concerning discovery of the police report was accurate. Citing *Brady v. Maryland*,[20] Defendant argues that he is entitled to discover the police report prior to trial. Therefore the Public Defender's advice to waive the preliminary hearing in exchange for the police report was incorrect. Defendant's understanding of *Brady*, however, is misinformed. In *Lovett v. State*, the Delaware Supreme Court held that "'there is no general constitutional right to discovery in a criminal case, and *Brady* did not

---

[17]    *Albury v. State*, 551 A.2d 53, 58 (Del. 1988)(quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

[18]    *Outten v. State*, 720 A.2d 547, 552 (Del. 1998)(quoting *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990)).

[19]    *Id.* (quoting *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996)).

[20]    373 U.S. 83 (1963).

*State v. Perkins*
*October 18, 2005*

create one."[21] The *Lovett* Court specifically addressed the discovery of police reports, and concluded that "a defendant has no due process right to discovery of police reports made in the course of criminal investigations."[22] Not only has the defendant failed to provide any support for his claims of ineffective counsel, he has also failed to allege that he has suffered any prejudice as a result of the Public Defender's representation. Defendant also fails to establish that any other aspect of the Public Defender's representation "fell below an objective standard of reasonableness."[23] The Public Defender responded to Defendant's concerns in her February 7, 2005 letter, and was preparing for trial, as evidenced by the pretrial motions. Therefore, Defendant's Motion to Disqualify Counsel is denied.

## III.    Motion to Participate with Counsel.

Defendant also requests permission to participate with counsel in his own defense, so he can file a pretrial motion on his own behalf. Defendant does not specify what type of motion he intends to file. Defendant also provides no basis for this request. Not only has Defendant failed to prove that his counsel has been ineffective, the record indicates that the Public Defender has filed pretrial motions, including Motions to Sever and Suppress. For these reasons, Defendant's Motion to Participate with Counsel is also denied.

---

[21]    516 A.2d 455, 472 (Del. 1986)(quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)).

[22]    *Id.* (citing *State v. Thompson*, 134 A.2d 266, 267-268 (Del. Super. 1957)).

[23]    *Albury*, 551 A.2d at 58 (Del. 1988)(quoting *Strickland*, 466 U.S. at 688).

*State v. Perkins*
*October 18, 2005*

## **CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss the Indictment Pursuant to Superior Court Criminal Rule 48(b) for Unnecessary Delay is DENIED. Defendant's Motion to Disqualify Counsel and Motion to Participate with Counsel are also DENIED.

_____
Judge

OC:   Prothonotary
      Counsel
      Opinion Distribution

A-29   13

```
               SUPERIOR COURT CRIMINAL DOCKET           Page    1
                     ( as of  10/26/2005 )
```

  ate of Delaware v.  DWIGHT W PERKINS                  DOB: 05/22/1971
State's Atty: ROBERT J O'NEILL , Esq.        AKA: DWIGHT H PERKINS
Defense Atty: KATHLEEN AMALFITANO , Esq.          DWIGHT H PERKINS
                                                  WILLIAM W PERKINS
                                                  JR PERKINS


Assigned Judge:

Charges:
| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|---|---|---|---|---|---|
| 001 | 0407018106 | IK04120560 | ROBBERY 1ST | | |
| 002 | 0407018106 | IK04120561 | PFDCF | | |
| 003 | 0407018106 | IK04120562 | PDWBPP | | |
| 004 | 0407018106 | K04120563 | AGGR MENACING | | |

```
       Event
No.    Date           Event                        Judge
-------------------------------------------------------------------------
1    12/17/2004
       CASE ACCEPTED IN SUPERIOR COURT.
       ARREST DATE: 12/09/2004
       PRELIMINARY HEARING DATE: 12/17/04
       BAIL:  CASH BAIL                          58,000.00
     02/07/2005
       DEFENDANT'S LETTER TO PROTHONOTARY FILED.
       RE: WOULD LIKE TO HAVE REQUESTS TO ATTORNEY PLACED ON DOCKET SHEET.
       ATTACHED TWO (2) LETTERS FROM DEFENDANT TO KATHLEEN AMALFITANO,
       ESQUIRE, RE: DISCOVERY, APPOINTMENT TO VIEW VIDEOTAPES, AND MOTION
       TO DISMISS FOR FAILURE TO INDICT.
3    02/23/2005
       DEFENDANT'S LETTER TO PROTHONOTARY FILED.
       RE: PLEASE DOCKET THIS SECOND ATTEMPT TO MY ATTORNEY TO HAVE MOTION TO
       DISMSISS FILED.
4    03/03/2005
       NOTICE OF SERVICE - DISCOVERY RESPONSE.
5    03/07/2005
       INDICTMENT, TRUE BILL FILED.
6    03/08/2005
       SUMMONS MAILED TO DEFENDANT AND BONDSPERSON FOR APPEARANCE IN COURT
       ON 3/17/05 FOR ARRAIGNMENT.
7    03/17/2005                                FREUD ANDREA MAYBEE
       ARRAIGNMENT CALENDAR - DEFENDANT WAIVED READING; ENTERED PLEA OF NOT
       GUILTY; JURY TRIAL DEMANDED.
8    03/28/2005
       MOTION TO DISQUALIFY COUNSEL FILED (PRO SE).
9    03/28/2005
```

