PART 1

UNITED STATES DISTRICT COURT

THE DISTRICT OF DELAWARE

☐ ORIGINAL

DWIGHT W. H. PERKINS, JR.

    PETITIONER,

VS.

                                       CASE NO.# 0 5 - 8 8 3

RICHARD KEARNEY, WARDEN

STATE OF DELAWARE,

    RESPONDENT.

FILED

DEC 22 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM OF LAW AND BRIEF IN SUPPORT

OF WRIT OF HABEAS CORPUS MOTION

PURSUANT TO 28 U.S.C.§ 2254

APPELLANT'S OPENING BRIEF FOR

WRIT OF HABEAS CORPUS MOTION

*Dwight W. H. Perkins Jr.*

DWIGHT W. H. PERKINS, JR.

PRO-SE

SUSSEX CORRECTIONAL INSTITUTION

P.O. BOX 500

GEORGETOWN, DELAWARE. 19947

DATE:  12-20-05

## TABLE OF CONTENTS

|  | PG. |
|---|---|
| TABLE OF CONTENTS | I |
| TABLE OF CITATIONS | II, III |
| NATURE AND STAGES OF PROCEEDINGS | IV, V, VI |
| SUMMARY OF ARGUMENTS | VII VIII, IX |
| STATEMENT OF FACTS | X |
| I ARGUMENT | PG. 1 |
| II | PG. 4 |
| III | PG. 9 |
| CONCLUSION | PG. 13 |

APPENDIX

## TABLE OF CITATIONS

| CASE | STATE CITES | PG. |
|---|---|---|
| MC. ELROY V. STATE | 561 A. 2d 154, 155, 156 (DEL. 1989) | 10 |
| WILLIS V. STATE | 2001 W.L. 789667 (DEL. SUPER) | 10 |

| CASE | FEDERAL CITES | PG. |
|---|---|---|
| CLYMER V. U.S. | 25 F. 3d 824, 831-833 (9TH CIR. 1984) | 13 |
| CRANE V. U.S. | 776 F. 2d 600, 603-606 (6TH CIR. 1985) | 12 |
| KELLY V. UNITED STATES | 790 F. 2d 130 (D.C. CIR. 1986) | 7 |
| LORD V. WOOD | 184 F. 3d 1083 (9TH CIR. 1994) | 5 |
| RAMIREZ V. U.S. | 973 F. 2d 36, 39 (1ST CIR. 1992) | 13 |
| RODRIQUES-FRANCO V. U.S. | 749 F. 2d 1555, 1559 (1ST CIR. 1985) | 11 |
| RUSSO V. U.S. | 741 F. 2d 1268 (11TH CIR. 1984) | 13 |
| STAULA V. U.S. | 80 F. 3d 596, 600 (1ST CIR.) | 12 |
| TOOTLE V. U.S. | 65 F. 3d 381-383 (4TH CIR.) | 12 |

| CASE | U.S. CITES | PG. |
|---|---|---|
| ABNEY V. UNITED STATES | 431 U.S. 651, 975 LT. 2034, 52 LED 2d 651 (1977) | 3 |
| BARKER V. WINGO | 407 U.S. 514, 521-22 (1972) | 11 |
| COOPER & LYBRAND V. LIVESAY | 457 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed. 2d 351 (1978) | 3 |
| DOGGETT V. U.S. | 505 U.S. 647, 651-52 (1992) | 11 |
| GOVEIA V. U.S | 407 U.S. 180, 192 (1984) | 10 |
| MARION V. UNITED STATES | 404 U.S. 307, 324, 92 S.CT. 455, 30 L.Ed. 2d 468 (1971) | 10 |
| STRICKLAND V. WASHINGTON | 446 U.S. 688, 104 S.Ct. 2052, 2064, 80 L.Ed 674 (1984) | 5 |

| CONSTITUTIONAL AUTHORITY | | PG. |
|---|---|---|
| 5TH AMENDMENT | U.S. CONSTITUTION | 11 |
| 6TH AMENDMENT | U.S. CONSTITUTION | VIII, 4, 5, 6, 7, 9, 11 |

## CONSTITUTIONAL AUTHORITY'S (CONT.)

|  |  | Pg. |
|---|---|---|
| 8TH AMENDMENT | U.S. CONSTITUTION | IX, 2, 5, 19, 12 |
| 14TH AMENDMENT | U.S. CONSTITUTION | IX, 2, 5, 19, 12 |

