mandamus after disqualifying himself.

Petitioner received a letter from the Supreme Court directed to Superior Court on December 6, 2005 recalling the certified order dated November 9, 2005.

Case 1:05-cv-00883-SLR    Document 4-2    Filed 12/22/2005    Page 1 of 6

# SUMMARY OF ARGUMENTS
## ARGUMENT I

I. The Supreme Court errored in dismissing Petitioner's Writ of Mandamus.

A) Supreme Court committed error in sending the 3 Pro-Se motions back down to Superior Court to correct their abuse of discretion in ignoring petitioner's motions without accepting Jurisdiction and ordering the Superior Court to address — Petitioner's Pro-Se motions.

B) Supreme Court committed error when Justice Ridgely Abused his discretion by making a ruling on a case he disqualified himself from.

C) Supreme Court committed error when they denied petitioner the right to Due Process of the Law.

## SUMMARY OF ARGUMENTS
## ARGUMENT II

II. A) The Superior Court abused its discretion when denying petitioner's motion to disqualify counsel: Denying the petitioner's 6TH amendment right to effective assistance of counsel and the right to conflict free representation.

    a) Defense counsel refused to file certain motions on behalf of the petitioner.

    b) Defense counsel told defendant that his "Black Ass" would be found guilty and that his appeal would die in the Supreme Court.

    c) Defense counsel violated petitioner's 6TH amendment right when she discussed confidential information about trial preperation and defense strategy with the prosecution.

    D) Defense counsel admitted on the record at the September 14, 2005 hearing that a total lack of communication existed between her and the petitioner and had prevented her from preparing an adequate defense over a 9½ month period of time that she had been assigned to this case.

    B) The Superior Court committed error in denying petitioner's request to participate with counsel in defense:

    a) Defendant requested permission to file Pro-Se motions on his behalf to preserve his rights to appealibility issue's pursuant to Supr. Ct. Cr. R. 12.

## SUMMARY OF ARGUMENTS
### ARGUMENT III

IX

III. Superior Court committed error in denying petitioner's motion to dismiss the indictment for unnecessary delay:

a) Petitioner was not indicted until (88) days after formally charged and detained. The state intentionally delayed the indictment the (30) day initial period awaiting the U.S. Marshal's report. The state offered no explaination as to why the petitioner was indicted the month of Febuary 2005, or why they waited until the (88th) day, which was March 7, 2005. If the Grand Jury meets the 1st Wednesday of the month the indictment should have been docketed March 2, 2005. Yet petitioner's indictment is docketed March 7, 2005.

b) The state delayed trial for (285) days which violates petitioner's 6th amendment right to a Speedy Trial.

c) Petitioner has been detained for more than (365) days and still hasn't been tried violating the speedy trial act time limit and the petitioner's 8th and 14th amendment rights to equal protection of the law and his right to Due Process of the law.

## STATEMENT OF FACTS

Petitioner was arrested and charged for a Robbery 1st, Possession of a Firearm during commission of a felony: and a Possession of a Weapon by a person Prohibited on December 1, 2004.

Petitioner filed a Motion to Disqualify Counsel on March 22, 2005 in the Kent County Superior Court of the State of Delaware.

Petitioner filed a Motion to Participate with counsel on June 1, 2005 in the Kent County Superior Court of the State of Delaware.

Petitioner filed a Motion to Dismiss the Indictment for unnecessary delay in the Kent County Superior Court of the State of Delaware on July 5, 2005.

Petitioner filed a Writ of Mandamus in the Supreme Court of the State of Delaware on September 9, 2005.

Petitioner presented the 3 Pro-se Motions in the Superior Court of the State of Delaware before Honorable Judge Robert Young on September 26, 2005.

The Superior Court denied petitioner's 3 Pro-se Motions on October 18, 2005.

Petitioner's Mandamus was dismissed as moot on November 9, 2005 by Justice Ridgely of the Supreme Court of the State of Delaware.

Petitioner appealed the denial of his Pro-Se Motions in the Supreme Court on November 14, 2005. Petitioner's appeal was dismissed sua sponte pursuant to Supreme Court Rule 6 and 29 (c) on November 22, 2005.

Petitioner wrote to the Supreme Court requesting to know why Justice Ridgely made a decision on his mandamus after disqualifying himself.

Petitioner received a letter from the Supreme Court directed to Superior Court on December 6, 2005 recalling the certified order dated November 9, 2005.

# ARGUMENT I

I. The Supreme Court errored in dismissing Petitioner's Writ of Mandamus:

A) Supreme Court committed error in sending the (3) Pro-Se motions back down to Superior Court to correct their abuse of discretion in ignoring petitioner's motions without accepting jurisdiction and ordering the Superior Court to address petitioner's Pro-Se motions.

B) Supreme Court committed error when Justice Ridgely abused his discretion by making a ruling on a case he disqualified himself from.

C) Supreme Court committed error when they denied Petitioner the right to Due Process of the Law.

A) Supreme Court committed error in sending the (3) Pro-Se motions back down to Superior Court to correct when the matter should have been remanded to the Superior Court to obtain trial court's response to Mandamus.

Once Superior Court's response had been reviewed it should have been determined by the discretion of the Supreme Court whether a hearing was desirable; and if the hearing was determined to be desirable then the Supreme Court in and by it's authority should have set a date to clarify issues presented, as well as stopped all proceedings against defendant. Even appoint counsel to defendant if it was necessary.

Underneath the United States Constitution, the Delaware Constitution and Rules if a court is blinded to the violations and misrepresentation of an indigent defendant and is notified of these violations and hinderances to the defendant, yet fails to rectify those issues, it now would fall to the Supreme Court to step in and rectify the issues violated. Thereby holding to the integrity of the Court and defendant's U.S. Constitutional Rights.

B) Supreme Court committed error when Justice Ridgely abused his discretion by making a ruling on a case he disqualified himself from

The Supreme Court abused it's discretion in making a ruling on defendants writ of mandamus as it was that Judge Ridgely disqualified himself from