the defendant's case earlier. [See Ex A1] Yet when the actual Mandamus was ruled upon Justice Ridgely made an opinion on this motion. Securing the order by his signature on the decision. [See Ex. A2, A3]

Once Justice Ridgely disqualified himself from the case he no longer had any legal holds to the case. So when Judge Ridgely rendered the order dismissing the mandamus it violated the Petitioner's 8th and 14th Amendments of the U.S. Constitution to Equal Protection of the Law and Due Process of Law. This is a grave matter as it shows that the Judicial system is flawed in its concepts of Due Process and Equal Protection by Law.

The Supreme Court was involved in Judge Ridgely's case load. All Justices have to log in which cases they are presiding over as well as when a Justice disqualifies himself from a case. It is put on record and docketed in the Prothonotaries' office.

Therefore, when the Supreme Court allowed, directed or performed duties with a closed eye concept to this case — they not only violated the defendants rights under the U.S. Constitution and the Delaware Constitution and laws. But when the Supreme Court acted with a cruel and indifferent attitude towards the defendants respectable life. It is the duty of the Supreme Court to serve and protect the innocent. The Supreme Court did none of this in my case. The Supreme Court decided to disregard the defendant's rights and send him to trial without adequate and competent counsel, and knowledge. Most importantly, a fair opportunity to go to trial and prove the defendant's innocence.

c) Supreme Court committed error when they denied Petitioner the right to Due Process of Law.

The Supreme Court abused it's discretion in denying defendant the right to due process of law and court proceedings, when the Supreme Court ordered that they could not step in to afford the Petitioner the same equal protection of law as all persons of U.S. citizenship receives

When a conflict arises between a defendant and the court it is the duty of that court to address the situation as events unfold and that court still has not properly addressed those issues as but to see them at face value. It is the duty of the Supreme Court to step in and correct these mistakes. Although it is stated time and time again that if a defendant does not show, bring, or attempt to notify the Supreme Court of these violations that they can be held accountable. In this case the Supreme Court was not only notified, but the defendant appealed to them from the despair and cruel violation of his U.S. constitutional rights by the Superior Court. These violations can no longer go without notice as seeing that the Delaware Court's system is at present trying to deny and cover up there direct injustices to the Defendant.

The Supreme Court abused its discretion in denying petitioner's motion for Writ of Mandamus for the fact that the petitioner was filing Pro-Se and under stipulation of the Court that a Pro-se litigant is to receive a wider degree of expectation and performance. Therefore, the Court should have treated the petitioner's motion of Mandamus as an interlocutory appeal. Cooper & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978) See also ABNEY v. UNITED STATES, 431 U.S. 651, 97 S.Ct. 2034, 52 LEd 2d 651 (1977)

## ARGUMENT II

II. A) The Superior Court abused its discretion when denying petitioner's motion to disqualify counsel denying the petitioner's 6th Amendment right to the effective assistance of counsel and the right to conflict free representation.

A.) Defense counsel refused to file certain motions on behalf of the petitioner.

B.) Defense counsel told defendant that his "Black Ass" would be found guilty and that his appeal would die in the Supreme Court.

C.) Defense counsel violated petitioner's 6th Amendment right when she discussed confidential information about trial preperation and defense strategy with the prosecution.

D.) Defense counsel admitted on the record at the September 14, 2005 hearing that a total lack of communication existed between her and the petitioner and had prevented her from preparing an adequate defense over a 9 1/2 month period of time that she had been assigned to this case.

A) Defense counsel refused to file certain motions on the behalf of Petitioner. Defense counsel is in violation of Delaware Proffessional conduct rule 1.2 in that defense counsel failed to abide by the petitioner's decisions concerning the objective of representation and would not consult with the petitioner as to the means by which they were to be pursued and failed to abide by petitioner's decision to not accept the Plea Agreement from the state and to proceed to trial. Defense counsel has not acted with reasonable dilligence and promptness in representing the petitioner and failed to pursue the matter of the state delaying indictment of petitioner (88) days after being formally charged and detained on behalf of the petitioner despite the opposition, obstruction, or personal inconvience. Defense counsel is in violation of the delaware professional conduct

Rule 1.3 in that she failed to take the lawful and ethical measures required to vindicate the defendant's cause of having the indictment dismissed against the petitioner for the states failure to indict within the time specified by the laws of the State of Delaware and the laws of the United States by the U.S. constitution, through its amendments. There is no other short-coming professionally more widely represented than procrastination. The petitioner's interest have been adversly affected by the passage of time and in the change of conditions. In this instance, defense counsel's oversight of the statute of limitations in the states failure to file a timely indictment would have destroyed the petitioner's legal position. Even though defense counsel felt that the issue was not ripe, her unreasonable delay has caused the petioner needless anxiety in being prosecuted on an untimely indictment that otherwise would have been dismissed and has undermined petitioner's trustworthiness violating delaware professional conduct rule 1.3 as petitioner has been severely prejudiced by the lack of effective representation, and has been denied the constitutional rights guarenteed by the 6th, 8th, and 14th, amendments resulting in a violation of due process of law and the equal protection of the law as well.

