pg.8

Petitioner requested that defense counsel file certain motion that were classified as pretrial motions. Pursuant to the rule not filing these motions before trial constituted a waiver of these issues after trial. Petitioner sought to preserve his own rights to appealable issues through his Pro-Se motions.

## ARGUMENT III

III. Superior Court committed error in denying Petitioner's motion to dismiss the indictment for unnecessary delay:

A) Petitioner was not indicted until (88) days after being formally charged and detained. The state intentionally delayed the indictment durning the (30) day initial period awaiting the U.S. Marshal's report. The state offered no explaination as to why the petitioner was not indicted the month of Febuary 2005, or why they waited until the (88th) day which was March 7, 2005. If the Grand Jury meets the 1st wednesday of the month, the indictment should have been docketed March 2, 2005. Yet petitioner's indictment is docketed March 7, 2005.

B) The state delayed trial for (285) days which violates petitioner's 6th amendment right to a speedy trial.

c) Petitioner has been detained for more than (365) days and still hasn't been tried violating the Speedy Trial Act time limit and the petitioner's 8th and 14th Amendment rights to equal protection of the law and his right to Due Process of the law.

A) Petitioner was not indicted until (88) days after being formally charged and detained. The state intentionally delayed the indictment durning the (30) day initial period in January 2005, awaiting the U.S. Marshal's report. The state offered no explaination as to why the petitioner was not indicted the month of Febuary 2005, or why they waited until the (88th) day which was March 7, 2005. If the Grand Jury meets the 1st wednesday of the month the indictment should have been docketed March 2, 2005. Yet petitioner's Indictment is docketed March 7, 2005.

Petitioner argues where statute of limitations in filing the indictment expired. The state intentionally delayed trial to gain a tactical advantage. Defendant prejudiced by loss of liberty due to the fact that at the time when the indictment should of been dismissed.

Defendant has been held while the state proceeded to build a case against him, and at which the time of when the proceedings should have been resolved. MARION, 404 U.S. AT 324; U.S. v. GOUVEIA, 407 U.S. 180, 192 (1984)

Pursuant to Super. Ct. Cr. R. 48(b) a criminal indictment can only be dismissed for unnecessary delay if the defendant can establish (1) the delay was caused by the prosecution; and (2) the defendant was prejudiced by the delay. STATE v MCELROY, 561 A.2d 154, 155-156 (DEL.1989) SEE Also — STATE v WILLIS, 2001 W.L. 789667 (DEL.SUPER.) Petitioner argues that the state admits to the delay in indicting petitioner [SEE Ex.A 7] offering — no explaination. Petitioner argues that Judge Robert Young abused his discretion when he denied petitioner's motion to dismiss the indictment for unnecessary delay on October 18, 2005, stating that defendant failed to prove that the state caused his indictment to be delayed as well as his trial, resulting in a failure to satisfy the first prong of the test for unnecessary delay under Rule 48(b) and that the defendant's claim of prejudice was moot. However, Judge Young stated in his opinion,"The state could have filed the indictment in January or Febuary of 2005, but waited until March 7, 2005 (88) days after defendant's arrest. The state offered no explaination for the delay, nor did they have a valid reason to delay the filing of the indictment. Judge Young further states" Although the state is responsible for delaying the filing of the indictment, the defendant has failed to establish any prejudice as a result." Petitioner argues upon admission of the prosecution at September 26, 2005 hearing on record that the state delayed the January indictment awaiting the report from the U.S. Marshal's service, and offered no explaination as to why the petitioner was not indicted in Febuary at the next Grand Jury convening, or to why petitioner was not indicted in Febuary at the grand jury and until March 7, 2005.

pg. 11

Further more If Judge Young was able to rely on the information in his October 18, 2005. he should of known that the state was at fault and the indictment should have been dismissed. Petitioner argues that his claim of prejudice was also set forth in his motion to dismiss. Not only has the petitioner received an enhanced and illegal sentence based off of charges that do not technically exist pursuant to the 5TH amendment of the U.S. constitution, which states " No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.., But the petitioner has been prejudiced also by being illegally detained on these charges that at present are founded on a faulty indictment.

   The state argues that there was no prejudice in delaying the indictment due to the fact that the petitioner was being held on violation of Probation that resulted in a (30) month Level V incarceration sentence. However, petitioner argues that pursuant to U.S. v. RODRIQUEZ-FRANCO, 749 F.2d, 1555, 1559 (11TH CIR. 1985) The 29 days the petitioner awaited the V.O.P sentence does not negate the remaining (59) days that remain unaccounted for that the state failed to indict petitioner.

