PART 3
EXH A1-A7

# UNITED STATES DISTRICT COURT
## THE DISTRICT OF DELAWARE

DWIGHT W.H. PERKINS, JR.
    PETITIONER,

VS.

RICHARD KEARNEY, WARDEN,

STATE OF DELAWARE,

    RESPONDENT.

CASE NO.#    05 - 883

```
FILED

DEC 22 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

## MEMORANDUM OF LAW AND BRIEF IN SUPPORT
## OF WRIT OF HABEAS CORPUS MOTION
## PURSUANT TO 28 U.S.C § 2254

## APPELLANT'S APPENDIX FOR WRIT OF
## HABEAS CORPUS MOTION

_Dwight W H Perkins Jr._

DWIGHT W.H. PERKINS, JR.

PRO-SE

SUSSEX CORRECTIONAL INSTITUTION

P.O BOX 500

GEORGETOWN, DELAWARE 19947

DATE: 12-20-05

# TABLE OF CONTENTS

|  |  | PG |
|---|---|---|
| Ex A.1 | SUPREME COURT DOCKET SHEET | 1 |
| Ex A.2 | SUPREME COURT DISMISSAL ORDER | 2 |
| Ex A.3 | LETTER FROM SUPREME COURT TO SUPERIOR COURT | 3 |
| Ex A.4 | Defense Counsel's Letter | 4 |
| Ex A.5 | LETTER FROM DEFENDANT TO COUNSEL | 5 |
|  | CONTINUATION OF LETTER FROM DEFENDANT TO COUNSEL | 6 |
|  | CONTINUATION OF LETTER FROM DEFENDANT TO COUNSEL | 7 |
| Ex A.6 | MOTION OF LIMINE | 8 |
|  | CONTINUATION OF MOTION OF LIMINE | 9 |
|  | CONTINUATION OF MOTION OF LIMINE | 10 |
|  | CONTINUATION OF MOTION OF LIMINE | 11 |
|  | CONTINUATION OF MOTION OF LIMINE | 12 |
| Ex A.7 | SUPERIOR COURT OPINION | 13 |
|  | CONTINUATION OF SUPERIOR COURT OPINION | 14 |
|  | CONTINUATION OF SUPERIOR COURT OPINION | 15 |
|  | CONTINUATION OF SUPERIOR COURT OPINION | 16 |
|  | CONTINUATION OF SUPERIOR COURT OPINION | 17 |
|  | CONTINUATION OF SUPERIOR COURT OPINION | 18 |
|  | CONTINUATION OF SUPERIOR COURT OPINION | 19 |

IN THE SUPREME COURT OF THE STATE OF DELAWARE

419 , 2005

PRO SE                        IN THE MATTER OF THE PETITION OF
(SCI - #229328)               DWIGHT W.H. PERKINS FOR A WRIT OF
                              MANDAMUS.

L. C. MEYERS

 DF $ 00.00

 2005

1    Sep   09        Petition for Writ of Mandamus by petitioner (no service
                     shown) (copies to Judge Vaughn, Loren Meyers, Esq.,
                     Prothonotary, Kent County) (afb).

A- 1

IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF DWIGHT §    No. 419, 2005
PERKINS                  §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §
                         §

The following docket entry has been made in the above cause.

#3    Sept. 19.        Memo dated 9/19/05 from Justice Ridgely,
                       noting his disqualification in the cases.
                       Parties notified.

cc: Mr. Dwight Perkins
    Loren C. Meyers, Esquire

Date: September 19, 2005              _____
                                      Lisa A. Semans
                                      Senior Court Clerk

A-1 cont.

# SUPREME COURT OF DELAWARE

CATHY L. HOWARD
*Clerk*

AUDREY F. BACINO
*Assistant Clerk*
DEBORAH L. WEBB
*Chief Deputy Clerk*
LISA A. SEMANS
*Senior Court Clerk*
DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

September 26, 2005

#7
SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

P.O. BOX 476
DOVER, DE 19903

(302) 739-4155
(302) 739-4156
(302) 739-8091

Mr. Dwight Perkins
SBI # 00229328
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

> RE:   ***In the Matter of Dwight Perkins***,
>        No. 419, 2005

Dear Mr. Perkins:

The Court acknowledges receipt of your letter dated September 22, 2005, inquiring as to why Justice Ridgely has disqualified himself in all the above cases. Please be advised that it is the policy of the Court not to disclose the reason for disqualification to the parties.