A-30

```
                SUPERIOR COURT CRIMINAL DOCKET              Page    2
                   ( as of  10/26/2005 )

  ate of Delaware v.  DWIGHT W PERKINS              DOB: 05/22/1971
state's Atty: ROBERT J O'NEILL , Esq.       AKA: DWIGHT H PERKINS
Defense Atty:                                    JR PERKINS

       Event
No.  Date            Event                          Judge
-----------------------------------------------------------------------------
     DEFENDANT'S LETTER TO PROTHONOTARY FILED.
     RE: PLEASE DOCKET ATTACHED LETTERS TO KATHLEEN AMALFITANO, ESQUIRE,
     AND JUDGE VAUGHN.
10   04/12/2005                                WITHAM WILLIAM L. JR.
     CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW.
     FINAL CASE REVIEW 06/01/05, TRIAL 06/06/05
11   05/10/2005
     DEFENDANT'S LETTER TO KATHLEEN AMALFITANO, ESQUIRE, FILED
     RE: REQUEST FOR MOTIONS TO BE FILED.
12   05/23/2005
     SUBPOENA(S) ISSUED.
13   05/25/2005
     COPY OF DOCKET REQUESTED AND SENT.
14   06/01/2005                                YOUNG ROBERT B.
     FINAL CASE REVIEW:  NO PLEA/SET FOR TRIAL 06/06/05
     SUPPRESSION HEARING TO BE HEARD BEFORE TRIAL ON 06/06/05
15   06/01/2005
     MOTION TO SUPPRESS FILED. (K. AMALFITANO)
 ⌐   06/01/2005
     MOTION TO PARTICIPATE WITH COUNSEL FILED (PRO SE).
26   06/01/2005
     DEFENDANT'S LETTER FILED.
     RE: REQUEST FOR DOCKET SHEET AND PENDING MOTIONS.
16   06/03/2005                                YOUNG ROBERT B.
     CONTINUANCE REQUEST FILED BY ROBERT O'NEILL, ESQ.; GRANTED BY JUDGE
     YOUNG; VICTIM AVAIL; CON'T 1 DAY 6/7/05
18   06/03/2005
     MOTION TO SEVER FILED. (AMALFITANO)
17   06/06/2005                                YOUNG ROBERT B.
     TRIAL CALENDAR-JURY TRIAL-CONTINUED
     COURT'S REQUEST-LACK OF JUDGES.
     FINAL CASE REVIEW DAY OF TRIAL 07/19/05
19   06/10/2005                                YOUNG ROBERT B.
     MOTION TO SEVER DENIED.
20   06/22/2005
     TRANSCRIPT OF MOTION TO SEVER FILED. (S. DOUGHERTY)
21   06/28/2005
     SUBPOENA(S) ISSUED.
22   07/19/2005                                WITHAM WILLIAM L. JR.
     TRIAL CALENDAR-JURY TRIAL-CONTINUED 9/19, FCR 9/14/05
     COURT'S REQUEST-LACK OF JUDGES.
23   07/19/2005
```

A-31

```
              SUPERIOR COURT CRIMINAL DOCKET              Page    3
                   ( as of  10/26/2005 )
```