### RULES

|  |  | Pg. |
|---|---|---|
| RULE 1.2 | PROFESSIONAL CONDUCT RULES | 4 |
| RULE 1.3 | PROFESSIONAL CONDUCT RULES | 5 |
| RULE 12 | SUPERIOR COURT CRIMINAL RULES | IX, VIII, 7 |
| RULE 48(b) | SUPERIOR COURT CRIMINAL RULES | 10, 11 |
| RULE 6 | SUPREME COURT RULES | V, X |
| RULE 29(c) | SUPREME COURT RULES | V, X |
| § 3161(c)(1) | 18 U.S.C. | 12 |
| § 3161(h) | 18 U.S.C. | 12 |
| § 3161(h)(8)(c) | 18 U.S.C. | 12 |
| SECTION 5 | SUPERIOR COURT CRIMINAL ADMINISTRATIVE ORDER | 11 |
| SECTION 18 | SUPERIOR COURT CRIMINAL ADMINISTRATIVE ORDER | 11 |

## NATURE AND STAGES OF PROCEEDINGS

Petitioner was arrested on December 1, 2004 for a Robbery 1st, Possession of a Firearm during the Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited in connection with a Robbery of the Super 8 Motel in Milford, DE. on July 21, 2004.

Petitioner was domiciled in Endicott, New York where he was arrested by the U.S. Marshal's service. He was extradited back to Delaware on December 9, 2004 where he was taken before a magistrate. Bail was set and petitioner was taken and committed to the Department of Corrections on December 17, 2004. Petitioner was then taken before the Kent County Courthouse for a preliminary hearing. Petitioner was advised to waive his preliminary hearing by the Public Defender's office who was assigned to represent him.

Petitioner was taken before the Kent County Superior Court before the Honorable Judge James T. Vaughn for a violation of probation on January 7, 2005 who sentenced the petitioner to 30 months level 5 incarceration which was an enhanced sentence that was based off the alleged Robbery and weapons charges from July 21, 2004.

Petitioner filed **Indicted** (88) days after being arrested and formally charged. The indictment came down on March 7, 2005 from the Grand Jury. Petitioner was arraigned on March 17, 2005.

Petitioner filed a motion to disqualify counsel, on March 22, 2005, due to the fact that counsel refused to file certain motions requested on behalf of the petitioner.

Petitioner filed a motion to participate with counsel in defense and requested permission to file Pro-Se motions to reserve his rights pursuant to Supr. Ct. Cr. R. R? on June 1, 2005.

Petitioner's trial date was continued by request of the state due to the unavailibility of the state's witness. Trial was continued

from June 6th, 2005 until June 7th, 2005. Trial was again continued due to the lack of Judges until July 19, 2005.

Petitioner filed a Pro-Se motion to dismiss the indictment for unnecessary delay on July 5, 2005.

Petitioner's trial date for July 19, 2005 was continued again for the lack of judges by the state. Trial was rescheduled for September 19, 2005.

Petitioner wrote to the Trial Court opposing any more continuances and demanded a Speedy Trial on July 25, 2005.

Petitioner filed a Writ of Mandamus with the Supreme Court of the State of Delaware in reference to the 3 Pro-Se motions before the Superior Court on September 9, 2005. Copies were forwarded to Superior Court by the Supreme Court.

Petitioner received a docket sheet on September 9, 2005 — stating that Justice Ridgely disqualified himself from the case.

Petitioner was brought before the Superior Court of Kent County before the Honorable Judge Robert Young on September 14, 2005. A hearing was scheduled to hear petitioner's 3 Pro-se motions on September 26, 2005. Petitioner presented the 3 Pro-se motions to the Honorable Judge Robert Young on September 26, 2005.

Petitioner's 3 Pro-se motions were denied on October 18, 2005 by the Honorable Judge Robert Young.

Petitioner's Mandamus was dismissed on November 9, 2005 by Justice Ridgely who disqualified himself from the case as moot.

Petitioner appealed the Honorable Judge Robert Young's denial of his 3 Pro-se motions to the Supreme Court on November 14, 2005.

Petitioner's appeal was dismissed pursuant to Supreme Court Rules 6 and 29(c) sua sponte by the Supreme Court on November 22, 2005.

Petitioner wrote to the Supreme Court on November 29, 2005 requesting to know why Justice Ridgely made a decision on the