Defense counsel has a duty under the 6th amendment to be effective and perform all duties as to avenues of relief. So when defense counsel in this case refused to file petitioner's motion to dismiss the indictment to preserve or even pursue the issue for appeal, defense counsel is found in violation of the petitioner's constitutional rights. LORD V. WOOD, 184, F.3d 1083, (9th Cir. 1994); See also STRICKLAND V. WASHINGTON, 446, U.S. 668, 104 S Ct. 2052, 2064, 80 L Ed 674 (1984) [SEE EX A 4]

B.) Defense counsel told defendant his "BLACK ASS" would be found guilty and

that his appeal would die in Supreme Court.

Defense counsel's performance fell below the objective standard when she became angry that petitioner would not take the plea offer of the state. Defense counsel's remarks were unethical and absolutely degrading. This display of unprofessional conduct can not be tolerated, and the racial remarks are bias and discriminatory. There is definately a conflict of interest in this case. There is no way counsel can provide adequate or effective counsel in the petitioner's case which lead to the petitioner firing defense counsel and proceeding Pro-Se after the Superior Court failed to grant petitioner relief.

C.) Defense counsel violated petitioner's 6th amendment right's — when she discussed confidential information about trial preperation and defense strategy with the prosecution.

Petitioner met with defense counsel on July 19, 2005 at a final case review and discussed his case. Defense counsel tried to convince petitioner that the state intended to use his Probation Officer and the violation of probation at trial. Petitioner brought up the fact that the use of probation issues or probation officer at trial would be prejudicial and would result in Prosecutorial Misconduct and a Mistrial. Petitioner returned to the Sussex Correctional Institution and after thinking about it further decided to write defense counsel to request that she file a motion to suppress any issues pertaining to probation or the use of the probation officer at trial. [SEE EX A. 5]

Petitioner received a motion of limine dated July 22, 2005 in which the prosecution sought to introduce the exact issues discussed between her and the petitioner 3 days prior. [SEE EX A 6]

Pursuant to the 2 prong test of the appellant courts to determine whether a defendant's 6th amendment right to counsel is violated number (3) stipulates a defendants rights are violated when the pro-

secution received otherwise confidential information as a result of the intrusion, with the showing of prejudice constitutes a violation of the 6th amendment right to counsel. <u>United States v. Kelly</u>, 790 F.2d 130 (D.C. Cir 1986)

D.) Defense counsel admitted on the record at the September 14, 2005 hearing that a total lack of communication existed between her and the petitioner and had prevented her from preparing an adequate defense over a 9 1/2 month period of time that she had been assigned to this case.

Petitioner constantly wrote to defense counsel requesting her to file motions on his behalf and requested information as to the status of his case and defense counsel would not respond. When defense counsel did respond she gave petitioner inaccurate information and refused to file the motions he requested on May 27, 2005 petitioner had a video conference with defense counsel at which time she became angry and made the racially biased remark of his "Black Ass" would be found guilty. Petitioner met with defense counsel again in person at the Case Review on May 31, 2005 and again defense counsel became angry that defendant would not agree to take the plea offer of the state. Defense counsel tried to deter petitioner to accept the plea stating she did not intend to file any motions she'd be called to the floor on later. Petitioner requested that defense counsel file his motions to reserve his rights for Appeal when defense counsel refused again and she stated that petitioner's appeal would die in Supreme Court. Petitioner had no confidence nor trust in defense counsel due to the fact that her racially biased comment and that she sought no relief other than trying to obtain a Plea Bargain for the State. Petitioner could not communicate with defense counsel and sought means to disqualify her.

B.) The Superior Court committed error in denying petitioner's request to preserve his right to participate with defense counsel:

A.) Defendant requested permission to file pro-se motions on his own behalf to preserve his rights to appealibility issues pursuant to Super. Ct. Rule 12.