   Petitioner argues that the prosecution did not file an extension with the courts to delay indicting petitioner, nor did the state dismiss the indictment pursuant to Super Ct. Cr. R. 48 (b) and reindict the — petitioner. The state blatantly denied petitioner's 5TH amendment to be indicted by a Grand Jury and held petitioner illegally while they tried to gain a tactical advantage to proceed to trial.

   The State is in violation of the U.S. Constitution, the Delaware Constitution, and laws; the administrative orders of the Superior Court mandated January 16, 199 and in violation of the Speedy Trial Act of 1974.

   B) The state delayed trial for (285) days which violates petitioner's 6TH

Amendment right to a speedy trial and;

    c) Petitioner has been detained for more than (365) days and still has not been tried violating the Speedy Trial Act time limits and the petitioner's 8th and 14th rights to Equal Protection of the law and his right to Due Process of law.

    Pursuant to BARKER v WINGO, 407 U.S. 514, 521-22 (1972); and — DOGGETT v U.S., 505 U.S. 647, 651-52 (1992). Courts generally hold that approximately 1 year is presumptively prejudicial.

    Petitioner argues that the State failed to prosecute the defendant at trial within the (180) day statue. All continuances within the 9 1/2 months that the petitioner has requested a speedy trial have been taken by the state.

    Petitioner argues that a court may not grant continuances for delays caused by general congestion of the court calender or by the prosecution's failure to prepare diligently, or obtain available witness'es. 18 U.S.C. $ 3161 (h)(8)(c). Further more, continuances based on trial Judge's absence from the country and subsequent preoccupation with another trial is not excludable, U.S v CRANE, 776 F.2d 600, 603-606 (6th CIR. 1985)

    Petitioner argues that he is entitled to the (70) day requirement that applies to the trial of the petitioner with an offense (s) and pleads not guilty 18. U.S.C. $ 3161 (c)(1); and — U.S. v TOOTLE, 65 F.3d 381-383 (4th CIR.) Petitioner is entitled to be tried within 70 days of the indictment or initial appearance, whichever occurs first. U.S. v STAULA, 80 F.3d 596, 600 (1st CIR.) In this case the petitioner was indicted (88) days after his arrest, and arranged 12 weeks after his preliminary hearing. Regardless if the defendant was held due to a violation of probation, the (70) day requirement of the Speedy trial act pursuant to 18 U.S.C. $ 3161 (h) still applies.

## CONCLUSION

① Petitioner argues that a Conflict of Interest has risen between petitioner and defense counsel and petitioner has proven that defense counsel has provided ineffective assistance of counsel. Defense counsel should be disqualified and the court should appoint him counsel from the conflict list.

② Petitioner argues that the charges must be dropped if the petitioner is not indicted within the Speedy Trials Act time limits. Similarily, if the defendant has not been brought to trial within the acts limits, the defendant may move to have the indictment or information dismissed.

③ Petitioner argues that dismissal with prejudice is proper when the delay is caused by trial courts administrative oversight even though charges are serious; courts must be detered from allowing such delays U.S. v RAMIREZ, 973 F.2d 36, 39 (1st CIR. 1992). Dismissal with prejudice is proper when seriousness of charges outweighed by governments failure to follow precedents combined with actual prejudice that restricts petitioner's liberty, and ability to prepare for trial. U.S. v CLYMER, 25 F.3d 824, 831-833 (9th CIR. 1994) Dismissal with prejudice when ignorance or negligence led to government's failure to prosecute within time allowed by act. U.S v RUSSO, 741 F.2d 1264-1268 (11th CIR. 1984)

CERTIFICATE OF PRO-SE COUNSEL

Dwight W. H. Perkins, Jr., Pro-Se hereby certifies that the statements of facts in the accompanying motion and brief are true to his knowledge, and that statements made on information and brief are true to the best of his knowledge and belief.

RESPECTFULLY SUBMITTED

Dwight W. H. Perkins Jr.

DWIGHT W. H. PERKINS, JR. PRO-SE

SUSSEX CORRECTIONAL INSTITUTION

P.O. Box 500

DATE: 12-20-05                              GEORGETOWN, DE. 19947