Very truly yours,

*[signature]*

/eas

cc: Loren C. Meyers, Esquire
        (with copy of Mr. Perkins' letter)

*A—1 cont.*

IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE PETITION § 
OF DWIGHT W. PERKINS § No. 419, 2005
FOR A WRIT OF MANDAMUS §

Submitted: September 26, 2005
Decided: November 9, 2005

Before **STEELE**, Chief Justice, **JACOBS**, and **RIDGELY**, Justices.

## O R D E R

This 9th day of November 2005, upon consideration of Dwight Perkins' petition for a writ of mandamus and the State's answer and motion to dismiss, it appears to the Court that:

(1) Perkins filed a petition requesting this Court to issue an extraordinary writ of mandamus directed to the Superior Court. Perkins asks that the Superior Court be directed to address three motions he filed pro se in a criminal proceeding pending before that court.

(2) A review of the Superior Court docket in Perkins' case reflects that the Superior Court denied all three of Perkins' motions on October 18, 2005. Accordingly, Perkins' petition for a writ of mandamus is moot.

NOW, THEREFORE, IT IS ORDERED that Perkins' petition for a writ of mandamus is DISMISSED.

BY THE COURT:

_____
Justice

A -2

## SUPREME COURT OF DELAWARE

#13

CATHY L. HOWARD
*Clerk*

SUPREME COURT BUILDING
55 THE GREEN
DOVER, DE 19901

AUDREY F. BACINO
*Assistant Clerk*

December 6, 2005

P.O. BOX 476
DOVER, DE 19903

DEBORAH L. WEBB
*Chief Deputy Clerk*

LISA A. SEMANS
*Senior Court Clerk*

DEBRA J. ZATLOKOVICZ
*Senior Court Clerk*

(302) 739-4155
(302) 739-4156
(302) 739-8091

Lisa Lowman
Prothonotary
Kent County Courthouse
Dover, DE  19901

RE:    *In the Matter of Dwight Perkins*, No. 419, 2005

Dear Prothonotary:

The Court is recalling the certified Order dated November 9, 2005 in the above captioned matter issued November 29, 2005.  Please return the certified Order no later than **December 16, 2005.**

Very truly yours,

/eas

cc:    John R. Williams, Esquire
        Mr. Dwight Perkins

A - 3





## PUBLIC DEFENDER OF THE STATE OF DELAWARE
### THE SYKES BUILDING, 45 THE GREEN
### DOVER, DELAWARE 19901

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

KATHLEEN K. AMALFITANO
ASSISTANT PUBLIC DEFENDER

TELEPHONE
(302) 739-4476

February 7, 2005

Dwight Perkins
SBI# 00229328
Delaware Correctional Center
1181 Smyrna Landing Road
Smyrna, DE 19977

RE: State v. Dwight Perkins ID# 0407018106

Dear Mr. Perkins:

In response to your numerous letters, it is my understanding that you are currently serving 30 months at Level V on two (2) VOP sentences. You were sentenced on your VOP's in January of 2005, therefore a bond review would be moot. With respect to the waiver of your Preliminary Hearing, Mr. Schmid gave you sound advice. The State is not required to present the defense with the police report until such time as the first witness is sworn in at your trial. With the waiver we will be presented with the police report in time for your case reviews during preparation for your trial. I will review same with you at the time of your first case review.

Your case has not been sent to the Grand Jury. Therefore, you have not been Indicted on these charges. After you have been Indicted an Arraignment will be scheduled. Since you are incarcerated your Arraignment will be conducted by Video or passed until your first case review. I will not be provided with any Discovery until after you have been Arraigned. Therefore, at this time I do not have the Indictment or the police report.