 .ate of Delaware v.  DWIGHT W PERKINS                 DOB: 05/22/1971
state's Atty: ROBERT J O'NEILL , Esq.      AKA: DWIGHT H PERKINS
Defense Atty:                                    JR PERKINS

```
       Event
No.    Date            Event                      Judge
-------------------------------------------------------------------------
       STATE'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS FILED.
       BY ROBERT O'NEILL, ESQ.
24     07/25/2005
       MOTION IN LIMINE FILED.
       BY ROBERT J. O'NEILL, ESQ.
       TO BE HEARD DAY OF TRIAL
27     07/25/2005
       DEFENDANT'S LETTER TO JUDGE VAUGHN FILED
       RE: PLEASE LET THE RECORD REFLECT THAT I AM OPPOSED TO ANY MORE POST-
       PONEMENTS AND DEMAND A SPEEDY TRIAL.
28     07/25/2005
       DEFENDANT'S LETTER TO PROTHONOTARY FILED
       RE: LETTER TO JUDGE VAUGHN.
29     08/29/2005
       SUBPOENA(S) ISSUED.
30     09/14/2005
       MOTION TO DISMISS INDICTMENT PURSUANT TO SUPERIOR COURT CRIMINAL
       RULE 48(B) FOR UNNECESSARY DELAY FILED. (PRO SE)
 ٦     09/14/2005                               YOUNG ROBERT B.
       CASE REVIEW CALENDAR FINAL CASE REVIEW CONTINUED.
       DEFENDANT'S REQUEST-CR-DEFENDANT NEEDS MORE TIME.
       DEFENDANT HAS FILED MOTIONS WITH THE COURT THAT NEED TO BE HEARD
       BEFORE HE IS TO BE SCHEDULED FOR TRIAL
       MOTIONS TO BE HEARD ON 09/26/05
32     09/14/2005
       DOCUMENTS FILED REGARDING SUPREME COURT MATTER: PETITION FOR A WRIT OF
       MANDAMUS BY PETITIONER (PRO SE).
33     09/26/2005                               YOUNG ROBERT B.
       MOTION TO DISQUALIFY COUNSEL DECISION RESERVED.
34     09/26/2005
       MOTION TO DISMISS DECISION RESERVED.
35     09/26/2005
       MOTION TO PARTICIPATE WITH COUNSEL DECISION RESERVED.
36     09/27/2005
       STATE'S RESPONSE FILED TO RESERVED MOTIONS: MOTION TO DISQUALIFY COUN-
       SEL, MOTION TO DISMISS, AND MOTION TO PARTICIPATE WITH COUNSEL.
       (ROBERT O'NEILL, JR., ESQUIRE).
38     10/11/2005
       DEFENDANT'S LETTER FILED.
       RE: THE STATE HAS UTILIZED EACH POSTPONEMENT AS A MEANS TO BUILD A
       CASE, AND UNDER THE SPEEDY TRIAL ACT IS CONSIDERED AS A MEANS OF
       GAINING A TACTICAL ADVANTAGE.
```

A-32

```
                  SUPERIOR COURT CRIMINAL DOCKET              Page    4
                     ( as of  10/26/2005 )
```

  .ate of Delaware v.  DWIGHT W PERKINS                    DOB: 05/22/1971
  state's Atty: ROBERT J O'NEILL , Esq.      AKA: DWIGHT H PERKINS
  Defense Atty:                                   JR PERKINS

```
        Event
  No.   Date          Event                            Judge
  ---------------------------------------------------------------------------
  39    10/11/2005
        AFFIDAVIT OF MARSHA CAREY
        RE: THERE IS REALLY NOTHING I CAN DO TO ASSIST ANYONE IN THIS MATTER.
  37    10/18/2005                                   YOUNG ROBERT B.
        OPINION: DEFENDANTS MOTION TO DISMISS INDICTMENT - DENIED
        DEFENDANTS MOTION  TO DISQUALIFY COUNSEL - DENIED
        DEFENDANTS MOTION TO PARTICIPATE WITH COUNSEL - DENIED
        CONCLUSION-DEFENDANTS MOTION TO DISMISS THE INDICTMENT FOR
        UNNECESSARY DELAY IS DENIED.
  40    10/18/2005
        DEFENDANT'S LETTER TO JUDGE YIOUNG FILED
        RE:
  41    10/19/2005
        DEFENDANT'S LETTER TO JUDGE YOUNG FILED
        RE: ASK THAT THIS HONORABLE COURT GRANT THE MOTION TO DISMISS THE
        INDICTMENT WITH PREJUDICE BY AND THROUGH THE ATTORNEY GENERAL'S
        OFFICE.
  42    10/26/2005
        COPY OF DOCKET REQUESTED AND SENT.

                 *** END OF DOCKET LISTING AS OF  10/26/2005 ***
                     PRINTED BY: CSCJBE2
```