It is not prudent for me to have any investigation done until I receive the police report and have reviewed same with you. Then I will proceed accordingly.

Pursuant to your request for a Motion to Dismiss for failure to Indict. This issue is not ripe. In other words it is too soon to file such a Motion. In addition, the fact that you are incarcerated on two VOP sentences we can not show any prejudice that you suffer for the State's failure to have you Indicted.

$A - 4$

Very truly yours,

KATHLEEN K. AMALFITANO, ESQUIRE
Assistant Public Defender

KKA/ms:

A 4 cont.

THE SYKES Building

45 THE GREEN

Dover, DE 19901

Sussex Correctional Institution

P.O. Box 500

Georgetown, DE. 19947

July 21, 2005

Re: STATE v. DWIGHT PERKINS SR. ID. 0407018106

Ms. Amal Fitano;

AFTER REVEIWING THE CONTENTS OF OUR LAST CONVERSATION over The Past few days I can't understand why you would even have entertained let alone attempted to make me THINK THAT PROSECUTOR Robert Oneill is Putting Kecia WINCHESTER ON THE STAND, for one. Secondly, you mentioned THAT HIS INTENT TO show MOTIVE REVOLVED AROUND BRINGING OUT THE FACT THAT I TESTED POSITIVE FOR Drug USE, THAT I FAILED TO REPORT TO Probation ANYMORE. You really must THINK I'm STUPID. Number one, we've ALREADY Discussed THE Probation AND Prejudicial ASPECTS OF KECIA WINCHESTER TESTIFYING. I STILL DON'T AGREE with NOT ASKING HER ANY QUESTIONS ON CROSS EXAMINATION. BUT THEN AGAIN THAT'S EXACTLY WHAT YOU WERE BANKING ON. THAT I'D OBJECT AND REQUIRE YOU TO ASK A QUESTION TO OPEN THAT DOOR FOR THE PROSECUTION. NUMBER TWO THE MERE FACT OF HER TESTIFYING AT ALL IS HIGHLY PREJUDICIAL but NOW IT'S DEFINATELY IN QUESTION BECAUSE NOW HERE WE KNOW THAT Kecia + Robert Oneill hAVE WATCHED A VIDEO OF THE CRIME THAT Supposedly SHE WAS SHOWN ON THE DAY Cpl Disharoon INTERVEIWE HER. WHICH I HAVE RECORD OF IN MY TRANSCRIPT OF THE U.O.P HEARING of Jan. 7th, 2005 So why was A WITNESS Brought IN AND RESHOWN A TAPE SHE HAD ALREADY SUPPOSEDLY HAD

A-5

MADE A POSITIVE I.D. ON? AND WHY WAS SHE THIS TAPE AFTER TRIAL HAD BEEN POSTPONED? W. WASN'T I PRESENT DURING THAT VEIWING? WAS IT PERHAPS ANOTHER FORM OF IMPERMISSIBLE SUGGESTIVE I.D.? IT SURE ENOUGH MAKES IT PREJUDICAL NOW THAT YOU'VE ALLOWED HER TO BE PREPPED BY THE PROSECUTOR. SUPPRESS HER I.D. AND HER PARTICIPATION IN THE TRIAL.

NOW I TRULY HOPE THAT THE VICTIM HASN'T BEEN SHOWN THIS VIDEO, BUT THEN AGAIN HE'S HAD A COPY ALL ALONG SO I'M SURE HE'S WELL PREPARED FOR THE N COURT IDENTIFICATION YOUR SO SURE IS GOING TO BE ALLOWED. WHY NOT EVERYTHING ELSE ABOUT THIS CASE HAS BEEN VIOLATIVE OF DUE PROCESS AND OF MY CONSTITUTIONAL RIGHTS.

AGAIN I CAN'T BELIEVE YOU KEEP PLAYING THESE MIND GAMES WITH ME THE COMMENTS AS TO THE USE OF TESTING POSITIVE AND NOT REPORTING TO PROBATION ANY MORE ARE PREJUDICAL IN THEM SELVES AND FOR ONEILL TO MENTION THEM IS PROSECUTORIAL MISCONDUCT AND GROUNDS FOR A MISTRIAL. STOP PLAYING WITH MY EMOTIONS.