A-33

IN THE SUPREME COURT OF THE STATE OF DELAWARE

419 , 2005

PRO SE                          IN THE MATTER OF THE PETITION OF
(SCI - #229328)                 DWIGHT W.H. PERKINS FOR A WRIT OF
                                MANDAMUS.

L. C. MEYERS

 DF $ 00.00

 2005

1    Sep  09       Petition for Writ of Mandamus by petitioner (no service
                   shown) (copies to Judge Vaughn, Loren Meyers, Esq.,
                   Prothonotary, Kent County) (afb).

A-34

IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN   THE   MATTER   OF   DWIGHT   §    No. 419, 2005
PERKINS                           §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §
                                  §

The following docket entry has been made in the above cause.


#3    Sept. 19.      Memo dated 9/19/05 from Justice Ridgely,
                     noting his disqualification in the cases.
                     Parties notified.


cc:  Mr. Dwight Perkins
     Loren C. Meyers, Esquire


Date: September 19, 2005          _____
                                  Lisa A. Semans
                                  Senior Court Clerk


A-35

## SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

September 26, 2005

#7
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Mr. Dwight Perkins
SBI # 00229328
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE  19947

      RE:   ***In the Matter of Dwight Perkins***,
             No. 419, 2005

Dear Mr. Perkins:

The Court acknowledges receipt of your letter dated September 22, 2005, inquiring as to why Justice Ridgely has disqualified himself in all the above cases.  Please be advised that it is the policy of the Court not to disclose the reason for disqualification to the parties.

Very truly yours,

/eas

cc:  Loren C. Meyers, Esquire
      (with copy of Mr. Perkins' letter)

A-36

IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE PETITION     §
OF DWIGHT W. PERKINS              §    No. 419, 2005
FOR A WRIT OF MANDAMUS           §

Submitted:   September 26, 2005
Decided:     November 9, 2005

Before **STEELE**, Chief Justice, **JACOBS**, and **RIDGELY**, Justices.

### O R D E R

This 9th day of November 2005, upon consideration of Dwight Perkins' petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1)    Perkins filed a petition requesting this Court to issue an extraordinary writ of mandamus directed to the Superior Court. Perkins asks that the Superior Court be directed to address three motions he filed pro se in a criminal proceeding pending before that court.

(2)    A review of the Superior Court docket in Perkins' case reflects that the Superior Court denied all three of Perkins' motions on October 18, 2005. Accordingly, Perkins' petition for a writ of mandamus is moot.

NOW, THEREFORE, IT IS ORDERED that Perkins' petition for a writ of mandamus is DISMISSED.

BY THE COURT:

_____
Justice

A 37

THE HONORABLE JUDGE ROBERT YOUNG

THE JUDGE'S CHAMBERS SUPERIOR COURT

38 THE GREEN

DOVER, DE. 19901

DWIGHT W. R. PERKINS JR.

SUSSEX CORRECTIONAL INSTITUTION

P.O. BOX 500

GEORGETOWN, DE. 19947

November 28, 2005

RE: STATE V. PERKINS ID.#0407018106

DEAR JUDGE YOUNG:

Your Honor, on or about Nov. 7th, 2005, you granted me pro se status and you put Kathleen Amalfitano on standby and as 2nd chair throughout my trial. However your Honor, I feel the need to address this decision because it would be a violation of my 6th and 14th amendment. Maybe I didn't articulate my argument in the motion to disqualify all that well. But your Honor, I have serious issues with Ms. Amalfitano and I didn't feel comfortable with her representation from the beginning and I'm definately not comfortable even with her as a standby.