FILE FOR THE MOTION TO DISMISS ALL CHARGES NOW FOR LACK OF EVIDENCE. IF NOT GET OFF MY CASE. I'M DONE COOPERATING WITH YOU AND DO NOT INTEND TO COMMUNICATE WITH YOU. YOU'VE BEEN SELLING ME OUT SINCE DAY ONE. I KNOW YOU'VE SHARED INFO WITH THE PROSECUTOR THAT HAS NOTHING TO DUE WITH THE DISCOVERY REQUIREMENTS.

EX A-5 CONT

WE HAVE NOTHING ELSE TO DISCUSS AND YOU
NEED TO HAVE THE JUDGE REMOVE YOU FROM MY
CASE. I'VE DONE ALL I CAN TO RETAIN MY TEMPER
AND I'm FED UP WITH YOU. I'LL BE DAMNED IF
I'm GOING TO TRIAL WITH YOU THOUGH. DO NOT
HAVE ME BROUGHT BEFORE YOU AGAIN.

THANK YOU FOR YOUR TIME YOUR CO OPERATION
IN THIS MATTER WOULD BE GREATLY APPRECIATED

SINCERELY,

cc: DWR.

EX A 5 CONT.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

THE STATE OF DELAWARE            :

      vs.                              :        ID No. 0407018106

DWIGHT W. PERKINS, JR.           :

### *NOTICE OF MOTION*

TO:     Kathleen Amalfitano, Esquire
         Asst. Public Defender
         45 The Green
         Dover, Delaware  19901

         PLEASE TAKE NOTICE that the attached Motion in Limine in the above

captioned case will be presented to this Honorable Court as soon as counsel may be heard.

ROBERT J. O'NEILL, JR.
Deputy Attorney General
Department of Justice
102 W. Water Street
Dover, Delaware  19904

DATED:    July 22, 2005

*FILE FOR AN EVIDENTIARY HEARING*
*Suppression of Winchesters Being able to*
*Testify.*

*EX A 6*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

THE STATE OF DELAWARE          :

        vs.          :          ID NO. 0407018106

DWIGHT W. PERKINS, JR.          :

## *MOTION IN LIMINE*

NOW COMES the State of Delaware, by and through its Deputy Attorney General, Robert J. O'Neill, Jr., and moves this Honorable Court for a ruling on the Introduction of Evidence in its case in chief.

Pursuant to Rule 404(b) the state seeks to introduce evidence that the Defendant was unemployed, had recently tested positive for drugs, was seen shortly after the robbery with a wad of cash and absconded from probation after the robbery in question.

On April 21, 2004 the defendant was supervised by Kecia Winchester of the Probation Department in Kent County Delaware. The defendant has the following contact with his probation officer:

1.      April 21, 2004 – office visit.

2.      April 28, 2004 – office visit

3.      May 3, 2004 – home visit

4.      May 12, 2004 – office visit – Defendant admitted to Marijuana use and tested positive.

5.      May 18, 2004 – office visit – Defendant tested positive for drugs.

6.      May 19, 2004 – employment visit

EX A 6 cmT.

7.  May 24, 2004 – home visit

8.  May 26, 2004 – office visit

9.  June 2, 2004 – office visit

10. June 9, 2004 – office visit

11. June 16, 2004 – office visit

12. June 21, 2004 – telephone call

13. June 22, 2004 – home visit

14. June 30, 2004 – office visit

15. July 6, 2004 – office visit – no show

16. July 14, 2004 – telephone call from defendant

17. July 21, 2004 – office visit.  Defendant advised no longer employed.

On July 21, 2004 at approximately 11:00 a.m. the defendant met with his probation officer and

advised her that he was unemployed and he seemed concerned over his financial situation.  Later

that evening The Super 8 Motel in Milford was robbed by a person fitting the description of the

defendant.  The motel clerk, Mr. Patel, was able to get the license plate number of the vehicle

which was driven by the person who robbed him.  Mr. Patel immediately call 911, reported the

robbery and provided the license plate number of the Ford Explorer.  The police traced the

license plate back to the defendant.  Mr. Patel was 90% sure that the person who robbed him was

the defendant.  In a photo line-up conducted by Det. Disharoon, Mr. Patel indicated that he was

99.9% sure that the defendant was the person who robbed him.