The issues I have with Ms. Amalfitano consists of more than a conflict of interest, and I understand that ineffectiveness of counsel can be addressed on appeal and that I can not claim ineffectiveness of counsel because as you pointed out she filed a Rule 16, a motion to severe, and a motion to suppress. But your honor, by Ms. Amalfitano's own admission that she would not be prepared for trial even though she's had my case for 9½ months. How am I suppose to trust or defend myself or depend on someone who on May 27, 2005, during a video conference made the remark that I was guilty, that I deserved to do time, and that she intended to do nothing to defend my "black ass." Then on May 31, 2005 Ms. Amalfitano attempted to force me to take a plea agreement offered by the state, after my telling her that I was going to trial and asked her to do her job, and stating that at worse I was convicted I'd address it on my appeal. Ms. Amalfitano became angry and told me she wasn't filing any motions and that my appeal would die in the Supreme Court. She gathered her files and stormed out of the cubicle, returned briefly to ask if my suit could be brought to her office on the day we were first scheduled for trial which was June 6, 2005. However, she returned a short time later on May 31, 2005 with a gentleman who introduced himself as Ms. Amalfitano's supervisor, and he began to try to convince me that I had to take the plea and even went as far as to

A-30

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DWIGHT H. PERKINS, | § | |
| | § | |
| Defendant Below- | § | No. 560, 2005 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 0407018106 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: November 14, 2005
Decided: November 22 , 2005

Before **STEELE**, Chief Justice, **HOLLAND**, and **BERGER**, Justices.

### O R D E R

This 22nd day of November 2005, it appears to the Court that:

(1)    On November 14, 2005, the defendant, Dwight H. Perkins, filed a *pro* se notice of appeal, purporting to appeal from a decision of the Superior Court, dated October 18, 2005, which denied Perkins' Motion to Dismiss Indictment, Motion to Disqualify Counsel and Motion to Participate with Counsel.

(2)    Under the Delaware Constitution, only a final judgment may be reviewed by this Court in a criminal case.[*] The Superior Court reflects that

---

[*] DEL. CONST. ART. IV, § 11(1)(b).

A-39

## SUPREME COURT OF DELAWARE

#13

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

December 6, 2005

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Lisa Lowman
Prothonotary
Kent County Courthouse
Dover, DE 19901

     RE:   *In the Matter of Dwight Perkins*, No. 419, 2005

Dear Prothonotary:

     The Court is recalling the certified Order dated November 9, 2005 in the above captioned matter issued November 29, 2005.  Please return the certified Order no later than **December 16, 2005.**

                              Very truly yours,

/eas

cc:   John R. Williams, Esquire
      Mr. Dwight Perkins

EX A 40

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Delaware | |
|---|---|---|
| Name DWIGHT W.H. PERKINS, JR. | Prisoner No. 229328 | Case No. |

Place of Confinement

Sussex Correctional Institution

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| DWIGHT W.H. PERKINS, JR | V.   Richard Kearney, Warden |

The Attorney General of the State of:   Delaware

## PETITION

1. Name and location of court which entered the judgment of conviction under attack _THE KENT COUNTY SUPERIOR COURT, DOVER, DELAWARE (HEARING MOTIONS)_

2. Date of judgement of conviction _N/A_

3. Length of sentence _N/A_

4. Nature of offense involved (all counts) _Robbery 1ST, Possession OF A FIREARM DURING THE COMMISSION OF A FELONY, AND POSSESSION OF A DEADLY WEAPON BY A PERSON PROHIBITED. (PENDING)_

5. What was your plea? (Check one)

   (a) Not guilty ☑

   (b) Guilty ☐

   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)

   (a) Jury ☑

   (b) Judge only ☐

7. Did you testify at the trial?

   Yes ☐   No ☐   _N/A_

8. Did you appeal from the judgement of conviction?

   Yes ☐   No ☐   _N/A_

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _SUPREME COURT OF DELAWARE_

   (b) Result _AFFIRMED THE SUPERIOR COURT'S DECISION BY Dismissal_

   (c) Date of result and citation, if known _NOVEMBER 22, 2005 CASE No. # 560, 2005_