　　　　After the robbery the defendant fled to Sussex County and met with a neighbor of his

father's named Nadel Taylor.  Mr. Taylor observed the defendant with a large wad of cash and

the defendant paid Mr. Taylor $10.00 that he owed him for a haircut.  The defendant told his

EXAG cont.

father, Mr. Dwight Perkins, Sr., that he loved him and then left. The defendant never called his

probation officer and was not located until December 1, 2004 in Endicott, New York. On that

day, U.S. Marshall Robert Rosato spotted the defendant's Ford Explorer in an area known as a

drug haven and conducted surveillance. The defendant was driving the same vehicle with the

same license plate which was registered to him and which Mr. Patel reported to the 911 operator

on July 21, 2004, the day of the robbery. The defendant was taken into custody without incident.

The State anticipates that the probation officer will identify the defendant as the person

who is depicted in the motel video tape which captured the robbery. The fact that she met with

the defendant on a number of occasions provides the basis for her identification. The fact that

the defendant had given a dirty urine within 2 months of the robbery and the fact that he was

unemployed provides motive for the robbery. Additionally, the testimony of the neighbor that

the defendant was seen with a wad of cash after the robbery is evidence of identity. Lastly, the

defendant's flight from probation is evidence of consciousness of guilt and additionally goes to

identity.

*[handwritten: Almost 1½ of his arrest no Arrest]*

*[handwritten: " IF THERE'S A VIDEO LET THE Jury Decide IF THERE'S sufficient Proof of ID"]*

The evidence in question must meet the factors set out in *Getz v. State*, 538 A.2d 726,

730 (1988). Those factors are 1) the evidence must be material to an issue or ultimate fact in

dispute, 2) the evidence must be introduced for a specifically allowable purpose, 3) the other

crimes introduced must be proven by evidence that is "plain, clear, and conclusive," 4) the other

crimes were not too remote from the crime(s) in question, 5) the probative value of the evidence

outweighs the prejudicial effect, and 6) a limiting jury instruction is given. *Id.*

Evidence that the defendant tested positive for drugs shows that he struggled with a

substance abuse issue. The probation records indicate he was in Substance Abuse Treatment.

Drug users often need money to support their habits. In this case, the defendant was unemployed

*[handwritten: Ex A 6 cont.]*

yet he was seen shortly after the robbery with a large wad of cash. The fact that he fled from probation is evidence of a guilty conscious. This evidence helps establish the identity of the robber. The evidence also meets the *Getz* factors. 1. The evidence proffered is material to establishing both motive and identity. 2. The evidence is introduced for an allowable purpose; motive and identity. 3. The drug test could be proved by "plain, clear and conclusive: evidence through the probation records. The testimony of the probation officer will establish that the defendant was unemployed on the day of the robbery. 4. The proposed evidence is not too remote in time when compared to the date of the commission of the crime. 5. The probative value of a drug problem coupled with the defendant's unemployment status outweighs the prejudicial effect to the defendant. 6. Finally, a limiting jury instruction could be given by the trial judge so that the evidence of drug use, unemployment and flight goes to show motive and identity and not that the defendant is a bad person.

ROBERT J. O'NEILL, JR.
Deputy Attorney General

DATED:      July 22, 2005

EX A 6 cont.

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | ID No: 0407018106 |
| v. | : | |
| | : | |
| DWIGHT W. PERKINS, JR., | : | |
| | : | |
| Defendant. | : | |

Submitted: September 26, 2005
Decided: October 18, 2005

Robert J. O'Neill, Jr., Deputy Attorney General, Dover, Delaware.  Attorney for the State.