   (d) Grounds raised _THE SUPERIOR COURT ERRORED IN NOT GRANTING THE MOTION_

   _TO DISMISS INDICTMENT, MOTION TO DISQUALIFY COUNSEL, AND MOTION TO PARTICIPATE._

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court _____

      (2) Result _____

      _____

      (3) Date of result and citation, if known _____

      (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

      (1) Name of court _____

      (2) Result _____

      _____

      (3) Date of result and citation, if known _____

      (4) Grounds raised _____

   _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court _SUPERIOR COURT KENT COUNTY_

      (2) Nature of proceeding _Filed MOTION TO DISMISS INDICTMENT, MOTION TO DISQUALIFY_

      _COUNSEL, AND MOTION TO PARTICIPATE WITH COUNSEL IN THE DEFENSE_

      (3) Grounds raised _INEFFECTIVE ASSISTANCE OF COUNSEL, PROSECUTOR MISCONDUCT,_

      _TRIAL COURT ERROR FOR NOT ALLOWING PARTICIPATION WITH COUNSEL._

AO 241  (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes☑  No☐

(5) Result  _MOTIONS WERE DENIED_ _____

(6) Date of result  _OCTOBER 18, 2005_ _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

(4) Did you receive any evidentiary hearing on your petition, application or motion?
Yes☐  No☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.    Yes☑  No☐
(2) Second petition, etc.   Yes☑  No☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State _concisely_ every ground on which you claim that you are being held unlawfully. Summarize _briefly_ the _facts_ supporting each ground. If necessary, you may attach pages stating additional grounds and _facts_ supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _SUPREME COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR UNNECESSARY DELAY_

Supporting FACTS (state *briefly* without citing cases or law) _Supreme Court's Decision To Deny Petitioner's Appeal on Trial Court Error in Denying Petitioner's Motion To Dismiss The Indictment For Unnecessary Delay. (A-C) were Not A Violation of His 14TH Amendment, But Also Deprived The Petitioner Equal Protection of The Law. (SEE: BRIEF IN SUPPORT ATTACHED)_

B. Ground two: _THE SUPREME COURT ABUSED ITS DISCRETION IN DENYING THE DEFENDANTS APPEAL on THE SUPERIOR COURT'S DENIAL of PETITIONERS MOTION TO DISQUALIFY COUNSEL._

Supporting FACTS (state *briefly* without citing cases or law) _Supreme Abused its Discretion in Denying The Petitioner's Appeal Based on Ineffective Counsel And The Lack of The Superior Court's Abilities To Address The Defendants motion For Dismissal of Counsel. (A(a)-(g); B(g)) Through The Supreme Court's Decision To Deny without An Order of Affidavit From Counsel And Lower Court. The Petitioner's Constitutional Rights were So Violated That Dismissal of all Charges Can Rectify The Abuse. (SEE: BRIEF IN SUPPORT ATTACHED)_

(5)

AO 241 (Rev. 5/85)

C. Ground three: _THE SUPREME ABUSED ITS DISCRETION WHEN THEY DENIED_
_PETITIONER'S WRIT OF MANDAMUS._

Supporting FACTS (state *briefly* without citing cases or law) _SUPREME COURT VIOLATED THE_
_DEFENDANT'S FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS (SEE ARGUMENT_
_I, A-C IN BRIEF OF SUPPORT ATTACHED._

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of these grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgement under attack?
Yes☐   No☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing _LOYD SMIOTT  PUBLIC DEFENDER'S OFFICE_

(b) At arraignment and plea _KATHLEEN AMALFITANO  PUBLIC DEFENDER'S OFFICE_

(6)

AO 241 (Rev. 5/85)

(c) At trial _N/A_____

(d) At sentencing _N/A_____

(e) On appeal _N/A_____

(f) In any post-conviction proceeding _PRO-SE , DWIGHT W. H. PERKINS JR. SUSSEX CORRECTIONAL INSTITUTION P.O. BOX 500 GEORGETOWN, De 19947_

(g) On appeal from any adverse ruling in a post-conviction proceeding _PRO-SE DWIGHT W. H. PERKINS SR S.C.I, P.O. BOX 500 GEORGETOWN, De 19947_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes☐   No☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes☐   No☑

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes☐   No☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Dwight Perkins Jr_____
Signature of Attorney (if any)

I declare under penalty of perjury that the fore going is true and correct.  Executed on

_12/20/05_____
(date)

_Dwight W. N. Perkins Jr_____
Signature of Petitioner

(7)