Dwight W. Perkins, Jr., *Pro se.*

## *OPINION*

**Defendant's Motion to Dismiss Indictment- *DENIED***
**Defendant's Motion to Disqualify Counsel - *DENIED***
**Defendant's Motion to Participate with Counsel  - *DENIED***

Young, Judge

A- 7

*State v. Perkins*
*October 18, 2005*

violated his probation by testing positive for marijuana and cocaine in May 2004 and for failing to pay $161 in court costs and fines. On January 7, 2005, following his arrest in New York, Defendant was sentenced to thirty months at Level 5 for violating his probation. Defendant is currently serving that sentence at Sussex Correctional Center. Defendant is also being held on $58,000 cash bail for his arrest related to the Super 8 Motel robbery.

## PROCEDURAL HISTORY

The preliminary hearing in this matter was scheduled for December 17, 2004. Prior to the hearing, Defendant met with Assistant Public Defender Lloyd A. Schmid, Jr., Esquire. For tactical reasons, Mr. Schmid advised Defendant to waive the preliminary hearing. In exchange, the Attorney General's Office (hereinafter referred to as "the State") would provide Defendant's counsel with a copy of the police report. Mr. Schmid explained that the police report is not discoverable under Super. Ct. Crim. R. 16, and therefore, Defendant's counsel would not have access to the police report until the first witness was sworn at trial.

On January 29, 2005, Defendant wrote to Assistant Public Defender Kathleen Amalfitano, Esquire, who was assigned to represented him, and inquired about the progress of his case. Defendant also requested an appointment to discuss the State's evidence, including the police report. Defendant requested that Ms. Amalfitano file a motion to withdraw Defendant's waiver of the preliminary hearing, claiming that Mr. Schmid's advice to waive the hearing in exchange for the police report was inaccurate. On February 3, 2005, Defendant wrote to Ms. Amalfitano, and requested all Rule 16 discovery material be sent to him. Defendant also repeated his request for



*State v. Perkins*
*October 18, 2005*

2005, Ms. Amalfitano filed a Motion to Sever the charge of possession of a deadly weapon by a person prohibited from the charges of robbery and possession of a firearm during the commission of a felony. Defendant's Motion to Sever was denied by this Court.

Trial in this matter has been postponed three times. Trial was originally scheduled to begin on June 6, 2005, but the State was granted a continuance until the next day to accommodate the victim who had to work at the motel due to the busy NASCAR race weekend. Although the trial was continued until the next day, June 7, the trial could not go forward due to the Court's docket. The trial was rescheduled for July 19, 2005, but the trial was continued again due to the Court's busy calender. Rescheduling of the trial is pending the resolution of Defendant's present motions, at Defendant's request.

On September 14, 2005, Defendant filed, *pro se*, a Motion to Dismiss the Indictment Pursuant to Criminal Rule 48(b). Defendant argues that (1) the State violated his right to a speedy trial by postponing the trial through a series of continuances, and (2) the State failed to file an indictment within thirty days from the time of his arrest in violation of Crim. Admin. Order, Del. Super., Ridgely, P.J. (Jan. 16, 1991).

## DISCUSSION

I.    **Motion to Dismiss the Indictment Pursuant to Rule 48(b).**

Under Super. Ct. Crim. R. 48(b), an indictment may be dismissed at the discretion of the Court, if there has been "unnecessary delay in presenting the charge

5

*A - 7 cont.*

*State v. Perkins*
*October 18, 2005*

busy docket, and not by anything attributable to the prosecution.[6]

Not only must the defendant prove that the delay was caused by the prosecution, but the defendant must also demonstrate that "the delay has been found to work some definable or measurable prejudice to the defendant."[7] The recognized types of prejudice a defendant may suffer include "death or disappearance of witnesses, loss of evidence, loss of counsel, or denial of opportunity to prepare for trial."[8] The Delaware Supreme Court has also enumerated the following elements which may be prejudicial to the defendant:

> The unexplained commencement of a new prosecution long after dismissal of the same charge in another Court, anxieties suffered by defendant as a result of delay and uncertainty in duplicative prosecutions, notoriety suffered by defendant and his family as the result of repeated commencement for the prosecutions for the same offense, and expenses attendant upon a subsequent renewal of a dismissed prosecution.[9]

In *Morris*, the Court denied the defendant's claims that he was prejudiced by

---

[6]      *McElroy*, 561 A.2d at 157 (Del. 1989); *Compare State v. Willis*, 2001 WL 789667 (Del. Super.) (Five-month delay in filing an indictment against defendant was caused by the prosecution, who failed to schedule the intake in a timely manner. The Court held that scheduling the intake, which was not done until five months after the alleged offense, was within the control of the prosecution.)

[7]      *State v. Harris*, 616 A.2d 288, 291 (Del. 1992) (quoting *McElroy*, 561 A.2d at 157).

[8]      *State v. Morris*, 340 A.2d 846, 850 (Del. Super. 1975), *aff'd* 349 A.2d 748 (Del. 1975) (citing *State v. Fischer*, 285 A.2d 417 (Del. 1971)).

[9]      *Id.* at 850.

$A-7$ cont.

*State v. Perkins*
*October 18, 2005*

of the robbery, who had to work at the motel because of the busy race weekend. The last two continuances, however, were not requested by the State, but were caused by the Court's busy docket.

Because the Defendant has not satisfied the first prong of the test for unnecessary delay under Rule 48(b), Defendant's claim of prejudice is moot. Nonetheless, the Defendant did not provide any basis to support a finding of prejudice. Defendant complains that his liberty has been restrained since his arrest. Defendant's claim is not persuasive. Regardless of his arrest on the robbery charges, he remains incarcerated on a thirty-month sentence for violating probation. Defendant's Motion to Dismiss the Indictment based on the delay in bringing the case to trial is denied.

The same analysis can be used to determine whether there was an unnecessary delay in filing the indictment against the Defendant. In the Superior Court in and for Kent County, the Grand Jury is convened on the first workday of the month.[15] In this case, the State could have filed the indictment in January or February of 2005, but waited until March 7, 2005, eighty-eight (88) days after Defendant's arrest. The State offers no explanation for the delay. Therefore, the delay must be attributed to the State.

Although the State is responsible for delaying the filing of the indictment, Defendant has failed to establish that he suffered any prejudice as a result. Defendant argues that the arrest for the robbery and weapons charges contributed to the length

---

[15]     Crim. Admin. Order, Del. Super., Ridgely, P.J. (Jan. 16, 1991) at 3.

$A$-$7'$ $^9$ $_{con\tau}$

*State v. Perkins*
*October 18, 2005*

that " 'counsel's representation fell below an objective standard of reasonableness,' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' "[17]

The Court's review of the counsel's conduct "is subject to a strong presumption that the representation was "professionally reasonable."[18] In addition, the defendant "must make specific allegations of actual prejudice and substantiate them."[19]

Defendant's conclusory claims that his counsel was ineffective are not supported by any evidence that her representation was unreasonable, or that her representation affected the progress of his case. The Public Defender's advice concerning discovery of the police report was accurate. Citing *Brady v. Maryland*,[20] Defendant argues that he is entitled to discover the police report prior to trial. Therefore the Public Defender's advice to waive the preliminary hearing in exchange for the police report was incorrect. Defendant's understanding of *Brady*, however, is misinformed. In *Lovett v. State*, the Delaware Supreme Court held that "'there is no general constitutional right to discovery in a criminal case, and *Brady* did not

---

[17]     *Albury v. State*, 551 A.2d 53, 58 (Del. 1988)(quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

[18]     *Outten v. State*, 720 A.2d 547, 552 (Del. 1998)(quoting *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990)).

[19]     *Id.* (quoting *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996)).

[20]     373 U.S. 83 (1963).

$A-7$ $\overset{11}{cont}$

*State v. Perkins*
*October 18, 2005*

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss the Indictment Pursuant to Superior Court Criminal Rule 48(b) for Unnecessary Delay is DENIED. Defendant's Motion to Disqualify Counsel and Motion to Participate with Counsel are also DENIED.

_____
Judge

OC:   Prothonotary
      Counsel
      Opinion Distribution