# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DWIGHT W.H. PERKINS, JR.,   :
           :
   Petitioner,    :
           :
 v.         :  Civ. Act. No. 05-883-SLR
           :
RICHARD KEARNEY,    :
Warden, and CARL C. DANBERG, :
Attorney General for the State of Delaware, :
           :
   Respondents.   :

## ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254,

respondents state the following in response to the petition for a writ of habeas corpus:

On December 1, 2004, the petitioner, Dwight Perkins, was arrested in Endicott, New

York, and subsequently extradited to Delaware to face charges of violation of probation, first

degree robbery, possession of a firearm during the commission of a felony, and possession of a

deadly weapon by a person prohibited. After a hearing in Superior Court on January 7, 2005,

Perkins was found to have violated the terms of his probation.[1]  As a result, Perkins was

sentenced to 30 months of Level V incarceration. Perkins' violation of probation and sentence

were affirmed on appeal. *Perkins v. State*, 2005 WL 2475732 (Del. Aug. 16, 2005).  On March

7, 2005, Perkins was indicted on the robbery and related weapons charges and was held in lieu of

$58,000 cash bail.  Although represented by appointed counsel, Perkins filed *pro se* pre-trial

motions in Superior Court to disqualify counsel and to participate with counsel in his defense.

---

[1]  Superior Court sentenced Perkins for violation of probation in connection with his earlier
convictions for felony theft, misdemeanor theft, first degree robbery, and carrying a concealed
deadly weapon. *See Perkins v. State*, 2005 WL 2475732, *1 n.2 (Del. Aug. 16, 2005).

Perkins' counsel filed pre-trial motions to suppress the identification by the victim and to sever the person prohibited charge. In September 2005, Perkins filed another *pro se* motion to dismiss the indictment pursuant to Criminal Rule 48(b). A hearing was scheduled on September 26, 2005 to hear all three of Perkins' *pro se* motions. In the meantime, Perkins filed a petition for a writ of mandamus in the Delaware Supreme Court requesting the court to direct Superior Court to address his motions. After reserving decision on the motions at the hearing, Superior Court denied Perkins' three *pro se* motions in a written opinion dated October 18, 2005. *State v. Perkins*, 2005 WL3194460 (Del. Super. Ct.). Perkins appealed the October 18 decision denying his motions, but the appeal was dismissed for lack of jurisdiction. *Perkins v. State*, 2005 WL 3143309 (Del. Nov. 22, 2005). On November 9, 2005, the Delaware Supreme Court dismissed Perkins' petition for a writ of mandamus as moot. *Perkins v. State*, Del. Supr. No. 419, 2005, order (Nov. 9, 2005). Perkins applied to this Court for a writ of habeas corpus in a petition dated December 20, 2005. D.I. 2. Subsequently, the Delaware Supreme Court's November order dismissing the mandamus petition was withdrawn (D.I. 3 at A40) and a revised order also dismissing the petition as moot was issued on December 28, 2005. *Perkins v. State*, Del. Supr., No. 419, 2005, order (Dec. 28, 2005). Ultimately, on January 25, 2006, Perkins entered guilty pleas to the lesser-included offense of second degree robbery, possession of a firearm during the commission of a felony and possession of a deadly weapon by a person prohibited. *See* Del. Supr. Ct. Crim. Dkt. Item 74 in case No. 0407018106.

In his petition for federal habeas relief (D.I. 2) and supporting memorandum (D.I. 4), Perkins raises four basic grounds for relief: (1) the Superior Court erred by imposing a disproportionate sentence for violation of probation and the court relied upon impermissible factors in sentencing; (2) the Delaware Supreme Court erred by dismissing Perkins' petition for a

writ of mandamus because the motions were sent back to the Superior Court without an order to address the motions and Justice Ridgely, who had recused himself, signed the order dismissing the petition in violation of Perkins' due process rights; (3) the Superior Court should not have denied Perkins' motion to disqualify counsel due to the ineffectiveness of counsel and should have allowed Perkins to participate with counsel; and (4) the Superior Court should have granted his motion to dismiss the indictment because Perkins was not indicted until 88 days after his arrest, and his speedy trial rights were violated.

*Claim 1 – violation of probation sentence*

Perkins asserts that his violation of probation sentence was improperly enhanced due to the judge's consideration of the un-indicted offenses of first degree robbery and weapons charges. D.I. 2 at 2. He also asserts that because his violations were "technical" in nature, he should not have been sentenced to Level V incarceration. D.I. 2 at 2. A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994). Perkins presented his claims concerning his violation of probation sentence to the Delaware Supreme Court on appeal from his conviction. *See Perkins v. State*, 2005 WL 2475732 (Del. Aug. 16, 2005). Thus, Perkins has exhausted his state court remedies. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984).

After finding that a petitioner has exhausted state remedies, this Court "must then assure itself that a habeas petitioner has complied with relevant state procedural requirements before it can delve into the claim of constitutional error in a state conviction." *Bond v. Fulcomer*, 864

F.2d 306, 310 (3d Cir. 1989). As to Perkins' violation of probation claims, he did not comply with state procedural requirements. Perkins presented his claims on appeal from his violation of probation without having first presented the claims to the trial court. *See* DEL. SUPR. CT. R. 8. The Delaware Supreme Court accordingly considered the issue only under the state plain error doctrine. *See Perkins*, 2005 WL 2475732 at *1 (citing *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)). Although the state supreme court did not explicitly cite Supreme Court Rule 8, the decision is clear that the court was applying its plain error rule and that was sufficient to constitute a "plain statement" under *Harris v. Reed*, 489 U.S. 255 (1989). *See Coleman v. Thompson*, 501 U.S. 722, 738-39 (1991); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 517-18 (D. Del. 2003). *Compare White v. Carroll*, 416 F. Supp. 2d 270 (D. Del. 2006) (finding no procedural default where state court did not refer to plain error in its analysis or conclusion).

In turn, this Court has held repeatedly that Supreme Court Rule 8 is an independent and adequate state procedural rule which precludes federal habeas review. *E.g., Johnson v. Carroll*, 326 F. Supp. 2d 386, 393-94 (D. Del. 2004) (collecting cases). Accordingly, the state procedural bar imposed in this case under Supreme Court Rule 8 is an independent and adequate state law ground under *Wainwright v. Sykes*, 433 U.S. 72 (1977), which precludes federal habeas review of Perkins' violation of probation claims unless he can establish cause for his procedural default and resulting prejudice, or that failure to consider the claims would result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely

4

that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 179 (1982)). To the extent that Perkins asserts ineffective assistance of counsel as cause for his procedural default, that claim is unexhausted.[2]  See *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000) (an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted); *Carrier*, 477 U.S. at 488-89 (an allegation of constitutionally ineffective assistance of counsel as cause for a procedural default in a state court must itself be independently exhausted).  Moreover, Perkins cannot establish prejudice.

At his violation of probation hearing, Perkins admitted to violating the conditions of his probation. *See* D.I. 3 at A3.  Prior to giving the court a recommendation as to sentencing, the probation officer explained that Perkins had been previously convicted of a robbery, he served five years in prison, was released, and then he was convicted of a weapons charge for which he served an additional five years.  Perkins was released from prison in April 2005, only to abscond from probation by July 2005.  D.I. 3 at A4-5.  The judge, in imposing sentence on Perkins, specifically noted that "I'm not going to address your new charges, but you absconded from probation anyway.  I mean, you just failed to report to probation, so I consider that your conduct is repetitive and flagrantly defies the authority of the Court."  D.I. 3 at A9.  The state supreme court, after reviewing the transcript, found that the Superior Court did not rely on impermissible factors or exhibit a closed mind in sentencing Perkins.  *Perkins*, 2005 WL 2475732 at *2.  Thus, had Perkins' counsel raised these claims to the trial court, the claims were not meritorious.  *Cf.*

---

[2]  Perkins has filed a postconviction motion apparently alleging ineffective assistance of counsel in Superior Court which is still pending.  *See* Superior Court Criminal Docket Items 51-58 in case No. 9909007207A.

*Mayfield v. Carroll*, 2005 WL 2654283 (D. Del.) (finding state court's decision rejecting Eighth Amendment proportionality claim regarding a 4 year 9 month violation of probation sentence for "technical" violations was reasonable).   Because Perkins cannot establish either cause or prejudice for his procedural default in state court, and he has not claimed actual innocence, his violation of probation claims should be dismissed.

   *Claim 2 – writ of mandamus*

   Perkins complains that the Delaware Supreme Court's order of November 9, 2005 failed to direct the Superior Court to address Perkins' motions and the order was decided by a justice who had previously recused himself from the case.   *See* D.I. 3 at A37.   Perkins' claim, as alleged, does not state a basis for federal habeas relief:   the contention involves only state appellate procedure.   *See Wells v. Petsock*, 941 F.2d 253, 256 (3d Cir. 1991).

   *Claims 3 & 4– ineffective assistance of counsel and speedy trial*

   A state petitioner seeking federal habeas relief must first exhaust remedies available in the state courts.   28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994).   In order to demonstrate that a claim has been exhausted in state court, a petitioner must show that he presented each claim to the Delaware Supreme Court.   *See Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993).   The habeas petitioner must afford each level of the state courts a fair opportunity to address the claims.   *See Doctor v. Walters*, 96 F.3d 675, 678 (3d Cir. 1993).   Perkins has not presented his ineffective assistance of counsel claims to the Delaware Supreme Court, and thus he has failed to exhaust his state remedies.   *E.g., Lecates v. Carroll*, 2003 WL 22937779, *3-4 (D. Del.).

A failure to exhaust state remedies results in dismissal so that the petitioner may exhaust state remedies. *See Rose*, 455 U.S. at 510. Perkins entered guilty pleas in this case on January 25, 2006, and subsequently docketed an appeal to the Delaware Supreme Court. *See* Superior Court Criminal Docket Items 74 & 78 in case No. 0407018106. As of this date, Perkins' appeal is still pending. In Delaware, the proper procedural vehicle for raising ineffective assistance of counsel claims is a postconviction action under Superior Court Criminal Rule 61. *See Webster v. Kearney*, 2006 WL 572711, *4 (D. Del.); *Lecates*, 2003 WL 22937779 at *4. If Perkins does not obtain relief through his direct appeal of his conviction, he can move for postconviction relief in Superior Court. Such a motion would not be time-barred because one year has not yet passed from the date on which Perkins' conviction became final. DEL. SUPER. CT. CRIM. R. 61(i)(1); *see Jackson v. State*, 654 A.2d 829, 833 (Del. 1995). Perkins conviction is not yet final because the Delaware Supreme Court has not issued its mandate. Perkins thus has an available state remedy through a state postconviction proceeding which can be used to present his claims of ineffective assistance of counsel. Perkins' claims of ineffective assistance of counsel are simply not ripe for review until after his direct appeal has been decided. *See Webster*, 2006 WL 572711 at *4.

Perkins' speedy trial claim is also unavailing.[3] Perkins has pled guilty to the charges for which he was awaiting trial when he filed his federal habeas petition. Thus, his pre-trial incarceration is now over and Perkins has not demonstrated any continuing collateral consequences. *See Spencer v. Kemma*, 523 U.S. 1, 14 (1998) (petitioner must demonstrate continuing collateral consequences adequate to meet injury requirement to maintain standing in federal court). As a result, Perkins' speedy trial claim is moot and should be dismissed. *See*

---

[3] To the extent that Perkins' complaint that he was not indicted for 88 days is based on state law, it is not cognizable in federal habeas review. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Harris*, 277 F.3d 261, 310 n.8 (3d Cir. 2001); *Fisher v. Carroll*, 375 F. Supp. 2d 385, 391 (D. Del. 2005).

*Padilla v. Brewington-Carr*, 2002 WL 100572, *2 (D. Del.) (dismissing as moot habeas petition raising speedy trial claim once petitioner pled guilty) (citing *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973)).

Alternatively, Perkins has waived his speedy trial claim by pleading guilty. *See* Superior Court Criminal Docket Item 74 in case No. 0407018106. It is well-settled that a defendant's properly counseled and entered guilty plea waives claims of deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Robinette*, 177 F. Supp. 2d 279, 285 (D. Del. 2001) (guilty plea waives speedy trial claim for § 2255 review); *Knox v. Carroll*, 2005 WL 3271655, *9 (D. Del. 2005) (finding it well-settled that "'an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty,'" quoting *Haring v. Prosise*, 462 U.S. 306, 319-20 (1983)); *Webb v. Carroll*, 2003 WL 22299036, *8 (D. Del.) (finding that guilty plea waives speedy trial claim). Thus, Perkins has waived his speedy trial claim and this claim must be dismissed.

## Conclusion

In light of the foregoing, Perkins' habeas petition should be dismissed as a mixed petition. *See Rose*, 455 U.S. at 510. As such, this Court must dismiss the petition without prejudice to provide Perkins the opportunity to present the unexhausted claims to the state courts. *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1533 (2005); *Rose*, 455 U.S. at 510, 522; *Lambert v. Blackwell*, 134 F.3d 5406, 513 (3d Cir. 1997); *Webster*, 2006 WL 572711 at *2-3. Although the Court has discretion to stay the habeas proceedings to allow for exhaustion, the stay and abey procedure is appropriate only in cases where, *inter alia*, the petitioner's unexhausted claims are "potentially meritorious." *Webster*, 2006 WL 572711 at *3 (quoting *Rhines*, 125 S.Ct. at 1535)).

Perkins has failed to establish that he has any "potentially meritorious" claims and thus the petition must be dismissed.

Based upon the Superior Court docket sheets, it appears that no transcripts have been prepared in Perkins' second degree robbery and related weapons offenses case, but the transcript of his January 7, 2005 violation of probation hearing has been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date:  April 24, 2006

Westlaw.

Slip Copy                                                                    Page 1
Slip Copy, 2005 WL 2654283 (D.Del.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
David L. MAYFIELD, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ.A.04-888-JJF.**

Oct. 11, 2005.

David L. Mayfield, Petitioner, pro se.
Gregory E. Smith, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for Respondent.

*MEMORANDUM OPINION*

FARNAN, J.

### I. INTRODUCTION

*1 Petitioner David L. Mayfield ("Petitioner") is a
Delaware inmate in custody at the Delaware
Correctional Center in Smyrna, Delaware. Currently
before the Court is Petitioner's Application For A
Writ Of Habeas Corpus Pursuant To 28 U.S.C. §
2254 ("Petition"). (D.I. 1; D.I. 12; D.I. 17.) For the
reasons that follow, the Court will deny his Petition.

### II. FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 1993, a New Castle County grand
jury indicted Petitioner on one count of first degree
unlawful sexual intercourse, first degree criminal
solicitation, sexual harassment, and four counts of
second degree unlawful sexual contact. These
charges stemmed from incidents involving
Petitioner's actions with five teenage boys.

In January 1996, Petitioner pled guilty to the lesser
included offense of third degree unlawful sexual
intercourse in exchange for which the State dismissed
the balance of the indictment. In March 1996, the
Superior Court sentenced Petitioner to 8 years at
Level V, suspended immediately for 8 years at Level
IV home confinement, suspended after serving 9
months for the balance at Level III probation.

Subsequently, the Superior found Petitioner guilty of
violating his probation on three separate occasions:
September 21, 1999; June 28, 2001; and October 1,
2002. At the last violation hearing, the Superior
Court sentenced Petitioner to 6 years at Level V,
suspended after 3 years for 3 years at Level IV work
release, suspended in turn after 6 months for 30
months at Level III probation. On that same date, the
Superior Court also found Petitioner in violation of
his probation on a separate conviction for possession
of crack cocaine, and sentenced him to 1 year 9
months at Level V, suspended after 1 year for 9
months at Level III probation.

Petitioner appealed the sentence to the Delaware
Supreme Court, alleging: (1) the probation officer
committed perjury; (2) his sentence was too harsh;
and (3) the Superior Court judge who conducted the
hearing was not his original sentencing judge. The
Delaware Supreme Court affirmed his conviction and
sentence. *Mayfield v. State,* 820 A.2d 372 (Table),
2003 WL 1711946 (Del.2003).

In April 2003, Petitioner filed his first motion for
state post-conviction relief pursuant to Delaware
Superior Court Criminal Rule 61, alleging: (1)
counsel provided ineffective assistance by failing to
provide him with an understanding of the law in
relation to the facts and to advise him meaningfully
of his options; (2) counsel provided ineffective
assistance by not explaining the elements required to
establish the crime charged; (3) the court accepted his
guilty plea [regarding the sexual charges] without
inquiring into whether he understood the nature of
the charges; and (4) violation of his plea agreement
because the probation officer and defense counsel led
him to believe that he would be receiving a sentence
for the violation within the Truth-In-Sentencing
("T.I.S.") guidelines. *State v. Mayfield,* 2003 WL
21267422 (Del.Super. Ct. June 2, 2003). The
Superior Court denied the motion. *Id.*

*2 In December 2003, Petitioner filed a second Rule
61 motion, alleging: (1) the probation officer who
testified at his probation violation hearing committed
perjury; (2) the probation violation hearing was
flawed because he was not given prior notice of the
alleged violations; and (3) his sentence was
excessive. The Superior Court denied Petitioner's
Rule 61 motion. *Mayfield v. State,* 2004 WL 249588

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                        Page 2
Slip Copy, 2005 WL 2654283 (D.Del.)
**(Cite as: Slip Copy)**

(Del.Super.Ct. Jan. 29, 2004). He appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. *Mayfield v. State,* 852 A.2d 908 (Table), 2004 WL 1535776 (Del.2004).

In a form Petition dated July 2004, Petitioner instituted the habeas proceeding currently before the Court. (D.I.1.) He subsequently filed additional papers supplementing his Petition. (D.I. 12; D.I. 17.)

Respondent filed an Answer requesting the Court to dismiss the Petition because one claim is procedurally barred, and three claims do not warrant federal habeas relief under 28 U.S.C. § 2254(d)(1). (D.I.9.) Petitioner filed a Memorandum in Opposition. (D.I.35.)

### III. GOVERNING LEGAL PRINCIPLES

#### A. The Antiterrorism And Effective Death Penalty Act Of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to the AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards "in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

#### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant federal habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000); 28 U.S.C. § 2254(c) (A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented"). A petitioner must demonstrate that he "fairly presented" the habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). " 'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.' " *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004) (citing *McCandless v. Vaughn,* 172 F .3d 255, 261 (3d Cir.1999)).

**\*3** If a petitioner presents unexhausted habeas claims to a federal court, but further state court review is procedurally barred, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 749 (1991); *Lines,* 208 F.3d at 160.

A federal habeas court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman,* 501 U.S. at 750-51.; *Caswell v. Ryan,* 953 F.2d 853,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2005 WL 2654283 (D.Del.)
**(Cite as: Slip Copy)**

Page 3

861-62 (3d Cir.1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States,* 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

### C. Standard Of Review Under The AEDPA

If a state court adjudicated a federal habeas claim on the merits, federal habeas relief cannot be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). A state court has adjudicated a claim on the merits for the purposes of 28 U.S.C. § 2254(d) if the state court "decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn,* 355 F.3d 233, 247 (3d Cir.2004) (internal citations omitted), *rev'd on other grounds by Rompilla v.. Beard,*-U.S.-, 125 S.Ct. 2456 (2005).

*4 Finally, a federal habeas court must presume that a state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000), and is only rebuttable if the petitioner presents clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v.. Cockrell,* 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

### IV. DISCUSSION

Petitioner presents four grounds in his Petition and supplemental papers challenging his 2002 violation of probation proceeding: (1) the Superior Court's sentence is excessive because he only committed technical violations of his probation; (2) the probation officer perjured herself during the violation of probation hearing, and this perjured testimony caused the Superior Court to find he was guilty; (3) he was not notified of the evidence against him prior to the violation of probation hearing; and (4) his attorney provided ineffective assistance during his appeal of the violation of probation.

### A. Claim One

In his first claim, Petitioner alleges that the Superior Court violated Delaware's sentencing guidelines in issuing a 4 year 9 month probation violation sentence at Level V imprisonment. He also contends that this sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment because he only had two technical violations of his probation.

As an initial matter, the Court notes that "the severity of the defendant's sentence alone constitutes no ground for [habeas] relief," *Jackson v. Myers,* 374 F.2d 707, 711 n. 11 (3d Cir.1967), provided the sentence is within statutory limits. *Townsend v. Burke,* 334 U.S. 736, 741 (1948). A federal court can only review a state sentence that is alleged to violate a separate constitutional limitation. *See Pringle v. Court of Common Pleas,* 744 F.2d 297, 300 (3d Cir.1984). Accordingly, to the extent Petitioner contends his sentence violates Delaware's sentencing guidelines, he has presented a state law issue that is not cognizable on federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67 (1991). However, to the extent Petitioner alleges his sentence constitutes cruel and unusual punishment under the Eighth

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 4
Slip Copy, 2005 WL 2654283 (D.Del.)
**(Cite as: Slip Copy)**

Amendment, he has presented a proper claim for federal habeas review.

Respondent acknowledges that Petitioner exhausted state remedies for his Eighth Amendment claim by presenting it to the Delaware Supreme Court on direct appeal. The Delaware Supreme Court denied the claim on the merits. *See Rompilla,* 355 F.3d at 247. Therefore, federal habeas relief will only be warranted if the Delaware Supreme Court's decision is contrary to, or an unreasonable application of, clearly settled Federal law as established by the Supreme Court. 28 U.S.C. § 2254(d)(1).

**\*5** The threshold inquiry under § 2254(d)(1) is to determine the clearly established federal law governing the issue at the time the petitioner's conviction became final. *Williams,* 529 U.S. at 411; *Fischetti v. Johnson,* 384 F.3d 140, 148 (3d Cir.2004). The Eighth Amendment forbids cruel and unusual punishment, and it applies to the States via the Fourteenth Amendment. *Robinson v. California,* 370 U.S. 660, 667 (1962).

Two recent decisions of the United States Supreme Court summarize the applicable Eighth Amendment principles for non-capital sentencing: *Lockyer v. Andrade,* 538 U.S. 63 (2003) and *Ewing v.. California,* 538 U.S. 11 (2003). In *Lockyer,* the Supreme Court extensively reviewed its prior cases dealing with Eighth Amendment challenges to criminal sentences, and concluded that it has "not established a clear and consistent path for courts to follow [in determining whether a particular sentence for a term of years can violate the Eighth Amendment]." *Lockyer,* 538 U.S. at 72. The Court held that, for the purposes of analyzing an Eighth Amendment claim under § 2254(d)(1), the only clearly established governing legal principle is "[a] gross proportionality principle ... the precise contours of [which] are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Id.*

In *Ewing,* the Supreme Court rejected the defendant's claim that a sentence of 25 years to life for stealing three golf clubs was 'grossly disproportionate' to the crime. The Court held that the "Eighth Amendment does not require strict proportionality between the crime and the sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1186-87. In other words, the Eighth Amendment "contains a 'narrow proportionality principle' that 'applies to noncapital sentences.' " *Id.* at 20 (internal citations omitted).

Applying these principles, the Court concludes that the Delaware Supreme Court's decision rejecting Petitioner's Eighth Amendment claim was neither contrary to, nor an unreasonable application of, the gross proportionality standard as articulated in *Lockyer* and *Andrade.* Petitioner's original 1996 sentence was for eight years incarceration at Level V, and his 2002 violation of probation sentence was for a total of 4 years 9 months at Level V incarceration. In Delaware, after determining that a probationer violated the terms of his probation, the Superior Court is authorized to reimpose any portion of his previously suspended prison term, giving credit for all time previously served on the sentence at Level V incarceration. *Gamble v. State,* 728 A.2d 1171, 1172 (Del.1999). The maximum permissible sentence for a probation violation does not depend upon whether the probation violation is technical or not; rather, the maximum permissible sentence depends upon the probationer's original sentence and the amount of time previously suspended and served at Level V. *See, e.g.,* 11 Del. C. Ann. § 4334(c) (stating that "[i]f the violation is established, the court may ... require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed"). Clearly, Petitioner's 2002 probation violation sentence does not exceed the Level V time originally imposed and suspended, nor does it exceed the authorized statutory limits.

**\*6** Additionally, Petitioner's violation of probation was established by competent evidence. He violated his probation on three separate occasions, and the record establishes that Petitioner's prior non-incarcerative sentences were not effective in preventing him from committing further violations of his probation. Viewing all of these factors together, the Court concludes that Petitioner's sentence is not so exceedingly rare or extreme to warrant a finding that his 2002 violation of probation sentence is "grossly disproportionate" to his probation violation. Thus, Petitioner's Eighth Amendment claim does not warrant federal habeas relief under § 2254(d)(1).

### B. Claim Two

In his second claim, Petitioner contends that his probationer officer testified untruthfully during his probation violation hearing, thereby misleading the judge in violation of his Due Process rights under the Fourteenth Amendment. He contends that the following statement adversely affected the fairness of

his probation violation proceeding:

Mr. Mayfield has five young male victims, and it's my concern that with him running amuck using cocaine, which lowers his impulse control, that he's a danger to the community.

(D.I. 12, at 5.) Petitioner argues that, because the nature of his "technical" probation violations were drug related, this statement inappropriately referred to sexual offenses.

Petitioner presented this claim to the Delaware Supreme Court in his direct appeal, thereby exhausting state remedies. The Delaware Supreme Court denied this claim on the merits. Therefore, the Court must determine whether the Delaware Supreme Court's decision is contrary to, or an unreasonable application of, clearly established Federal law.

It is well-settled that revocation of probation hearings are only subject to the minimum requirements of due process. *Black v. Romano,* 471 U.S. 606, 612 (1985); *United States v. Barnhart,* 980 F.2d 219, 222 (3d Cir.1992). These requirements include: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of evidence against him; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the factfinder as to evidence relied on and reasons for revoking probation. *Gagnon v. Scarpelli,* 411 U.S. 778, 786 (1973) (citing *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972)).

Here, the probation officer's statement that Petitioner was on probation for sexual offenses committed against five teenage boys was accurate, as was her statement that Petitioner had previously failed at non-incarcerative treatment. Petitioner himself admitted that he had used crack cocaine, and that he had "technically violated" his probation by testing positive for such use and by failing to report to his probation officer. Also significant is the fact that Petitioner does not allege that he was prevented from challenging the probation officer's statement, nor does he contend that the Superior Court judge was not neutral. Petitioner had written notice of the violation of probation hearing and was represented by counsel during the hearing. He also received a written order revoking his probation, from which he took an appeal.

*7 Applying the applicable Supreme Court precedent

to these facts, the Court concludes that the Delaware Supreme Court's denial of Petitioner's due process claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Accordingly, this claim does not warrant federal habeas relief under § 2254(d)(1).

### C. Claim Three

In his third claim, Petitioner contends that his Due Process rights were violated because he never received written notification of the basis for the alleged probation violation. He did not present this claim to the Delaware Supreme Court in his direct appeal, and he also did not present the claim to the Superior Court in his first Rule 61 motion. Rather, Petitioner raised this issue to the Superior Court in his second Rule 61 motion. The Superior Court concluded that it was barred from reviewing the claim under Rule 61(i)(2) because Petitioner had failed to raise it in his first Rule 61 motion. *State v. Mayfield,* 2004 WL 249588, at *4-5 (Del.Super.Ct. Jan. 29, 2004). Even though Petitioner appealed the Superior Court's denial of his second Rule 61 motion, he did not include his due process claim in his post-conviction appeal. As such, the Delaware Supreme Court held that Petitioner had waived the issue under *Somerville v. State,* 703 A.2d 629, 631 (Del.1997). *Mayfield v. State,* 852 A.2d 908 (Table), 2004 WL 1535776, at * *1 (Del. July 19, 2004).

If a state court refuses to address the merits of a petitioner's constitutional claim based upon an adequate and independent state procedural rule, the claim is considered to be procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 260 (1989). Here, by citing the *Somerville* decision as the basis for its waiver determination, the Delaware Supreme Court plainly stated that its decision rested on state law grounds. *Id.* at 263-265. The waiver rule in *Somerville* is an independent and adequate state ground precluding federal habeas review. *See McLaughlin v. Carroll,* 270 F.Supp.2d 490, 512 (D.Del.2003); *Carter v. Neal,* 910 F.Supp. 143, 151-52 (D.Del.1995). Therefore, the Court cannot conduct federal habeas review of this claim unless Petitioner establishes cause for his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice will result if the Court refuses to review this claim. *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991).

Petitioner does not allege, and the Court cannot discern, any reason for his failure to present this issue

Slip Copy                                                                                                   Page 6
Slip Copy, 2005 WL 2654283 (D.Del.)
**(Cite as: Slip Copy)**

to the Delaware Supreme Court in his appeal of the probation violation proceeding or in his appeal of his second Rule 61 motion. In the absence of cause, the Court will not address the issue of actual prejudice.

Further, Petitioner has not attempted to demonstrate his actual innocence, nor has he presented any colorable evidence of his actual innocence. Thus, he has failed to demonstrate that a miscarriage of justice will occur if the Court declines to review this claim. Accordingly, the Court will dismiss Petitioner's claim as procedurally barred.

### D. Claim Four

**\*8** Petitioner's final claim is that his counsel provided ineffective assistance on direct appeal by moving to withdraw as his counsel under Delaware Supreme Court Rule 26(c). Petitioner did not raise this issue in either of his Rule 61 motions to the Superior Court, and he did not raise it in his post-conviction appeals. Thus, Respondent is correct that Petitioner did not exhaust state remedies for this claim.

The Court must excuse Petitioner's failure to exhaust state remedies, and treat the claim as exhausted, because Delaware Superior Court Criminal Rule 61(i)(2) would bar any further state court review of this claim. [FN1] Although deemed exhausted, the claim is still procedurally defaulted, thereby precluding federal habeas review of the claim absent a showing of cause and actual prejudice, or a miscarriage of justice.

> FN1. Pursuant to Rule 61(i)(2), "[a]ny ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred."

Petitioner does not provide any reason for his failure to present this claim to any state court. In the absence of cause, the Court need not address the issue of actual prejudice. Further, Petitioner does not assert his actual innocence, thus, he has failed to demonstrate that the Court should review this claim to prevent a miscarriage of justice. Accordingly, the Court will dismiss this claim as procedurally barred.

### V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to

issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For these reasons, the Court concludes that none of Petitioner's habeas claims warrant federal habeas relief, and further, that reasonable jurists would not find these conclusions to be unreasonable. Consequently, the Court declines to issue a certificate of appealability.

### VI. CONCLUSION

For the reasons discussed, the Court will dismiss Petitioner's Petition.

An appropriate Order will be entered.

D.Del.,2005.
Mayfield v. Carroll
Slip Copy, 2005 WL 2654283 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:04cv00888 (Docket) (Jul. 21, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                        Page 1
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Martin W. LECATES, Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ.A. 02-1567-JJF.**

Sept. 29, 2003.

Martin W. Lecates, Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division,
Delaware Department of Justice, Wilmington,
Delaware, for Respondent.

*MEMORANDUM OPINION*

FARNAN, J.

### I. INTRODUCTION

*1 Petitioner Martin W. Lecates is a Delaware inmate
in custody at the Delaware Correctional Center in
Smyrna, Delaware. Currently before the Court is
Petitioner's application for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254. (D.I.s 4, 11.) For the
reasons that follow, unless Petitioner voluntarily
dismisses his unexhausted claims, the Court will
dismiss the entire petition without prejudice for
failure to exhaust state remedies.

### II. BACKGROUND

In December 2001, Petitioner was indicted for second
degree rape and second degree sexual contact. On
July 28, 2002, Petitioner pled guilty to one count of
second degree rape. He was sentenced to twenty
years imprisonment, to be suspended after ten years
imprisonment, and then ten years combined home
confinement and probation.

Petitioner appealed his sentence, asserting one claim
that his counsel's ineffective assistance of counsel led
to an involuntary plea and one claim for police
misconduct. The Delaware Supreme Court affirmed
his conviction. *Lecates v. State,* No. 478,2002 (Del.
Mar. 4, 2003).

While the appeal was pending, Petitioner filed
several Rule 61 motions for post-conviction relief.
The Superior Court rejected the motions without
prejudice because they were premature.

On October 28, 2002 and November 13, 2002,
Petitioner filed two substantially similar habeas
petitions, which the Court will regard as one all-
inclusive petition. [FN1] (D.I.s 4, 11.) He appears to
assert two claims for ineffective assistance of counsel
and two claims regarding the police investigation.
(*Id.*) Respondent contends that the ineffective
assistance of counsel claims are unexhausted, and
therefore, requests the Court to dismiss this mixed
habeas petition. Respondent also asserts that
Petitioner's police investigation claims do not provide
a basis for federal habeas relief under 28 U.S.C. §
2254(d)(1). (D.I.16.)

> FN1. Petitioner filed an original federal
> habeas petition on October 28, 2002. (D.I.4.)
> At the same time, he filed the AEDPA
> election form indicating that he wanted to
> withdraw his § 2254 petition to file one all-
> inclusive petition in the future. *Id.* Then, on
> November 13, 2002, Petitioner filed a
> document titled "Motion for PostConviction
> Relief" with a heading for the Delaware
> Superior Court. (D.I.11.) In any event, the
> substance of both "petitions" is the same.
> (D.I.s 4, 11.)

### III. GOVERNING LEGAL PRINCIPLES

A federal district court may consider a habeas
petition filed by a state prisoner only "on the ground
that he is in custody in violation of the Constitution
or laws or treaties of the United States." 28 U.S.C. §
2254(a). Before a court can reach the merits of a
habeas petition, the court must first determine
whether the requirements of the Antiterrorism and
Effective Death Penalty Act of 1996 ("AEDPA") are
satisfied. The federal habeas statute states:
An application for a writ of habeas corpus on behalf
of a person in custody pursuant to the judgment of a
State court shall not be granted unless it appears that
-
(A) the applicant has exhausted the remedies
available in the courts of the State; or
(B)(i) there is an absence of available State corrective

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

When seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts,* 228 F.3d at 192.

**\*2** To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

A petitioner "fairly presents" a federal claim for purposes of exhaustion by presenting to the state's highest court a legal theory and facts that are "substantially equivalent" to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at \*2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). It is not necessary for the petitioner to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307, 312 (3d Cir.1980). Fair presentation also requires raising the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989). The state courts do not have to actually consider or discuss the issues in the federal claim, provided that the petitioner did, in fact, present such issues to the court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

If a petitioner failed to exhaust state remedies and state procedural rules preclude further relief in the state courts, the exhaustion requirement is deemed satisfied because there is no available state remedy. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). However, even though these claims are treated as exhausted, they are still procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but, once again, procedurally defaulted. *Harris v.. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

A federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or a fundamental miscarriage of justice. *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. However, if the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

**\*3** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). In order to demonstrate a miscarriage of justice, the petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. A petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002). The miscarriage of justice exception applies only in extraordinary

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

circumstances and is appropriate only when actual innocence is established, rather than legal innocence. *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992).

## IV. DISCUSSION

In his habeas petition, Petitioner raises the following claims for relief:

(1) His attorney provided ineffective assistance of counsel because she did not discuss the rape case with him

(2) The police investigation led to two different charges and the deputy attorney general did not address this issue

(3) The police officer investigating the rape claim did not read Petitioner his Miranda rights and also coerced the victim

(4) His attorney did not adequately investigate the charges

Respondent argues that Petitioner did not fairly present the ineffective assistance of counsel claims to the Delaware Supreme Court. As a result, the ineffective assistance of counsels claim are unexhausted. Respondent argues that the Court must dismiss this mixed petition unless Petitioner voluntarily dismisses the unexhausted claims. Respondent further asserts that the police misconduct claims do not provide a basis for federal habeas relief under 2254(d)(1).

The Court agrees with Respondent's assertion that Petitioner did not exhaust state remedies with respect to the ineffective assistance of counsel claims. In Delaware, it is well-settled that an ineffective assistance of counsel claim must first be raised in a post-conviction motion pursuant to Superior Court Criminal Rule 61. *Kendall v. Attorney General of Delaware,* 2002 WL 531221, at *4 n .2 (D.Del. Mar. 26, 2002). Claims alleging ineffective assistance of counsel will not be considered on direct appeal for the first time. *See, e.g., Duross v. State,* 494 A.2d 1265, 1267 (Del.1985); *Wright v. State,* 633 A.2d 329, 336 n. 14 (Del.1993).

By presenting these claims to the state supreme court on direct appeal, Petitioner did not utilize the correct procedural device permitting the Delaware courts to consider the ineffective assistance of counsel claims on the merits. *See Dickens v. Redman,* C.A. No. 91-

90-SLR, at 8 (D.Del. Jan. 11, 1993). Indeed, the Delaware Supreme Court even stated that it could not consider the ineffective assistance of counsel claim for the first time on direct appeal. *Lecates,* No. 478,2002 at ¶ 5. As such, Petitioner did not exhaust state remedies with respect to these claims.

*\*4 According to Respondent, Petitioner may return to state court and raise the ineffective assistance of counsel claims in a Rule 61 post-conviction motion. (D.I.16.) Respondent contends that although the Delaware Supreme Court stated that it would not consider the claim of ineffective assistance of counsel for the first time on direct appeal, this statement does not foreclose Petitioner's return to state courts. *O'Halloran v. Ryan,* 835 F.2d 506, 509 (3d Cir.1987) (the state supreme court "did not remand for a hearing, nor did it hold that the claim of ineffective assistance of counsel had been waived, nor did it preclude further consideration of the matter); *Toulson v. Beyer,* 987 F.2d 984, 987-89 (3d Cir.1993).

The Court agrees with Respondent's assertion that Petitioner may present his ineffective assistance of counsel claims to the Superior Court in a Rule 61 motion. Although Rule 61 imposes several procedural hurdles that must be satisfied before a state court will consider the merits of a petitioner's claim, none of the bars apply in the present situation. *See* Super. Ct. R.Crim. P. 61(i); *Younger v. State,* 580 A.2d 552, 554 (Del.1990). First, the time for filing a post-conviction motion has not yet expired. Super. Ct. R.Crim. P. 61(i)(1). Second, these claims were not previously litigated, and thus, they are not barred by Rule 61(i)(4). Further, Rule 61(i)(2) does not bar further review because Petitioner has not yet asserted an appropriately filed post-conviction motion. Finally, Rule 61(i)(3) does not preclude further state releif because the appropriate method for raising an ineffective assistance of counsel claim is in a post-conviction proceeding, not in the proceeding leading up to the final judgment. *See Kendall,* 2002 WL 531221, at *4, n. 2 In short, because Petitioner has an available state remedy, he must exhaust this remedy before seeking federal habeas relief.

Respondent also contends that Petitioner has exhausted state remedies with respect to the police misconduct claims. If true, then Petitioner has presented this Court with a petition containing both exhausted and unexhausted claims ("mixed petition"). The Third Circuit requires a mixed petition to be dismissed without prejudice in order to permit the petitioner to exhaust state remedies. *See Rose v. Lundy,* 455 U.S. 509, 522 (1982); *Christy v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Horn,* 115 F.3d 201, 206, 207 (3d Cir.1997); *see also Brockenbrough v. Snyder,* 890 F.Supp. 342 (D.Del.1995)(where petitioner has not exhausted state remedies, a federal court may dismiss without prejudice in order to permit petitioner an opportunity to re-file his habeas petition after he exhausts available state remedies). Thus, the Court must now determine if Petitioner has, indeed, presented the Court with a mixed petition.

A thorough review of the record reveals that Petitioner did present his police misconduct claims to the Delaware Supreme Court in his direct appeal, thereby exhausting state remedies with respect to these claims. (D.I. 18, Appellant's Op. Br. in *Lecates v. State,* No.478,2002); *Lecates,* No. 478,2002, at ¶ 3. As a result, Petitioner has presented the Court with a mixed petition. Consequently, unless Petitioner decides to dismiss the unexhausted claims, the Court must dismiss the entire petition to permit Petitioner to return to the state courts to exhaust state remedies. *McMahon v. Fulcomer,* 821 F.2d 934, 940 (3d Cir.1987). [FN2]

> FN2. The Court acknowledges Respondent's argument that Petitioner's claims of police misconduct do not provide federal habeas relief under 28 U.S.C. § 2254(d). (D.I. 16 at ¶ 4.) Unfortunately, because the Court is required to dismiss this mixed petition at this point in time, the Court cannot address this contention.

*5 Before concluding, the Court must note the ramifications of either course of action. If Petitioner does decide to voluntarily dismiss the two unexhausted claims, those claims may thereafter be barred by the one-year time period for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). If, however, Petitioner does not voluntarily dismiss the two unexhausted claims, and the Court dismisses the entire petition without prejudice, then all of the claims may thereafter be barred by the one-year filing period. *Id.* Thus, Petitioner must consider the effect of the one-year time period before responding to the Court.

### V. Certificate of Appealability

Finally, the Court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Moreover, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

For the reasons stated above, the Court concludes that Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims. As a result, unless Petitioner voluntarily deletes the unexhausted claims, the Court must dismiss the entire petition without prejudice. Reasonable jurists would not find these conclusions unreasonable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### VI. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner has presented a mixed petition containing both exhausted and unexhausted claims. As such, unless Petitioner voluntarily dismisses his unexhausted ineffective assistance of counsel claims, Petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 must be dismissed without prejudice. Therefore, the Court will grant Petitioner twenty days to provide the Court with a written statement indicating whether he wishes to delete the unexhausted claims from his pending habeas petition. If Petitioner fails to inform the Court within the prescribed time period, the Court will dismiss without prejudice the petition in its entirety. Furthermore, the Court finds no basis for the issuance of a certificate of appealabilty. An appropriate order shall issue.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

## ORDER

**\*6** For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Petitioner Martin W. Lecates must inform the Court in writing within twenty days of the issuing date of this Memorandum Opinion if he wishes to voluntarily dismiss the unexhausted claims regarding ineffective assistance of counsel.

2. If the Court does not receive Petitioner's written statement within twenty days, then Petitioner Martin W. Lecates' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.s 4, 11.) will be DISMISSED without prejudice.

3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

D.Del.,2003.
Lecates v. Carroll
Not Reported in F.Supp.2d, 2003 WL 22937779 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:02CV01567 (Docket) (Oct. 22, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy
Slip Copy, 2006 WL 572711 (D.Del.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Daniel A. WEBSTER, Petitioner,
v.
Rick KEARNEY, Warden, and M. Jane Brady,
Attorney General of the State of Delaware,
Respondents.
**No. Civ. 04-361JJF.**

March 8, 2006.

Daniel A. Webster, Petitioner, pro se.
Thomas E. Brown, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for Respondent.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Pending before the Court is an Application for a
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254
("Petition") filed by Petitioner, Daniel A. Webster.
(D.I.2.) For the reasons discussed, the Court will
dismiss Petitioner's Fourth Amendment claim. As for
his remaining claims, the Court concludes that
Petitioner has presented a mixed Petition containing
both exhausted and unexhausted claims. Because the
AEDPA limitations period has expired during the
pendency of the Petition in this Court and state court
relief may still be available to Petitioner, the Court
will provide Petitioner two alternatives: (1) Petitioner
can provide the Court with evidence of good cause so
the Court can determine whether a stay of the
remaining claims is warranted to allow Petitioner an
opportunity to pursue state remedies for his
unexhausted claims, or (2) Petitioner can delete his
unexhausted claims from the Petition and the Court
will proceed with a review of the merits of his
exhausted claim.

I. BACKGROUND

In May 2003, a jury convicted Petitioner of stalking
in violation of 11 Del. C. Ann. § 1312(A). The
Delaware Superior Court sentenced Petitioner to
three years imprisonment, with credit for 412 days
previously served, followed by six months probation.

Prior to trial, Petitioner's counsel filed a motion
requesting a court-ordered mental evaluation of
Petitioner. The Superior Court granted the motion,
but Petitioner refused to be examined unless his
attorney was present. The Superior Court modified
the order to clarify that the sole purpose of the
examination was to determine Petitioner's
competency to stand trial. Petitioner still refused to
be examined. As a result, the Superior Court found
that, by failing to cooperate, Petitioner waived both
the issue of his competency to stand trial and any
mental illness defense. The trial proceeded, and
Petitioner did not testify or present any evidence
regarding his mental state. After his conviction,
Petitioner appealed to the Delaware Supreme Court
arguing that he had been deprived of a possible
mental illness defense because the State Hospital
failed to evaluate his mental status, despite his refusal
to cooperate with hospital personnel. The Delaware
Supreme Court rejected Petitioner's claim and
affirmed his conviction and sentence. *Webster v.
State,* 2003 WL 23019195 (Del. Dec. 23, 2003).

Petitioner did not file a motion for state post-
conviction relief pursuant to Delaware Superior
Court Criminal Rule 61, but instead filed a Rule 35
motion for correction of illegal sentence. The
Delaware Superior Court denied Petitioner's Rule 35
motion, and the Delaware Supreme Court affirmed.
(D.I. 2, at ¶ 9.)

In June 2004, Petitioner filed the instant Petition for
federal habeas relief. (D.I.2.) Respondent filed an
Answer contending that Petitioner has presented the
Court with a mixed Petition that must be dismissed to
allow Petitioner to present his unexhausted claims to
the Delaware state courts. (D.I.10.)

II. GOVERNING LEGAL PRINCIPLES

A. *Exhaustion And Procedural Default*

*2 Before seeking habeas relief from a federal court,
a petitioner in custody pursuant to a state court
judgment must first exhaust remedies available in the
state courts. 28 U.S.C. § 2254(b)(1). The exhaustion
requirement is grounded on principles of comity in
order to ensure that state courts have the initial
opportunity to review federal constitutional

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). To satisfy this requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). Fair presentation also requires the petitioner to raise the claim in a procedural context in which the state courts can consider it on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

If a federal habeas claim was not fairly presented to the state courts, and further state court review is still available, that claim is not exhausted. Generally, a federal court will dismiss without prejudice an unexhausted claim in order to give a petitioner an opportunity to present the unexhausted claim to the state courts. *Lines v. Larkins,* 208 F.3d 153, 159-60 (3d Cir.2000). However, it is possible for an unexhausted claim to be barred from further state court review due to state procedural rules. *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991). Such claims are considered to be procedurally defaulted, and the exhaustion requirement is excused. *See Slutzker v. Johnson,* 393 F.3d 373, 380 (3d Cir.2004)("[e]xhaustion is not required where pursuit of state remedies would be futile"). Federal habeas review of the merits of procedurally defaulted claims is precluded unless the petitioner can establish cause and prejudice for his procedural default, or that a miscarriage of justice will result if his claim is not reviewed on the merits. *See Coleman,* 501 U.S. at 745-46.

### B. *Mixed Petitions*

A petition containing both exhausted and unexhausted habeas claims is referred to as a mixed petition. [FN1] *See generally Rose v. Lundy,* 455 U.S. 509 (1982). A district court must dismiss a mixed petition in its entirety without prejudice in order to give the petitioner an opportunity to present the unexhausted claims to the state courts, but only if the AEDPA's limitations period will not clearly foreclose a future collateral attack. *Rhines v. Weber,* -U.S.-, 125

S.Ct. 1528, 1533 (2005); *Pliler v. Ford,* 542 U.S. 225, 124 S.Ct. 2441, 2445 (2004); *Rose,* 455 U.S. at 510, 522; *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997).

> FN1. When a petition contains exhausted claims and procedurally defaulted claims, the petition is not considered a mixed petition. *Slutzker,* 393 F.3d at 380; *Toulson v. Beyer,* 987 F.2d 984, 987 (3d Cir.1993)(A "petition containing unexhausted but procedurally barred claims in addition to exhausted claims [ ] is not a mixed petition.").

*3 If a petitioner presents a district court with a mixed petition, but an "outright dismissal [of the petition] could jeopardize the timeliness of a [future] collateral attack," the district court has discretion to stay the habeas proceeding in order to enable the petitioner to return to state court and exhaust state remedies. *Rhines,* 125 S.Ct. at 1533 (holding that the situations in which a federal court has discretion to engage in the stay-and-abey procedure for mixed petitions are very limited); *compare with Crews v. Horn,* 360 F.3d 146, 154 (3d Cir.2004)(holding that "a stay is the only appropriate course of action" for a mixed petition "when an outright dismissal could jeopardize the timeliness of a collateral attack."). The stay-and-abey procedure is only appropriate if the district court determines that the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines,* 125 S.Ct. at 1535.

### III. DISCUSSION

Petitioner asserts four grounds for relief in his Petition. Specifically, Petitioner contends that: (1) he was denied his Sixth Amendment right to effective assistance of counsel because counsel elected a mental illness defense and because the Superior Court denied his requests for substitute counsel; (2) he was convicted on the basis of evidence obtained by an illegal arrest; (3) his conviction violated the Double Jeopardy Clause; and (4) he was deprived of a mental illness defense because no doctor in private practice rendered an opinion as to his condition. (D.I.10.)

Respondents acknowledge that Petitioner presented

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

his claim that he was deprived of a mental illness defense to the Delaware Supreme Court in his direct appeal. Thus, Petitioner has exhausted his state remedies with respect to this claim. *See Smith v. Digmon,* 434 U.S. 332, 333 (1978); *Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984). However, Respondents contend that Petitioner did not exhaust state remedies for his remaining claims. Respondents contend that Petitioner can still pursue further state court review of his ineffective assistance of counsel claim, but they do not address the availability of further state court review of his other unexhausted claims. In addition, Respondents contend that Petitioner's Fourth Amendment claim, i.e. that evidence obtained from an unlawful arrest was improperly used to convict him, should be dismissed as not reviewable. Accordingly, the Court will examine each of Petitioner's remaining claims to determine (1) if dismissal of his Fourth Amendment claim is warranted, and (2) whether state remedies are still available to Petitioner for his remaining unexhausted claims.

### A. *Whether Petitioner's Fourth Amendment Claim Is Cognizable On Federal Habeas Review*

Petitioner contends that his conviction was unlawful, because evidence obtained from an unlawful arrest was used against him during trial. [FN2] In *Stone v. Powell,* 428 U.S. 465 (1976), the United States Supreme Court addressed the availability of habeas relief for claims based on the Fourth Amendment. The Court concluded that a state prisoner may not be granted federal habeas relief on the grounds that evidence obtained in an unconstitutional search or seizure was introduced at trial "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim ..." *Id.* at 494. Under *Stone,* even if a petitioner did not actually litigate his claim in the state courts, federal habeas review is precluded so long as the failure to litigate was not due to some unconscionable breakdown in the state court process. *Boyd v. Mintz,* 631 F.2d 247, 250 (3d Cir.1980); *Hubbard v. Jeffes,* 653 F.2d 99, 103 (3d Cir.1981).

> FN2. For the reasons discussed *infra* with respect to Petitioner's double jeopardy claim, the Court also concludes that this claim is unexhausted; however, a stay of this claim is not warranted under *Rhines,* because the claim is plainly non-meritorious.

**\*4** The Delaware state courts have a mechanism for the presentation of Fourth Amendment issues. Specifically, Rule 41 of the Delaware Superior Court Rules of Criminal Procedure authorizes a defendant to file a pre-trial motion to suppress evidence. In this case, Petitioner did not avail himself of Rule 41, and Petitioner has not alleged, and the Court cannot find, any evidence in the record indicating that Petitioner was denied the opportunity to present such a motion due to a structural defect in the state system. *See Marshall v. Hendricks,* 307 F.3d 36, 82 (3d Cir.2002). Accordingly, the Court concludes that Petitioner is precluded under *Stone* from seeking federal habeas review of his Fourth Amendment claim, and therefore, Petitioner's Fourth Amendment claim will be dismissed.

### B. *Whether Petitioner's Remaining Claims Have Been Exhausted And Whether State Remedies Remain Available*

#### 1. Ineffective assistance of counsel claim

Petitioner alleges that his counsel provided ineffective assistance because he elected to pursue a mental illness defense, and the Superior Court denied his requests for substitute counsel. In Delaware, ineffective assistance of counsel claims should be presented to the Superior Court in a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. *See, e.g., Russo v. Snyder,* 2000 WL 52158, at \*5 (D.Del. Jan. 6, 2000). Although Petitioner did not file a Rule 61 motion in the Delaware Superior Court, the Court concludes that such a motion would not be definitively precluded. [FN3] *See Younger v. State,* 580 A.2d 552, 554 (Del.1990); *McNeil v. Snyder,* 2002 WL 202100, at \*5 (D.Del. Feb. 8, 2002). A Rule 61 motion would not be time-barred because three years have not yet passed from the date on which Petitioner's conviction became final. Del.Super. Ct.Crim. R. 61(i)(1); *see Jackson v. State,* 654 A.2d 829, 833 (Del.1995). [FN4] Petitioner has not filed a previous motion under Rule 61, and therefore, the Court cannot conclude that such a motion would be barred under Rule 61(i)(2). *See* Del.Super. Ct.Crim. R. 61(i)(2); *Robinson v. State,* 562 A.2d 1184, 1185 (Del.1989). The Court is also not persuaded that a Rule 61 motion would be barred by Rule 61(i)(3), because that rule typically does not apply to ineffective assistance of counsel claims. *See State v. McCluskey,* 2000 WL 33114370,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

at *11 (Del.Super.Ct. Nov. 29, 2000); *Cobb v. State*, No. 362,1995 Order, at 7 (Del. Jan. 10, 1996). Further, the Court concludes that this claim was not formerly adjudicated, and therefore, it would not be barred by Rule 61(i)(4). *See* Del.Super. Ct.Crim. R. 61(i)(4). Accordingly, the Court concludes that Petitioner's claim of ineffective assistance of counsel has not been exhausted and state court review is not definitively precluded.

> FN3. In his former habeas Petition, Petitioner states that he filed a motion for correction of illegal sentence. (D.I. 2 at ¶ 11.) Although the state court records do not contain a copy of Petitioner's motion, the Court concludes that such a motion would have no impact on the Court's exhaustion analysis for either his ineffective assistance claim or his double jeopardy claim. *See Brittingham v. State*, 705 A.2d 577, 579 (Del.1998)("The narrow function of Rule 35 is to permit correction of an illegal sentence, not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence.")(internal citation omitted).

> FN4. For relevant purposes, Petitioner's conviction became final on December 23, 2003, the date the Delaware Supreme Court issued its mandate. Del.Super. Ct.Crim. R. 61(m)(2). Petitioner is well within the three year time period for filing a post-conviction motion.

### 2. Double jeopardy claim

Petitioner also raises a claim that his conviction violates double jeopardy. Although Petitioner failed to raise this claim on direct appeal or in a Rule 61 post-conviction proceeding, the Court concludes that Petitioner is not definitely precluded from filing a post-conviction motion in state court. In reaching this conclusion, the Court acknowledges that Petitioner may be precluded from filing a Rule 61 motion under Rule 61(i)(3) because he failed to raise this claim on direct appeal; however, Petitioner may overcome this procedural bar demonstrating cause and prejudice. Accordingly, the Court concludes that Petitioner's double jeopardy claim has not been exhausted, and state court review is not definitively precluded.

### C. *Whether A Stay Of The Petition Is Warranted*

**\*5** Because Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims, the Court must determine whether it is appropriate to dismiss the Petition to allow Petitioner to pursue his available state remedies or whether a stay of the Petition is warranted. In making this determination, the Court observes that, during the pendency of his Petition in this Court, the AEDPA's limitation period has expired. [FN5] As a result, if the Court were to dismiss the Petition without prejudice in order to give Petitioner an opportunity to exhaust state remedies for his unexhausted claims, Petitioner would be precluded from filing a new federal habeas petition due to the expiration of the AEDPA's limitations period. In these circumstances, the Court has discretion to determine whether it should stay the instant habeas proceeding to afford Petitioner an opportunity to present his unexhausted claims to the Delaware state courts. *Rhines*, 125 S.Ct. at 1533-35.

> FN5. The Delaware Supreme Court affirmed Petitioner's conviction and sentence in December 2003. His conviction became final ninety days thereafter, in March 2004. Accordingly, the Court concludes that the AEDPA's one-year limitations period expired in the Spring of 2005.

A stay is warranted if the Court determines that Petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 1535. Liberally construing Petitioner's allegations at this stage of the proceedings, the Court cannot conclude that his unexhausted claims are clearly non-meritorious. Further, the Court cannot conclude at this juncture that Petitioner engaged in dilatory litigation tactics by failing to exhaust his state remedies. Petitioner filed a direct appeal and a Rule 35 motion to correct his sentence. His direct appeal was decided in December 2003, and he filed the instant habeas application in June 2004. Given his prior attempts to obtain state court relief and the relatively short six month period between these attempts and his decision to seek federal habeas review, the Court cannot conclude that Petitioner's failure to exhaust state remedies was dilatory in nature. *See Rhines*, 125 S.Ct. at 1535.

As for the good cause requirement, however, the Court has insufficient information at this juncture to make a determination as to whether Petitioner has

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

established good cause. Petitioner does not allege, and the Court cannot discern, any cause for Petitioner's failure to exhaust his state remedies with respect to his ineffective assistance and double jeopardy claims; however, courts have afforded petitioners in similar circumstances an opportunity to demonstrate whether they had good cause for failing to exhaust their state remedies. *See e.g. Shaeib v. Berghuis,* 2005 WL 3337759 (W.D.Mich. Dec. 8, 2005); *Bryant v. Greiner,* 2005 WL 3071476 (S.D.N.Y. Nov. 15, 2005). Further, the Court notes that the statute of limitations had not expired at the time that the State filed its Answer, and the Court has raised this issue *sua sponte.* Accordingly, the Court will provide Petitioner with the opportunity to supplement his Petition with information related to the issue of good cause so the Court can determine whether a stay of the Petition is warranted.

**\*6** In the alternative, however, Petitioner may wish to delete his unexhausted claims and proceed with his exhausted claim. *Rhines,* 125 S.Ct. at 1535. If Petitioner chooses this option, he should be aware that he will be precluded from obtaining federal habeas review of the deleted claims at a later date. *See* 28 U.S.C. § 2244.

### V. CERTIFICATE OF APPEALABILITY

Pursuant to Third Circuit Local Appellate Rule 22.2, the Court must determine whether to issue a certificate of appealability. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner establishes a "substantial showing" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In this case, the Court is not persuaded that reasonable jurists would debate the correctness of the Court's decision to dismiss his search and seizure claim and provide Petitioner with an opportunity to show good cause to justify a stay of his remaining claims. Accordingly, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, and therefore, the Court declines to issue a Certificate of Appealability.

### VI. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Fourth Amendment claim because it fails to provide a proper basis for federal habeas relief. Because the Petition contains both exhausted and unexhausted claims, and the AEDPA's limitations period has expired, the Court will provide Petitioner with an opportunity to inform the Court as to whether he had good cause for his failure to exhaust state remedies so that the Court can determine whether it should stay the Petition under *Rhines* or dismiss it as a mixed Petition under *Rose.* Petitioner should be aware that if good cause is not demonstrated and the Petition is dismissed under *Rose,* Petitioner may be unable to seek federal habeas review of any of his claims, because any later refiling of his Petition may be barred by the AEDPA limitations period.

In the alternative, the Court will also provide Petitioner with the opportunity to delete his unexhausted claims for ineffective assistance of counsel and double jeopardy and proceed with his exhausted claim related to the alleged deprivation of his mental illness defense. If Petitioner chooses this course of action, he should be aware that, by deleting his unexhausted claims, he may be unable to obtain federal habeas review of those claims at any future point in time. *See* 28 U.S.C. § 2244.

An appropriate Order will be entered.

### ORDER

At Wilmington, this *8* day of March 2006, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Petitioner Daniel A. Webster's claim based on the Fourth Amendment is *DISMISSED* for failing to present an issue cognizable on federal habeas review. (D.I. 2, at ¶ 12(b).)

**\*7** 2. Not later than March 30, 2006, Petitioner Daniel A. Webster shall either: (1) inform the Court in writing that he intends to delete the unexhausted claims for ineffective assistance of counsel and double jeopardy from his Petition and proceed only with his exhausted claim related to his mental illness defense; or (2) file a Memorandum addressing whether he had good cause for his failure to exhaust his claims for ineffective assistance of counsel and double jeopardy so that the Court can determine whether a stay of the Petition is warranted to allow

Slip Copy                                                                    Page 6
Slip Copy, 2006 WL 572711 (D.Del.)
**(Cite as: Slip Copy)**

Petitioner an opportunity to present these claims to
the Delaware state courts.

3. If Petitioner fails to comply with either alternative,
the Court will presume that Petitioner did not have
good cause for his failure to exhaust state court
remedies for his unexhausted claims and dismiss the
Petition in its entirety as a mixed Petition.

4. Because Petitioner has failed to make a
"substantial showing of the denial of a constitutional
right," the Court declines to issue a Certificate of
Appealability pursuant to 28 U.S.C. § 2253(c)(2).

D.Del.,2006.
Webster v. Kearney
Slip Copy, 2006 WL 572711 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:04cv00361 (Docket) (Jun. 07, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                                              Page 1
Not Reported in F.Supp.2d, 2002 WL 100572 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Rafael A. PADILLA, Petitioner,
v.
Sherese BREWINGTON-CARR, Warden, and
Attorney General of the State of Delaware,
Respondents.
**No. CIV.A.98-661-GMS.**

Jan. 22, 2002.

### MEMORANDUM AND ORDER

SLEET, District J.

*1 After being arrested in Delaware for trafficking in cocaine, Rafael A. Padilla filed with the court [FN1] a petition for a writ of habeas corpus. At the time he filed his habeas petition, Padilla was in custody at the Multi-Purpose Criminal Justice Facility in Wilmington, Delaware, charged with trafficking in cocaine. In his petition, he alleges that his pretrial detention violated the Uniform Extradition Act and his constitutional rights. For the reasons that follow, the court will dismiss Padilla's habeas petition.

> FN1. This matter was originally assigned to the Honorable Joseph J. Longobardi, but was reassigned to this court on August 18, 1999.

### I. BACKGROUND

On August 20, 1998, Rafael Padilla was arrested in New Castle County, Delaware, for trafficking in cocaine. The Delaware Superior Court set bail at $18,000. Shortly thereafter, New Jersey authorities lodged a detainer against Padilla, charging him with possession of cocaine. According to Padilla, he posted bail in full on the Delaware charge and demanded an extradition hearing. [FN2] He alleges that despite his numerous demands, Delaware authorities refused to release him or convene an extradition hearing.

> FN2. The respondents do not agree that Padilla posted bail. (D.I.7, ¶ 5.) As the respondents acknowledge, however, the court need not resolve this factual dispute.

Even if Padilla is correct, the court cannot grant his habeas petition, as explained below.

On October 14, 1998, Padilla filed with the court the current petition for a writ of habeas corpus, labeled as a petition pursuant to 28 U.S.C. 2254. In his habeas petition, Padilla asserts that Delaware's refusal to release him on bond or to conduct an extradition hearing violated the Uniform Extradition Act and his constitutional rights.

Shortly thereafter, on November 1, 1998, Padilla filed in the Superior Court a petition for a writ of habeas corpus, seeking his immediate release from custody. On November 9, 1998, however, Padilla pleaded guilty to the pending charge of trafficking in cocaine and was sentenced to boot camp. The Superior Court then dismissed Padilla's state habeas petition as moot.

The respondents ask the court to dismiss Padilla's current habeas petition on the ground that his claims are procedurally barred from federal habeas review.

### II. DISCUSSION

Initially, the court must determine whether 28 U.S.C. § 2254 authorizes the court to entertain Padilla's habeas petition. By its terms, § 2254 requires federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). At the time Padilla filed his habeas petition, he had not been convicted or sentenced. Rather, he was in custody charged with trafficking in cocaine in violation of Delaware law. Because no "judgment of a State court" had yet been rendered, Padilla was not "in custody pursuant to the judgment of a State court." For this reason, § 2254 does not authorize the court to entertain Padilla's habeas petition.

Padilla's misplaced reliance on § 2254, however, does not mandate dismissal of his habeas petition without further inquiry. The power of a federal court to grant a writ of habeas corpus extends to any prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Unlike § 2254, § 2241 authorizes federal courts to issue the writ "before a

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 100572 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

judgment is rendered in a state criminal proceeding." *Moore v. DeYoung,* 515 F.2d 437, 442 (3d Cir.1975). For this reason, the court treats Padilla's habeas petition as a § 2241 petition rather than a § 2254 petition. [FN3]

> FN3. In treating Padilla's habeas petition as a § 2241 petition, the court is not unmindful of *Coady v. Vaughn,* 251 F.3d 480 (3d Cir.2001). In *Coady,* the Third Circuit rejected a state prisoner's attempt to rely on § 2241 to challenge the execution of his state sentence. *Id.* at 485. *Coady* suggests that state prisoners may not rely on § 2241 when challenging any incarceration "pursuant to the judgment of a State court." *Id.* The court does not read *Coady* as proscribing reliance on § 2241 when a state prisoner challenges only his pretrial detention, and not the conviction or sentence of a state court.

*2 The court must next determine whether Padilla's habeas petition is now moot. Shortly after filing his habeas petition, Padilla pleaded guilty and was sentenced. At that point, the alleged unlawful pretrial detention of which he complained ceased. If this renders Padilla's habeas petition moot, the court lacks jurisdiction and must dismiss it. [FN4] *Chong v. District Director, INS,* 264 F .3d 378, 383-84 (3d Cir.2001)(citing *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 90 (1998)). Federal courts must resolve mootness issues, "even when not raised by the parties, before turning to the merits." *Chong,* 264 F.3d at 383.

> FN4. The court does not suggest that Padilla's petition is moot because he no longer satisfies the "in custody" requirement. Without question, Padilla satisfies the "in custody" requirement because he was incarcerated when he filed his petition. *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998)(stating that a petitioner satisfies the "in custody" requirement if he was incarcerated at the time the petition was filed). Rather, as explained below, the court must determine whether Padilla continues to have a personal stake in the outcome of this case in light of the termination of his pretrial detention. *Id.*

Pursuant to Article III, the power of federal courts extends only to cases and controversies. *Id.* at 383. A litigant has standing to pursue a case or controversy in federal court only if he "has suffered, or is threatened with, an actual injury traceable to the [respondent] that is likely to be redressed by a favorable decision." *Id.* at 384. This "personal stake in the outcome" of a case must continue throughout the litigation. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

An individual who has been convicted and is incarcerated as a result of his conviction always has standing to challenge his incarceration. *Id.* If his sentence expires while the litigation is pending, he must demonstrate a "concrete and continuing injury" in order to maintain standing in federal court. *Id.* Federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement, even after the sentence expires. *Id.* at 8. Where a petitioner does not attack his *conviction,* however, the injury requirement is not presumed; rather, the petitioner must demonstrate continuing collateral consequences adequate to meet the injury requirement. *Id.* at 14; *Chong,* 264 F.3d at 384.

In the matter at hand, Padilla does not challenge any conviction or sentence. His habeas petition challenges only his pretrial incarceration, a period of detention that ceased once he pleaded guilty to the pending charge of trafficking in cocaine. To maintain standing to challenge his pretrial incarceration, Padilla must demonstrate continuing collateral consequences sufficient to meet the injury requirement.

The court is unable to find any such continuing collateral consequences. Now that Padilla has admitted his guilt to the charge on which his pretrial detention was based, the court cannot discern any injury that could be redressed by a favorable decision in the current matter. Absent any conceivable continuing injury, Padilla no longer has standing to maintain this action. For this reason, the court will dismiss his habeas petition as moot. *See Thorne v. Warden, Brooklyn House of Detention for Men,* 479 F.2d 297, 299 (2d Cir.1973)(dismissing as moot § 2241 petition challenging pretrial detention once petitioner was convicted).

### III. CERTIFICATE OF APPEALABILITY

*3 "At the time a final order denying a petition under

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

28 U.S.C. § 2254 or § 2255 is issued, the district judge shall make a determination as to whether a certificate of appealability should issue." Third Circuit Local Appellate Rule 22.2. Rule 22.2 does not expressly apply when the court denies a § 2241 petition. Because the court is treating Padilla's petition as a § 2241 petition, it appears that Rule 22.2 does not require the court to determine whether a certificate of appealability should issue.

Nonetheless, in the event that such a determination may be required, the court finds that Padilla is not entitled to a certificate of appealability. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the court has concluded that Padilla's petition must be dismissed as moot. The court is persuaded that reasonable jurists would not find its conclusion debatable or wrong. Padilla has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:
1. Padilla's petition for a writ of habeas corpus is treated as a petition pursuant to 28 U.S.C. § 2241, and so treated, is DISMISSED as moot.
2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2002.
Padilla v. Brewington-Carr
Not Reported in F.Supp.2d, 2002 WL 100572 (D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                                Page 1
Slip Copy, 2005 WL 3271655 (D.Del.)
**(Cite as: 2005 WL 3271655 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
James KNOX, Petitioner,
v.
Thomas CARROLL, Warden, Respondent.
**No. Civ.A. 03-1166GMS.**

Nov. 30, 2005.
James Knox, petitioner, pro se.

Loren C. Meyers, Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for respondent.

MEMORANDUM OPINION

SLEET, J.

I. INTRODUCTION

*1 Petitioner James Knox ("Knox") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. He has filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U .S.C. § 2254. (D.I.2.) For the reasons that follow, the court will dismiss his petition.

II.    FACTUAL    AND    PROCEDURAL
BACKGROUND

In September 2000, a Kent County grand jury indicted Knox for the offenses of first degree unlawful sexual intercourse (11 Del. C. Ann. § 775) and endangering the welfare of child (11 Del. C. Ann. § 1102(a)(1)(a)). The charges stemmed from Knox's sexual intercourse in April and May of 1997 with his then nine-year-old stepdaughter. As recounted in the police reports, the abuse came to light in late July 2000.

In February 2001, Knox, with the assistance of counsel, pled guilty to the lesser included offense of second degree unlawful sexual intercourse. The plea agreement was entered pursuant to the provisions of Delaware Superior Court Criminal Rule 11(e)(1)(c).

(D.I. 14, State's Motion to Affirm in *Knox v. State,* No. 150,2003, at 2.) The Superior Court sentenced him to twenty years at Level V imprisonment, suspended after the ten year minimum mandatory term for an additional ten years of decreasing levels of probation.

Knox did not file a direct appeal from his February 2001 conviction and sentence. He did, however, file a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). His Rule 61 motion, and an amended Rule 61 motion, asserted one claim of ineffective assistance of counsel and five additional claims of legal error. After Knox's defense counsel filed a response to the allegations, a Superior Court Commissioner recommended denial of the motion. The Superior Court adopted the Report and Recommendation in February 2003. *State v. Knox,* 2003 WL 751182 (Del.Super.Ct. Feb. 26, 2003). Knox appealed, and the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. *Knox v. State,* 826 A.2d 298 (Table), 2003 WL 21456287 (Del. June 17, 2003).

In December 2003, Knox filed in this court a petition for the writ of habeas corpus, raising seven claims for relief. (D.I.2.) The State filed an answer, asking the court to dismiss the petition because five claims do not warrant relief under § 2254(d)(1), one claim is procedurally barred, and one claim is not cognizable on federal habeas review. (D.I.11.) Knox filed a response challenging the State's arguments on substantive grounds and also alleging that his procedural default of one claim was due to his misunderstanding of the Truth in Sentencing form. (D.I.15.)

Knox's petition is ready for review.

III. GOVERNING LEGAL PRINCIPLES

A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003)(internal citations and quotation

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

B. Exhaustion and Procedural Default

**\*2** Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claim was "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F .3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). " 'Fair presentation' of a claim means that the petitioner 'must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.' " *Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir.2004)(citing *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999)).

A petitioner's failure to exhaust state remedies will

be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although the failure to exhaust state remedies may be excused, unexhausted claims are still procedurally defaulted. *Lines,* 208 F.3d at 160. Similarly, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192.

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claim. *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate actual prejudice by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

**\*3** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency, *Bousley v. United States,* 523 U.S. 614, 623 (1998), and is established if no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002).

C. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). A claim is considered to have been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d)(1) if the state court "decision finally resolv[es] the parties claims, with *res jvdicata* effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn,* 355 F.3d 233, 247 (3d Cir.2004)(internal citations omitted), *reversed on other grounds by Rompilla v. Beard,*--U.S.--, 125 S.Ct. 2456, 162 L.Ed.2d 360 (2005).

When reviewing a § 2254 petition, a federal court must presume the state court's determinations of factual issues are correct, unless the petitioner presents clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000).

## IV. DISCUSSION

Knox asserts the following seven grounds for relief in his petition: (1) defense counsel provided ineffective assistance by: failing to investigate exculpatory information, failing to interview any corroborating witnesses, and erroneously telling petitioner he would receive "early release credits" if he pled guilty; (2) the terms of the plea agreement have not been fulfilled because he is not earning good time credit as envisioned by the language contained in the Truth-in-Sentencing Guilty Plea Form; (3) his confession was coerced; (4) his defense counsel coerced him into entering the plea agreement; (5) his August 2, 2000 arrest was illegal because the statement used to secure the warrant was made during his illegal detention on August 1, 2000; (6) he was denied representation during the August 1, 2000

police interrogation; and (7) the Superior Court abused its discretion in denying his Rule 61 motion without first affording him an evidentiary hearing.

A. Claims one and four: ineffective assistance of counsel

*4 In his first claim, Knox asserts the following allegations regarding his counsel's deficient performance: (1) counsel failed to investigate exculpatory information; (2) counsel failed to interview any corroborating witnesses; and (3) counsel erroneously told petitioner that he would receive "early release credits" if he pled guilty. Knox's fourth claim asserts that his counsel's ineffectiveness coerced his guilty plea, that his counsel threatened him, and that his counsel told him the wrong trial date, causing him to believe he had to accept the plea agreement or it would be "too late."

The record reveals that Knox exhausted state remedies for these ineffective assistance of counsel allegations by presenting them to the Delaware Supreme Court in his post-conviction appeal. The Delaware Supreme Court denied these claims as meritless. Therefore, the court must apply the deferential standard provided by § 2254(d)(1) and determine whether Delaware Supreme Court's decision was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.

The "clearly established Federal law" which governs ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington,* 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith,* 539 U.S. 510 (2003). To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must demonstrate both that: (1) counsel's performance fell below an objective standard of reasonableness measured under prevailing professional norms; and (2) counsel's deficient performance actually prejudiced the petitioner's case; in other words, there is a reasonable probability that, but for counsel's faulty performance, he would have decided to proceed to trial. *Hill v. Lockhart,* 474 U.S. 52, 57, 59 (1985); *Strickland,* 466 U.S. at 690; *Dooley v. Petsock,* 816 F.2d 885, 891-92(3d Cir.1987). In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock,* 941 F.2d 253, 259-260; *Dooley,* 816 F.2d at 891-92. Although not insurmountable, the *Strickland* standard is highly

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland,* 466 U.S. at 689.

Here, the Delaware Supreme Court identified *Strickland* as the appropriate standard to apply and concluded that the Superior Court did not err in finding that Knox had failed to satisfy the two-part test in *Strickland. Knox,* 2003 WL 21456287, at * *2. Consequently, the state supreme court's denial of Knox's ineffective assistance of counsel claims was not "contrary to" clearly established Federal law. *Williams,* 529 U.S. at 406 (holding that when a "run-of-the-mill state-court decision applie[s] the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case," the decision is not "contrary to" that precedent).

**\*5** The court must also determine whether the state court's rejection of Knox's ineffectiveness claims involved an "unreasonable application of" *Strickland. See* 28 U.S.C. § 2254(d)(1). "The unreasonable application test is an objective one--a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Jacobs v. Horn,* 395 F.3d 92, 100 (3d Cir.2005)(citing *Wiggins v. Smith,* 539 U.S. 510, 520-21 (2003)). Rather, a federal habeas court must objectively evaluate the state court decision on the merits and determine whether the state court reasonably applied the correct rule to the specific facts of the petitioner's case. *See Williams,* 529 U.S. at 409, 412- 13; *Matteo,* 171 F.3d at 891.

Knox's first two interrelated allegations are that his counsel failed to investigate exculpatory information and interview any corroborating witnesses. When a petitioner alleges his counsel provided ineffective assistance by failing to interview or investigate a potential witness, he must identify the potential witness and indicate the type of testimony to be obtained from such witness. *See, e.g., Zettlemoyer v. Fulcomer,* 923 F.2d 284, 298 (3d Cir.1991); *Lewis v. Mazurkiewicz,* 915 F.2d 106, 115 (3d Cir.1990). Here, Knox's Response to the State's Answer contends that his other five children were potential witnesses who could have refuted the statement made to the police by the victim's brother (Knox's step-son). (D.I. 14, Op. Br. in *Knox v. State,* No. 150,2003, at 14.) His brief also asserts that he "stated to counsel that he was not the perpetrator the defendant [sic] other children were the only potential witnesses who could have offered contradictory testimony to [the victim's] statement. These witnesses also had the potential to corroborate facts given to

[counsel] by the defendant." *Id.*

 The state record includes statements made to the police by Knox, the victim, the victim's brother, and Knox's wife. In his statement, Knox denied having sexual intercourse with his step-daughter, but described several incidents where the girl allegedly initiated sexual contact with him. He also told police of one brief episode of fellatio with his step-daughter, but he claimed that he had only engaged in the episode while asleep and thinking that it was with his wife; once he woke up and realized he was with his step-daughter, he stopped the sexual contact.

 The victim's brother gave a statement to the police describing two incidents. The first incident was recounted to him by the victim, and involved the same incident of fellatio described by Knox. The second incident ("birthday incident") involved the brother's own independent observation of a time when his step-father "took the victim into a bedroom and told the other kids to stay out because he wanted to talk to the victim about her upcoming birthday. [The brother] recalled that the victim went into the bedroom with a purple shirt and came out wearing a pink shirt. He later asked her about the shirt and she told him that she threw up when the defendant made her suck his dick." (D.I. 14, Appendix to Appellant's Op. Br. in *Knox v. State,* No. 150, 2003, Statement of Witness 003.)

 **\*6** The victim's statement to the police recounted several instances of sexual contact with Knox, including the birthday incident described by her brother. *Id.* at Statement of Victim 001.

 Knox believes that his five children would have contradicted his step-son's police statement regarding the birthday incident. However, Knox does not explain whether these witnesses would have stated that Knox and the victim never entered a bedroom alone, or whether they would have stated that the victim did not exit the bedroom in a shirt different from the one she was wearing when she first entered the bedroom. Further, in his Rule 61 affidavit, Knox's attorney provided letters demonstrating Knox's "bizarre" and self-serving stories offered in an attempt to prove his non-involvement in the sexual abuse incidents. (D.I. 14, State's Motion to Affirm in *Knox v. State,* No. 150,2003, Exh. 1.) Given the three credible statements given to the police by the victim, her brother, and Knox himself, Knox's attorney could reasonably have believed that interviewing Knox's five children would not have proven fruitful.

Further, Knox has not satisfied the prejudice prong of *Strickland* and *Hill*. Neither his state court filings nor his habeas petition indicate how his decision to plead guilty was affected by his counsel's failure to question the potential witnesses or investigate the possible exculpatory evidence. *See Dooley v. Petsock,* 816 F.2d 885, 891-92 (3d Cir.1987). In fact, Knox stated on the Truth-in-Sentencing ("TIS") Guilty Plea Form and during his plea colloquy that he entered his plea voluntarily and that he was satisfied with his counsel's performance. He also answered affirmatively when the Superior Court judge asked if he was, in fact, guilty of the charge. These statements were made in open court, and indicate Knox's satisfaction with his counsel's performance. *See Mitchell v. U.S.,* 526 U.S. 314, 322 (1999)("statements or admissions made during the preceding colloquy are later admissible against the defendant."). As stated by the United States Supreme Court:

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). Thus, the Delaware Supreme Court did not unreasonably apply *Strickland* and *Hill* in denying Knox's ineffective assistance of counsel claims regarding his counsels failure to investigate exculpatory evidence or interview potential corroborating witnesses.

Knox also claims that defense counsel erroneously told him that he could receive good time credits to reduce his minimum mandatory ten year sentence. Although an attorney's failure to adequately inform the defendant about considerations relevant to his decision to accept or deny the plea agreement can constitute deficient performance, *see Davis v. Greiner,*--F.3d -, 2005 WL 2500690, at *6 (2d Cir. Oct. 11, 2005), the record refutes Knox's assertion.

*7 During the plea colloquy, defense counsel stated to the court that he had informed Knox that no good time credit was available on the ten year minimum sentence. During the same colloquy, Knox told the judge that he understood the charge carried a ten year minimum mandatory sentence. Thus, even if defense counsel misstated the availability of good time

credits, this mistake was corrected during the plea colloquy. *See United States v. Thomas,* 470 F.Supp. 968, 971 (E.D.Pa.), *aff'd,* 612 F.2d 575 (3d Cir.1979)(Table).

Knox, however, argues that the statements made during the plea colloquy contradict the statements contained in the TIS guilty plea form. This argument is without merit and does not help his position. The TIS guilty plea form only advises the defendant that there is no parole and that he can *earn no more than* ninety days of "early release credit" each year; it does not state that he is *entitled to* "early release credit." (emphasis added)

Knox further contends that defense counsel "coerced" him into pleading guilty. However, simply advising a defendant to plead guilty is not coercion; an attorney's function is "to persuade his client to take that course which, to the attorney, in the light of his experience, appears to be the wisest." *Devers v. People of State of California,* 422 F.2d 1263, 1264 (9th Cir.1970). Here, if Knox had proceeded to trial, he could have received a life sentence for first degree unlawful sexual intercourse. *See* 11 Del. C. Ann. § 775, 4205(b)(1)(Repl.1995)(first degree unlawful sexual intercourse classified as class A felony punishable by fifteen years to life). Knox himself never alleges that there was any chance of acquittal. By pleading guilty, Knox received a ten year prison sentence, and other charges (filed in Kent and Sussex counties) were dropped. [FN1] Because the difference between life imprisonment and a ten-year term is substantial, recommending a plea in this situation appears to have been the "wisest choice." Thus, the Delaware Supreme Court did not unreasonably apply *Strickland* or *Hill* in denying this claim.

> FN1. Charges of witness tampering and violation of bond conditions were filed in Kent and Sussex counties. (D.I. 11, at 2.)

Finally, Knox's assertions regarding his counsel's alleged threats are conclusory and unsupported. Further, he has not provided concrete support demonstrating that he would not have pled guilty if not for his counsel's alleged threats and misinformation about his trial date. *See Wells v. Petsock,* 941 F.2d 253, 259-260; *Dooley,* 816 F.2d at 891-92 (holding that a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal of his ineffective assistance of counsel claim). Thus, the court will dismiss this claim for failing to overcome the "strong

presumption that the representation was professionally reasonable." *Strickland,* 466 U.S. at 689.

B. Claim two: terms of the plea agreement

In his second claim, Knox contends that he is not earning good time credit as envisioned by the language on the TIS guilty plea form. Knox exhausted state remedies by presenting this claim to the Delaware Supreme Court on appeal from the denial of his Rule 61 motion. Nevertheless, the State contends that federal habeas review is precluded because the Delaware state courts rejected the claim on an independent and adequate state procedural ground.

**\*8** The court agrees that it is procedurally barred from reviewing this claim on the merits. The Superior Court explicitly found the claim procedurally defaulted under Delaware Superior Court Rule 61(i)(3). *Knox,* 2003 WL 751182, at \*1 (Knox did not assert the claim at the plea, sentencing, or on direct appeal, and because he failed to demonstrate that his counsel provided ineffective assistance, he did not establish cause or prejudice excusing his procedural default). The Delaware Supreme Court affirmed the Superior Court's judgment "on the basis of the Superior Court's order." *Knox,* 2003 WL 21456287, at \* \*2 (Del. Jun. 17, 2003). The Delaware Supreme Court did not mention Knox's claim regarding the terms of the plea agreement. Nevertheless, absent proof that the state supreme court reached the merits of this claim, the court is bound to presume that the Delaware Supreme Court's unexplained decision rested on the same procedural default grounds as the Superior Court's decision. *See Ylst v. Nunnemaker,* 501 U.S. 797, 805 (1991); *Hull v. Freeman,* 991 F.2d 86, 89 (3d Cir.1993)("[U]nder *Ylst,* a federal court faced with an unexplained state court order should 'look through' to the previous state court judgment on the same claim and presume that the unexplained order rests on the same ground as that judgment"). Consequently, the court presumes that the Delaware Supreme Court denied the instant claim as procedurally barred under Delaware Superior Court Criminal Rule 61(i)(3).

The dismissal under Rule 61(i)(3) constituted a plain statement that the courts' decisions rested on state law grounds. *Harris v. Reed,* 489 U.S. 255, 263-65 (1989); *see Ylst v. Nunnemaker,* 501 U.S. 797 (1991). This court has consistently held that Delaware Superior Court Criminal Rule 61 is an independent and adequate state ground precluding federal habeas

review. *See Maxion v. Snyder,* 2001 WL 848601, at \*10 (D.Del. July 27, 2001)(all sub-parts of Rule 61 constitute independent and adequate state procedural grounds); *Dawson v. Snyder,* 988 F.Supp. 783, 804 (D.Del.1997), *rev'd on other grounds by Dawson v. Snyder,* 234 F.3d 1264 (3d Cir.2000). As such, the court cannot provide federal habeas review of this claim unless Knox establishes cause for his procedural default and actual prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to review this claim. *See* 28 U.S.C. § 2254(a); *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

Knox appears to assert his counsel's ineffective assistance as cause for his procedural default. An ineffective assistance of counsel claim can only establish cause for a procedural default if it is determined that counsel did, in fact, provide constitutionally ineffective assistance. *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986); *Edwards v. Carpenter,* 529 U.S. 446, 451-51 (2000). As previously explained, the court has concluded that Knox's ineffective assistance of counsel claim is meritless. Therefore, counsel's actions do not excuse Knox's procedural default.

**\*9** Knox has not asserted any other cause for his failure to present this claim in his post-conviction appeal. In the absence of cause, the court does not need to reach the question of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986). Nevertheless, Knox cannot establish prejudice because his contention is baseless. The language of the plea agreement does not promise that Knox *will earn* any good time credits; rather, the language indicates that *if* good time credits can be earned, the credit will be limited to 90 days. [FN2] The TIS guilty plea form, signed by Knox, also states that the minimum mandatory penalty for his sentence is ten years. (D.I. 14, State's Motion to Affirm in Knox v. State, No. 150, 2003, at Exh. E.) In Delaware, a minimum mandatory sentence cannot be reduced by good time credit. *See, e.g., Pleasanton v. State,* 817 A.2d 791, 793 (Del.2003). Thus, Knox was not eligible for good-time credits.

> FN2. The TIS guilty plea form states: "Do you understand that, if incarcerated, you will not be eligible for parole, and the amount of early release credits which you may earn will be limited to a maximum of ninety (90) days per year?" (D.I. 14, State's Motion to Affirm in Knox v. State, No. 150, 2003, at

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exh. E.) (emphasis added)

Further, during the plea colloquy, defense counsel said that he told Knox a minimum mandatory sentence could not be reduced by good time credit. The plea colloquy transcript does not indicate that Knox objected to this statement or that he was confused about the good time credit issue. Because the guilty plea agreement does not contain the terms as alleged by Knox, there is no issue of "nonfulfillment." Thus, Knox has failed to demonstrate prejudice resulting from his procedural default.

Knox also has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim. Accordingly, the court is procedurally barred from reviewing claim two.

**B. Claims Three, Five, and Six: illegal confession and arrest**

In claims three and six, Knox contends that his confession was coerced and that he was denied representation during his August 1, 2001 police interrogation. Claim five contends that his arrest on August 2, 2001 was illegal because it was based on his illegally obtained statement on August 1, 2001. The State correctly acknowledges that Knox exhausted state remedies for these claims by presenting them to the Delaware Supreme Court in his direct appeal. The Delaware Supreme Court denied these claims as meritless. Consequently, federal habeas relief will not be warranted unless this decision is either contrary to, or an unreasonable application of, clearly settled Federal law as established by the United States Supreme Court. *See* § 2254(d)(1).

The first step in the § 2254(d)(1) inquiry is to determine the clearly established Supreme Court precedent governing the issue at the time of petitioner's conviction. It is well-settled that a "an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty." *Haring v. Prosise,* 462 U.S. 306, 319-20 (1983); *Tollett v. Henderson,* 411 U.S. 258 (1973). A defendant who entered a guilty plea "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective]." *Tollett,* 411 U.S. at 267; *see also Hill v. Lockhart,* 474 U.S. 52, 56-8 (1985).

*10 Here, the Delaware Supreme Court first determined that Knox's guilty plea was not the product of ineffective assistance of counsel, and then concluded that Knox had waived the right to challenge his confession and arrest because he had voluntarily and knowingly entered a guilty plea. *Knox,* 2003 WL 21456287, at * *2. This conclusion is neither contrary to, nor an unreasonable application, of *Tollett.* Thus, claims three, five, and six do not warrant habeas relief under § 2254(d)(1).

**C. Claim seven: state post-conviction proceedings**

Knox's final claim is that the Superior Court should not have denied his Rule 61 motion without first affording him an evidentiary hearing. This claim fails to present an issue cognizable on federal habeas review because it alleges an error in a state collateral proceeding. *See Lambert v. Blackwell,* 387 F.3d 210, 247 (3d Cir.2004)("alleged errors in [state] collateral proceedings ... are not a proper basis for habeas relief"); *Hassine v. Zimmerman,* 160 F .3d 941, 954 (3d Cir.1998); *Gattis v. Snyder,* 46 F.Supp.2d 344, 384-85 (D.Del.1999)(citing cases). Thus, the court will dismiss this claim.

**V. CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack,* 529 U.S. at 484.

The court concludes that Knox's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

VI. CONCLUSION

For the reasons stated, Knox's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

ORDER

For the reasons set forth in the Memorandum Opinion issued this date, **IT IS HEREBY ORDERED** that:

1. James Knox's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I.1.)

2. The court declines to issue a certificate of appealability.

Slip Copy, 2005 WL 3271655 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03CV01166 (Docket) (Dec. 29, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                              Page 1
Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
William Joseph WEBB, Jr., Petitioner,
v.
Thomas L. CARROLL, Warden, Respondent.
**No. Civ.A. 02-583-GMS.**

Oct. 6, 2003.

*MEMORANDUM AND ORDER*

SLEET, J.

*1 Petitioner William Joseph Webb, Jr. pled guilty in the Delaware Superior Court to first degree assault, first degree burglary, and endangering the welfare of a child. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware. Webb has filed with the court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and nine various motions. (D.I.s 2, 5, 7, 17, 28, 29, 31, 42, 43, 49.) For the reasons explained below, the court will deny his petition and dismiss the motions as moot.

I.    PROCEDURAL    AND    FACTUAL
BACKGROUND

In July 1999, the petitioner, William Joseph Webb, Jr., became involved in a dispute with his former girlfriend (and mother of his two children). During the dispute, Webb stabbed her several times. He was arrested and thereafter indicted in September 1999. At the time of the July 1999 assault, Webb was on probation for a 1997 burglary conviction.

In March 2000, Webb pled guilty to first degree burglary, first degree assault, and endangering the welfare of a child. He also admitted violating his probation. In June 2000, Webb was sentenced as follows: 1) for the Burglary conviction, Webb was sentenced to twelve years incarceration at Level 5 to be suspended after five years for decreasing levels of probation; 2) for the Assault conviction, Webb was sentenced to thirty months incarceration at Level 5 to be suspended after two years for decreasing levels of

probation; and 3) for the endangering the welfare of a child conviction, Webb was sentenced to twelve months incarceration to be suspended for probation. On the violation of probation, Webb had his probation revoked and was re-sentenced to three years of incarceration at Level 5. (D.I. 25, State's Appendix to Rule 26(C)(i) Brief in *Webb v. State,* No. 110,2002 at A19 -24.)

Webb did not appeal his conviction or sentence. Instead, in August 2000, he filed his first motion for post-conviction relief. In this motion, Webb asserted that his counsel provided ineffective assistance of counsel and that the prosecutor recommended a higher sentence than the one agreed upon in the plea agreement. The Superior Court denied this motion, and Webb did not appeal. *See State v. Webb,* Nos. 9702013762, 9907017204, 2000 WL 1610769 (Del.Super.Ct.Oct.2, 2000)*("Webb 1"* ).

Webb filed his second motion for post-conviction relief in October 2000 asserting two claims for relief. First, he alleged that he entered his plea involuntarily in response to the victim's threat to ban all contact between Webb and his children if the case went to trial. Second, he again alleged that the prosecutor breached the plea agreement by recommending a sentence higher than the one agreed upon. The Superior Court denied the motion as being barred by Superior Court Criminal Rule 61(i)(2) or (4). *State v. Webb,* Nos. 9702013762, 9907017204, 2000 WL 33115728 (Del.Super.Ct. Nov. 27, 2000)*("Webb 2"* ).

Webb appealed that decision to the Delaware Supreme Court. Although the Delaware Supreme Court affirmed the Superior Court's decision, it remanded the case to Superior Court to correct the sentence imposed for first degree burglary from twelve years imprisonment to ten years imprisonment. All other aspects of Webb's original sentence remained the same. *Webb v. State,* 788 A.2d 529 (Del. Dec. 6, 2001)*("Webb 3"* ).

*2 While Webb's second motion for post-conviction relief was pending, he moved to vacate the Superior Court's June 23, 2000 Order revoking his probation for the 1997 conviction ("VOP"). He alleged that the Superior Court did not provide oral or written reasons for the revocation of his probation. In July 2001, the Delaware Superior Court denied the motion for being repetitive. *State v. Webb,* ID# 9907017204

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
(Cite as: 2003 WL 22299036 (D.Del.))

(Del.Super.Ct. July 11, 2001)(*"Webb 4"* ). This decision was affirmed on appeal. *Webb v. State,* No. 373, 794 A.2d 601 (Del.2002)(*"Webb 5"* ).

In February 2002, Webb moved to reduce and to correct his sentence under Superior Court Criminal Rule 35(a), and the Superior Court denied this motion as time-barred and repetitive. *State v. Webb,* ID 9907017204-138, 9702013762-114 (Del.Super.Ct. Feb. 28, 2002)(*"Webb 6"* ). This decision was affirmed by Delaware Supreme Court on appeal. *Webb v. State,* No. 177,2002, 810 A.2d 350 (Del. July 25, 2002)(*"Webb 7"* ).

## II. GOVERNING LEGAL PRINCIPLES

### A. Standard of Review

A federal district court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When the petitioner is in state custody pursuant to a state court judgment, and the federal habeas claim was adjudicated in state court on the merits, then a federal court cannot grant a writ of habeas corpus unless it finds that the state court decision either: (1) was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

The Third Circuit requires federal courts to utilize a two-step analysis when applying the § 2254(d)(1) standard. *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999)(en banc); *see also Werts v. Vaughn,* 228 F.3d 178 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001). The first step requires federal courts to identify the applicable United States Supreme Court precedent and then determine whether the state court decision is contrary to this clearly established Supreme Court precedent. *Matteo,* 171 F.3d at 888. "Relief is appropriate only if the petitioner shows that the 'Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." ' *Werts,* 228 F.3d at 197(quoting *O'Brien v. Dubois,* 145 F.3d 16, 24-25 (1st Cir.1998)). The petitioner cannot merely demonstrate "that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent *requires* the contrary outcome." *Matteo,* 171 F.3d at 888. Under this standard, habeas relief

cannot be granted if the federal court merely disagrees with a reasonable state court interpretation of the applicable precedent. *Id.*

*3 If the federal court concludes that the state court adjudication is not contrary to the Supreme Court precedent, the court must then determine whether the state court judgment rests upon an objectively unreasonable application of clearly established federal law, as determined by the United States Supreme Court. *Id.* at 880. This analysis involves determining "whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified." *Id.* at 891. Moreover, "in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent." *Id.* at 890. However, once again, a federal court's mere disagreement with the state court's decision does not constitute evidence of an unreasonable application of Supreme Court precedent by a state court. *Werts,* 228 F.3d at 197. Rather, the appropriate inquiry is "whether the state court's application of Supreme Court precedent was objectively unreasonable." *Id.* (citations omitted). For example, if the state court identifies the correct legal principle, "but unreasonably applies that principle to the facts of the prisoner's case," then habeas corpus relief is appropriate. *Williams v. Taylor,* 529 U.S. 362, 413 (2000).

### B. Exhaustion and Procedural Default

A federal habeas petitioner in state custody pursuant to a State court judgment must also satisfy the procedural requirements contained in the AEDPA. [FN1] The federal habeas statute states:

> FN1. Additionally, a federal habeas petition must be brought within the one-year period of limitations required by 28 U.S.C. § 2244(d)(1). The statute of of limitations is not at issue here.

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

28 U.S.C. § 2254(b)(1). Before seeking habeas relief from a federal court, a state petitioner must first exhaust remedies available in the state courts. The state prisoner must give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts,* 228 F.3d at 192.

To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at *2 (D.Del. Dec. 22, 2000). However, if the petitioner did raise the issue on direct appeal, then the petitioner does not need to raise the same issue again in a state post-conviction proceeding. *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1996); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992) (citations omitted).

**\*4** A petitioner "fairly presents" a federal claim for purposes of exhaustion by presenting to the state's highest court a legal theory and facts that are "substantially equivalent" to those contained in the federal habeas petition. *Coverdale,* 2000 WL 1897290, at *2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). The petitioner does not need to identify a specific constitutional provision in his state court brief, provided that "the substance of the ... state claim is virtually indistinguishable from the [constitutional] allegation raised in federal court." *Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982)(quoting *Biscaccia v. Attorney General of New Jersey,* 623 F.2d 307, 312 (3d Cir.1980). Rather, a petitioner may assert a federal claim without explicitly referencing a specific constitutional provision by: (1) relying on pertinent federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in like fact situations; (3) asserting a claim in terms so particular as to call in mind a specific right protected by the Constitution; or (4) alleging a pattern of facts that is well within the mainstream of constitutional litigation. *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999); *Evans,* 959 F.2d at 1231. Further, the state court does not have to actually consider or discuss the issues in the federal claim, provided that

the petitioner did, in fact, present such issues to the court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

A petitioner's failure to exhaust state remedies will be excused if there is no available state remedy. *Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir.2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). However, even though these claims are treated as exhausted, they are procedurally defaulted. *Lines,* 208 F.3d at 160. In addition, if a state court refused to consider a petitioner's claims for failing to comply with an independent and adequate state procedural rule, the claims are deemed exhausted but, once again, procedurally defaulted. *Harris v. Reed,* 489 U.S. 255, 263 (1989); *Werts,* 228 F.3d at 192. In both situations, a federal court may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice or that a "fundamental miscarriage of justice" will result if the court does not review the claim. *McCandless,* 172 F.3d at 260; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1999); *Caswell v. Ryan,* 953 F.2d 853, 861-62 (3d Cir.1992).

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner can demonstrate "actual prejudice" by showing "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494. If the petitioner does not allege cause for the procedural default, then the federal court does not have to determine whether the petitioner has demonstrated actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

**\*5** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir.2001). A petitioner demonstrates a "miscarriage of justice" by showing that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. "Actual innocence" is established by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Sweger v. Chesney,* 294 F.3d 506, 523-24 (3d Cir.2002). The miscarriage of justice exception

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
**(Cite as: 2003 WL 22299036 (D.Del.))**

applies only in extraordinary circumstances and is appropriate only when actual innocence is established, rather than legal innocence. *Sawyer v. Whitley,* 505 U.S. 333, 339 (1992).

## III. DISCUSSION

Webb asserts nine grounds in his habeas petition: 1) his guilty plea was involuntary; 2) he was coerced into pleading guilty because the victim of the 1999 assault threatened that he would never see his children again if the case proceeded to trial; 3) the Superior Court did not have jurisdiction to sentence him because the 1999 offense was a domestic violence incident; 4) his May 1997 burglary conviction and his June 2000 revocation of the probationary sentence imposed for that burglary conviction both violated the double jeopardy clause; 5) counsel in the 1997 proceedings and counsel for the 1999 plea agreement provided ineffective assistance; 6) he was denied the right to appeal his sentence and conviction "under false circumstances, as stated in grounds one, two, four, and five"; 7) the Delaware Superior Court's refusal to provide transcripts of his plea colloquy and sentencing hearing violated his right to due process; 8) he was mentally incompetent when he entered his guilty plea, thereby violating due process; and 9) the sentencing judge violated due process by failing to "give what trial/plea judge accepted at the time of plea agreement." (D.I.2.)

The respondent asserts that most of Webb's claims are procedurally barred, and the claims that were decided on the merits in state court do not provide a basis for federal habeas relief. (D.I.23.) Webb's federal habeas petition is now ripe for review.

### A. Claim One: Involuntary Guilty Plea

Webb asserts that the State "unlawfully induced" his guilty plea for seven various reasons: 1) the prosecutor breached the plea agreement by failing to recommend the sentence agreed upon; 2) the respondent added his son's name to the "no contact" portion of the plea agreement without his knowledge after he had signed the agreement; 3) he was denied the right to a speedy trial; 4) the sentencing guidelines changed after Webb pled guilty; 5) the judge did not ensure that Webb understood he could not withdraw his guilty plea; 6) the sentencing judge did not advise him of his right to appeal; and 7) the guilty plea was involuntary because he was mentally incompetent at the time of the plea. (D.I.) The court will address these claims in turn.

### 1. The prosecutor breached the plea agreement

**\*6** Webb contends that the state prosecutor breached the plea agreement by recommending a sentence for twenty eight years rather than the twenty year sentence agreed upon in the plea agreement. Webb raised this claim in his first motion for post-conviction relief. (D.I. 25, State's Appendix in *Webb v. State,* No. 589,2000 at B-27.) The Superior Court dismissed the entire motion pursuant to Superior Court Criminal Rule 61(d)(4) for being conclusory and without factual support. *Webb 1.* Webb did not appeal this order, but rather, he raised the same claim in his second motion for post-conviction relief. (D.I. 25, State's Appendix in *Webb v. State,* No. 589,2000 at B-36.) The Superior Court dismissed this claim as being barred by Superior Court Criminal Rule 61(i)(4) because it was "formerly adjudicated" in the first post-conviction motion, and new consideration of the claim was not warranted in the interest of justice. *Webb 2,* at \*2. On appeal, the Delaware Supreme Court agreed that the motion was barred by Rule 61(i)(2) and (4) and affirmed the Superior Court's denial of the motion. (*Id.* at 3.) The court further stated "even if the prosecutor did recommend a sentence in excess of what was agreed to, there was no prejudice to Webb since the total amount of the Level V sentence imposed by the Superior Court was less than 20 years." *Id.*

As the foregoing illustrates, Webb presented this claim to the Delaware Supreme Court, thereby exhausting state remedies. However, the Delaware Supreme Court's decision not to review this claim rested on Rule 61(i)(4), which is an independent and adequate state procedural ground. *See Maxion v. Snyder,* 2001 WL 848601, at \*10 (D.Del. July 27, 2001)(all subparts of Superior Court Criminal Rule 61(i) constitute independent and adequate state procedural grounds); *Kirby v. Delaware Via Detainer,* 2001 WL 641729, at \*4 n. 10 (D.Del. May 29, 2001)(Rule 61(i)(4) is an independent and adequate state ground). "When a state-law default prevents the state court from reaching the merits of a federal claim, that claim [cannot] be reviewed in federal court," unless the petitioner establishes cause for the default and prejudice therefrom, or that a miscarriage of justice will result if the court does not excuse the default. *YLST v. Nunnemaker,* 501 U.S. 797, 801 (1991); *see Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160. In order to demonstrate cause for a procedural default, a petitioner must show "some objective factor external to the defense" precluded his compliance with state procedural rules.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
(Cite as: 2003 WL 22299036 (D.Del.))

*McCleskey v. Zant,* 499 U.S. 467, 493 (1991). Unfortunately, Webb has offered no reason for asserting this claim in a second post-conviction motion rather than in a post-conviction appeal. As a result, Webb has not established cause for his procedural default.

Because Webb has failed to demonstrate cause for his procedural default, the court need not consider the issue of actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 533(1986); *Lawrie v. Snyder,, 9* F.Supp.2d 428, 453 (D.Del.1998). Moreover, the court cannot locate any allegations of actual innocence in Webb's submissions. The court thus concludes that federal habeas review of this claim is procedurally barred.

2. The respondent allegedly added Webb's son's name to the plea agreement without his knowledge after he signed the agreement

**\*7** Webb's plea agreement requires that he have no unlawful contact with his children. (D.I. 45, App. to Appellant's Op. Br. at 1.) Webb alleges that the prosecutor, with defense counsel's consent, added his son's name to agreement after he signed it.

Webb has not exhausted state remedies with respect to this claim. Although he raised this assertion in his first motion for post-conviction relief, he neither appealed the Superior Court's denial of the motion nor raised the issue in his second motion for post-conviction relief. Thus, this claim has never been presented to the Delaware Supreme Court.

However, determining that Webb failed to exhaust state remedies does not end the court's inquiry because it must now determine whether Webb can exhaust this ground by presenting it to the Delaware Supreme Court. If state rules prevent Webb from presenting this claim to the Delaware Supreme Court, then the exhaustion requirement will be deemed satisfied because there is no available state remedy. *Lines,* 208 F.3d at 160; *Wenger v. Frank,* 266 F .3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989).

It appears that further state relief is unavailable. First, Webb cannot now present these claims to the Delaware Supreme Court by appealing the Superior Court's order denying post-conviction relief because the time for such appeal has expired. In Delaware, a notice of appeal in any proceeding for post-conviction relief must be filed within thirty days after entry of the order denying relief. *See* Del.Supr. Ct. R. 6(a)(iii). Failure to file a notice of appeal within the

thirty-day time limit deprives the Delaware Supreme Court of jurisdiction to hear the appeal. *See Carr v. State,* 554 A.2d 778, 779 (Del.1989). The Delaware Superior Court denied Webb's first Rule 61 motion on October 2, 2002, more than eleven months ago, clearly beyond the 30 day period for filing an appeal. Thus, the Delaware Supreme Court would dismiss an appeal filed at this late date for lack of jurisdiction.

Second, Webb cannot re-assert this claim in state court because it is procedurally barred by Rule 61(i)(4):

Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(i)(4); *Williams v. Snyder,* C.A. No. 94-682-LON, at ¶ ¶ 9, 10 (D.Del. Nov. 28, 1995). Because Webb already raised this claim in his first post-conviction motion, he is barred from asserting it in a new motion, unless reconsideration is warranted in the interest of justice. Reconsideration is warranted in the interest of justice where "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish the accused." *Cruz v. State,* No. 446, 1995, 1996 WL 21060 (Del. Jan. 10, 1996)(quoting *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)). The record is devoid of any subsequent legal developments suggesting that the Superior Court lacked authority to convict Webb. Further state review of this claim is thus foreclosed by Rule 61(i)(4).

**\*8** Even though deemed exhausted, this claim is still procedurally defaulted. As a result, the court may not consider the merits of this procedurally defaulted claim unless Webb demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750.

Webb does not discuss the issue of procedural default in his submissions to this court, nor does he allege actual innocence. Consequently, the court cannot excuse his procedural default. The court concludes that this claim is procedurally barred from federal habeas review.

3. Webb was denied a speedy trial

Webb contends that he was denied a speedy trial, relying in part on the terms of 11 *Del.Code Ann.* § 5133 (2003). Section 5133 requires state courts and

prosecutors to expedite proceedings involving juvenile victims or witnesses in order to minimize any adverse effect upon the juvenile stemming from the criminal proceedings. Webb presented this claim to the Delaware Supreme Court when he appealed the Superior Court's denial of his motion to reduce and correct his sentence. *Webb 7.* As a result, Webb has exhausted state remedies.

Because the Delaware Supreme Court denied this claim on the merits, the court is limited to determining whether the state court's decision was contrary to, or an unreasonable application of, clearly settled federal law. See 28 U.S.C. § 2254(d)(1). It is well-settled that a defendant's properly counseled and entered guilty plea waives several federal constitutional rights, including the right to confront one's accusers, the right to a jury trial, and the right to a speedy trial. *Tollett v. Henderson,* 411 U.S. 258, 266-67 (1973); *Schneckloth v. Bustamonte,* 412 U.S. 218, 237-38 (1973); *U.S. ex rel. Jenkins v. Hendricks,* 405 F.2d 182, 183 (3d Cir.1968); *U.S. v. Robinette,* 177 F.Supp.2d 279, 285 (D.Del.2001)(guilty plea waives speedy trial claim for § 2255 review).

The Delaware Supreme Court held that Webb waived his speedy trial claim by pleading guilty. *See Webb 7.* This determination is neither contrary to, nor an unreasonable application of, the well-settled law that a guilty plea waives a defendant's right to a speedy trial. Accordingly, this claim does not provide grounds for federal habeas relief.

4. Remaining three guilty plea claims

Webb did not present any of the remaining grounds in Claim One to the Delaware Supreme Court. As such, he has not exhausted state remedies. However, because he failed to raise these claims in his prior post-conviction motions, any further state court review is precluded by Superior Court Criminal Rule 61(i)(2). *See generally Younger v. State,* 580 A.2d 552, 554-55 (Del.1990). Webb is thus excused from the exhaustion requirement. *See Lawrie v. Snyder,* 9 F.Supp.2d 428, 453-54(D.Del.1998).

Because Webb's claims are procedurally defaulted, the court must determine whether his procedural default may be excused. Webb could have presented these claims in his post-conviction appeal. *See Browne v. State,* No. 492, 1991, 1992 WL 21146 (Del. Jan. 21, 1992). Unfortunately, Webb does not explain his procedural default, and the court cannot discern any reason for such default from the record. Moreover, Webb does not allege actual innocence.

Thus, these claims are procedurally barred and do not provide a basis for federal habeas relief.

B. Claim Two: Victim's statements coerced Webb to enter a guilty plea

*9 In his second claim, Webb contends that he was coerced into entering his guilty plea because his ex-girlfriend threatened he would never see his children again if the case proceeded to trial. Webb raised this issue in his first post-conviction motion as a reason for not previously raising the other claims alleged in the motion. (D.I. 25, State's Appendix in *Webb v. State,* No. 589,2000 at B-27.) Then, in his second post-conviction motion, and Webb raised the issue as an independent claim of coercion. (*Id.* at B-36.) The Superior Court denied the second post-conviction motion, and Webb raised this claim on appeal to the Delaware Supreme Court. As a result, Webb has exhausted state remedies with respect to this claim.

However, although exhausted, this claim is procedurally defaulted. Both the Delaware Superior Court and the Delaware Supreme Court stated that, to the extent this claim was new (because Webb did not assert it in his first post-conviction motion), it was procedurally barred by Rule 61(i)(2). Further, if Webb did assert the claim in the first post-conviction motion, then it was previously litigated and barred by Rule 61(i)(4). *See Webb 2; Webb 3.* Regardless of which bar applied, both courts clearly based their refusal to review the claim on the independent and adequate state procedural bar of Rule 61(i). *Maxion,* 2001 WL 848601, at *10. As such, federal habeas review is barred absent a showing of cause and prejudice, or a fundamental miscarriage of justice. *See Coleman,* 501 U.S. at 750.

Webb's habeas petition does not address the issue of procedural default, and the court cannot discern a reason for the default from the record. Moreover, he has not alleged his actual innocence. Accordingly, the court concludes this allegation is procedurally barred.

Additionally, the respondent contends that this claim is without merit. In order for a guilty plea to be vacated on grounds of coercion after the defendant has testified during the plea colloquy that his plea was voluntary, the defendant must show that the coercion was "so overwhelming that he pled guilty." *See United States v. Gwiazdzinski,* 141 F.3d 784, 788 (7th Cir.1998). In order for a coercion claim to implicate due process, the alleged coercion must originate from the court or government, not from family or friends. *See Miles v. Dorsey,* 61 F.3d 1459,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
(Cite as: 2003 WL 22299036 (D.Del.))

Page 7

1469-70 (10 Cir.1995)(collecting cases); *United States v. Pellerito,* 878 F.2d 1535,1541 (1st Cir.1989).

Webb's claim of coercion does not implicate the due process clause because the alleged coercion originated from his ex-girlfriend, not the state or court. Further, at the plea colloquy, Webb testified that his guilty plea was voluntary. Webb's bare allegations do not indicate that his former girlfriend's statements constituted coercion "so overwhelming" as to force him to plead guilty. In short, even if not procedurally barred, the court would conclude that the claim is without merit.

C. Claim Three: The Superior Court did not have jurisdiction to sentence him

**\*10** Webb next alleges that Family Court, rather than the Superior Court, had jurisdiction to sentence him because the offenses giving rise to his convictions originated from an incident of domestic violence. As an initial matter, this claim is without merit because the particular offenses to which Webb pled guilty are felonies, and the Family Court does not have jurisdiction over felonies. 10 *Del.Code Ann.* § 922(a)(2), (3) (Repl.1999).

Webb did not exhaust state remedies because he never presented this claim to the Delaware Supreme Court. Rule 61(i)(2) bars further state relief because Webb failed to raise the claim in his prior motions. *See* Super. Ct.Crim. R. 61(i)(2); *see generally Younger v. State,* 580 A.2d 552, 554-55 (Del.1990). Consequently, Webb's failure to exhaust state remedies is excused. *See Lawrie v. Snyder,* 9 F.Supp.2d 428, 453-54 (D.Del.1998).

Once again, although the exhaustion requirement is excused, this claim is procedurally defaulted. The only remaining question is whether the court can excuse Webb's procedural default. Unfortunately, Webb neither explains the default in his habeas petition nor alleges his actual innocence. As a result, the court cannot review this procedurally barred claim.

D. Claim Four: Double jeopardy violations

Webb next claims that his May 1997 burglary conviction and the June 2000 revocation of the probationary sentence imposed for that burglary conviction ("VOP") violated the double jeopardy clause. This claim was never presented to the state courts and is thus unexhausted.

The court must now determine whether Webb can assert this claim in state court. Delaware Superior Court Criminal Rule 61 imposes several procedural hurdles that must be satisfied before a state court will consider the merits of a petitioner's claim. *See* Super. Ct.Crim. R. 61(i); *Younger v. State,* 580 A.2d 552, 554 (Del.1990) With respect to Webb's 1997 conviction, Rule 61(i)(1) would bar further review of the 1997 conviction because "[a] motion for postconviction relief may not be filed more than three years after the judgment of conviction is final." Super. Ct. R.Crim. P. 61(i)(1). The three-year period "is jurisdictional and cannot be enlarged." *Robinson v. State,* 584 A.2d 1203, 1204 (Del.1990). Clearly, the three year time period for filing a motion for post-conviction relief with respect to the 1997 conviction has expired. Thus, Webb is foreclosed from asserting a new Rule 61 motion for the 1997 conviction.

Similarly, Rule 61(i)(1) bars further review of the June 23, 2000 revocation of probation. The revocation of probation became final on July 23, 2000 because Webb did not appeal the VOP. [FN2] In order to be timely, Webb had to file a new post-conviction motion by July 23, 2003. As such, Webb cannot now timely file a new post-conviction motion asserting this claim.

> FN2. The record indicates that Webb did not appeal the VOP. When a petitioner does not file a direct appeal, his conviction and sentence become final upon the expiration of the thirty day filing period for a notice of appeal. *See Nara v. Frank,* 264 F.3d 310, 314 (3d Cir.2001). The Superior Court sentenced Webb on June 23, 2000. Webb's numerous post-conviction proceedings are not relevant for determining the finality of his sentence.

Rule 61(i)(2) also bars further state review of both the July 1997 conviction and the June 2000 revocation because "any ground for relief that was not asserted in a prior post-conviction proceeding ... is thereafter barred, unless consideration of the claim is warranted in the interest of justice." Despite his numerous post-conviction motions in state court, Webb never raised this claim. Nothing in the record indicates that the Superior Court lacked jurisdiction over either the 1997 burglary conviction or the 2000 revocation of probation, thus, Webb has failed to demonstrate that consideration of the claim is warranted in the interest of justice. *See Woods v. State,* No. 259, 1997, 1997 WL 425492 (Del. July 18,

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
(Cite as: 2003 WL 22299036 (D.Del.))

1997)(citing *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)). Accordingly, Webb is now barred from re-asserting the claim in a new Rule 61 motion.

\*11 As the foregoing illustrates, Webb cannot obtain further state relief for this claim, thereby excusing his failure to exhaust state remedies. However, because Webb does not provide a cause for his procedural default, and does not demonstrate actual innocence, federal habeas review of this claim is barred.

E. Claim 5: Ineffective assistance of counsel

Webb asserts that the attorney who represented him in the 1997 proceedings and the attorney who represented him in connection with the 1999 charges provided ineffective assistance of counsel. [FN3] Due to the voluminous and confusing state post-conviction proceedings initiated by Webb, the court will discuss the alleged ineffective assistance claims separately.

> FN3. Webb was represented by a different attorney for each proceeding.

1. Ineffective assistance claim in connection with the 1997 conviction

Webb never raised an ineffective assistance of counsel claim with respect to the 1997 conviction in either his first or second post-conviction motions, or in his appeal of the second post-conviction motion. As a result, he has failed to exhaust state remedies. Webb is now procedurally barred from raising this claim in state court by Superior Court Criminal Rule 61(i)(1) because the time for filing a new motion for post-conviction relief has expired. *See generally Younger,* 580 A.2d at 554-55. As a result, Webb's failure to exhaust state remedies is excused. However, Webb does not provide a reason for this procedural default, nor does he allege actual innocence. Accordingly, the court is procedurally barred from reviewing the ineffective assistance of counsel claim related to Webb's 1997 conviction.

2. Ineffective assistance of counsel claim in connection with Webb's revocation of probation

The court is also procedurally barred from reviewing Webb's ineffective assistance of counsel claim for the 2000 VOP. After Webb pled guilty to assault in 2000, not only was he sentenced for the assault, but also his probation for the 1997 conviction was revoked. Webb then initiated two separate courses of action. One course challenged the guilty plea itself. The

other course, at issue here, involved a motion for post-conviction relief challenging the VOP. Although Webb did not raise this ineffective assistance of counsel claim in the VOP post-conviction motion, he did raise the issue when he appealed the Superior Court's denial of this motion. *See Webb 5* . However, the Delaware Supreme Court invoked Supreme Court Rule 8 and refused to consider the claim because Webb did not present this issue to the Superior Court in the first instance. *Id.*

As explained above, Webb exhausted state remedies when he presented this issue to the Delaware Supreme Court. Yet, by invoking Delaware Supreme Court Rule 8 to deny this claim, the Delaware Supreme Court relied on an independent and adequate state procedural bar. *See Hubbard v. Carroll,* 2003 WL 277252, at \* 3 (D.Del. Feb. 5, 2003). Consequently, the court can only review this ineffective assistance of counsel claim if Webb demonstrates cause and prejudice, or that a miscarriage of justice will result if the court does not review the claim. *See Coleman,* 501 U.S. at 750-51.

\*12 Webb does not provide a reason for the procedural default, and fails to allege actual innocence. As a result, this court cannot review this procedurally barred claim.

F. Claim 6: Webb was denied the right to appeal his conviction and sentence

Webb alleges that he was denied the right to appeal his conviction and sentence "under false circumstances, as stated in grounds one, two, four, and five, in which the allegations support this claim." (D.I. 2 at 9.) To the extent Webb incorporates the grounds asserted in claims one, two, four, and five, the court has already explained why federal habeas relief is not available. *See supra* pp. 9-20. To the extent Webb may be asserting a new claim, he never presented this claim to the state courts, and thus, he has failed to exhaust state remedies. Because Webb never raised this claim in his prior post-conviction motions, Delaware state courts would hold that further state court review of this claim is foreclosed by Superior Court Criminal Rule 61(i)(2). *See generally Younger,* 580 A.2d at 554-55; *Carter v. Neal,* 910 F.Supp. 143, 151 (D.Del.1995). As such, his failure to exhaust is excused.

Even though Webb's failure to exhaust is excused, this claim is still procedurally defaulted. Webb's federal habeas petition does not explain his failure to present this claim earlier, and he has not alleged

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

actual innocence. Thus, the court cannot review this procedurally defaulted claim.

G. Claim 7: The state courts erred in not providing transcripts of the plea colloquy and sentencing hearing

Webb claims that the state courts' refusal to provide him with transcripts of the plea colloquy and the sentencing hearing "violates the Due Process [Clause] and makes the proceedings of the dates of May 1, 1997, March 16, 2000, May 12, 2000, and June 23, 2000 invalid." (D.I. 2 at 9.) Webb further alleges that if the transcripts "were added to these proceedings, the Double Jeopardy violation would have been addressed along with the Petitioner's allegations as in grounds one, four, and five." (*Id.*)

After reviewing the state court record, it appears that Webb filed three motions for transcripts during his post-conviction proceedings. Webb filed the first motion for transcripts in his first post-conviction proceeding filed in August 2000. The Superior Court denied this request. (D.I. 59 in Super. Ct.Crim. Dkt. for *State v. Webb.*) Then, Webb filed his second post-conviction motion in October 2000, and the Superior Court denied this motion on November 28, 2000. (D.I. 89 of Del.Super. Ct. Dkt. for *State v. Webb.*) In December 2001, Webb filed an appeal of the Superior Court's denial of the second post-conviction motion. (*Id.* at D.I. 94.) On December 18, 2000, Webb filed a motion for transcripts in order to help him with his appeal. (Id. at D.I. 96.) The Superior Court denied this motion on February 12, 2001. (*Id.* at D.I. 102.)

In his appeal regarding the second post-conviction motion, Webb presented the claim that the Superior Court abused its discretion by denying his motion for the transcripts. *See Webb 3.* The Delaware Supreme Court held that the Superior Court did not abuse or err in the exercise of its discretion to deny Webb's request for the transcripts. *Id.* at * *2. The state supreme court held that the Superior Court, under the circumstances of Webb's case, was not required to have the transcripts prepared. [FN4]

> FN4. It appears that Webb filed a third motion for transcripts sometime between February 2001 and April 2001, which the Superior Court denied. *See Webb v. State,* 782 A.2d 267, at * *1 (Del. Aug. 30, 2001). Webb appealed this third denial, but the Delaware Supreme Court dismissed this appeal because the Superior Court's denial

was an interlocutory order and thus, not appealable. *Id.*

*13 As the foregoing illustrates, Webb has exhausted state remedies with respect to this claim, and the state supreme court decided this claim on the merits. As a result, this court's review is limited to determining whether the state courts' rejection of Webb's request was either contrary to, or an unreasonable application of, "clearly established federal law." *See* 28 U.S.C. § 2254(d)(1).

The first step in this inquiry is to determine the "clearly established federal law" governing the issue at hand. *See Matteo,* 171 F.3d at 880; *Williams v. Taylor,* 529 U.S. 362, 405 (2000). While it is well-settled that "the State must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal," *Britt v.. North Carolina,* 404 U.S. 226, 227 (1971), it is unclear whether an indigent state defendant has a constitutional right to free transcripts in order to prepare a state collateral attack. *See Wade v. Wilson,* 396 U.S. 282, 286 (1970)(declining to decide whether the "Constitution requires that a State furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief"); *Ortiz v. Snyder,* 2002 WL 511517, at *7 (D.Del. Apr. 2, 2002). However, if an indigent state defendant does have such a right, it is clear that the defendant must demonstrate a particularized need for the transcript. *See United States v. MacCollum,* 426 U.S. 317 (1976); *Collins v. Snyder,* 1996 WL 534895 (D.Del. Sept. 12, 1996). For example, if the transcript is needed to decide the issue at hand, then the defendant has demonstrated a particularized need. *See MacCollum,* 426 U.S. at 326.

Webb did not directly appeal his sentence, and he only requested the transcripts during his post-conviction proceedings. As a result, the Delaware state courts had discretion over whether to provide free transcripts. Indeed, the Superior Court denied Webb's transcript request because the transcript was not relevant to its determination of the motion: the post-conviction motion was already procedurally barred by Rule 61(I)(2) and (4). In turn, the Delaware Supreme Court held that the denial was "within the discretion of the Superior Court." *Webb,* 788 A.2d at * *2. Neither of these state court decisions was contrary to, or an unreasonable application of, the applicable federal law. Accordingly, this claim does not provide a basis for federal habeas relief.

H. Claim 8: Webb was mentally incompetent when

he entered his plea

Webb asserts that he was mentally incompetent at the time of his guilty plea, thereby rendering it involuntary. This claim merely repeats the ground he alleged in Claim One. *See supra* p. 9. As previously explained, this claim is procedurally barred and does not provide a basis for federal habeas relief. *See supra* pp. 14-15. Accordingly, the court will deny this claim.

I. Claim 9: The sentencing judge violated due process by failing to follow the plea agreement accepted by the plea judge

*14 Webb's final claim is based on the fact that the Superior Court judge who accepted his guilty plea was not the judge who sentenced him. Webb asserts that the sentencing judge did not "give what trial/plea judge accepted at time of plea-agreement." (D.I. 2 at 10 .) Once again, it appears that Webb's final claim merely reiterates a ground asserted in Claim One. *See supra* pp. 9-14. As explained above, the court will deny this claim as procedurally barred.

However, in the unlikely event that Webb asserts a claim independent from Claim One, the court must determine whether the procedural requirements of the AEDPA are satisfied. Webb never presented this claim to the state courts. Thus, he has failed to exhaust state remedies.

The court agrees with the respondent's assertion that Webb's failure to present this issue in his prior post-conviction motions bars further state review of this claim under Superior Court Criminal Rule 61(i)(2). (D.I. 23 at 12). Webb is therefore excused from the exhaustion requirement, but the claim is still procedurally defaulted. The court cannot collaterally review this claim because Webb fails to demonstrate cause for the procedural default, and he does not assert actual innocence. Accordingly, the court will deny this claim.

J. Motions for Expedited Proceedings and Funds

Webb has filed with the court a motion to expedite the review of his petition for a writ of habeas corpus. (D.I.5.) The court has determined that it will dismiss Webb's petition because the majority of claims are procedurally barred, and those claims it did review do not provide a basis for federal habeas relief. As such, the court will deny Webb's motion for expedited proceedings as moot.

Webb has also filed a motion for funds for "attorney's fees, appeal, transcripts, court reporter, expert testimony for/on effective assistance of counsel, expert testimony for/on judicial misconduct, expert testimony on competency, investigation services, evidentiary hearings, copies, locker box, and lock." (D.I.7.) To the extent Webb's motion actually constitutes a motion for discovery, a district court judge may grant discovery requests "for good cause shown." Rule 6(a), 28 U.S.C. foll. § 2254. For the reasons stated, the court will dismiss Webb's habeas petition. There is no "good cause" for granting Webb's request at this time. Therefore, Webb's request for "discovery" will be denied as moot.

Further, Webb does not provide any authority to support his request for funds. To the extent this request can be characterized as a request "services other than counsel" under 18 U.S.C. § 3006A(e), the court will deny this request. Pursuant to 18 U.S.C. § 3006A(e), an indigent defendant is entitled to "investigative, expert, or other services necessary for adequate representation" upon a finding that such assistance is "necessary." The court has concluded that it must dismiss Webb's habeas petition, thus, such assistance is not necessary. Accordingly, the court will deny this motion as moot.

K. Motion for discovery

*15 Webb has filed a motion for interrogatories and discovery "pursuant to Rule 6 [of the Rules] Gov[erning] § 2254 cases invoking the process of discovery in Rules 26 thr[ough] 37 Fed. R. of Civ. Proc." (D.I 29.) A district court judge may grant discovery requests "for good cause shown." Rule 6(a), 28 U.S.C. foll. § 2254. For the reasons stated, the court will dismiss Webb's habeas petition. There is no "good cause" for granting Webb's request at this time, therefore, his request for interrogatories and discovery is denied as moot.

L. Motion to consolidate his federal habeas proceeding with his civil rights action

Webb has filed a motion requesting the court to consolidate his habeas petition with his civil rights action, *Webb v. State,* CA No. 02-521-GMS, filed pursuant to 28 U.S.C. § 1983. (D.I.28.) As explained above, the court is dismissing Webb's habeas petition. Consequently, the court will deny this motion to consolidate as moot.

M. Motion for psychiatric and psychological evaluation

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 11
Not Reported in F.Supp.2d, 2003 WL 22299036 (D.Del.)
(Cite as: 2003 WL 22299036 (D.Del.))

Webb has filed a motion requesting the court to transfer him to a "federal forensic unit hospital" so that he can obtain a psychiatric exam to determine his "competency to stand trial and assist counsel if appointed." (D.I.31.) Webb filed this motion pursuant to Rule 35(a) of the Federal Rules of Civil Procedure, which authorizes a court to order the party to "submit to a physical or mental examination" "for good cause shown." A pre-requisite to such an order is that the mental or physical condition of the party must be "in controversy." *Id.*

As previously explained, the court has determined that Webb is not entitled to federal habeas relief. This decision was premised on Webb's numerous procedural defaults and a determination that the two issues actually adjudicated on the merits in state court did not warrant federal habeas relief. Webb's mental capacity at the present time is not a factor in the court's decision regarding his federal habeas petition. As such, there is no "good cause" to order a psychiatric evaluation. Webb's motion for a psychiatric evaluation will be denied.

N. Motions for subpoenas, sanctions, default judgment, or recusal

Finally, Webb has filed a motion for default judgment and injunction orders, (D.I.17.), a motion requesting the court to issue subpoenas, (D.I.49.), a motion for sanctions against the respondent, (D.I.42.), and a motion for a default judgment against the respondent or, in the alternative, for the recusal of the respondent. (D.I.43.) As previously explained, the court will dismiss Webb's federal habeas petition. Thus, the court denies these motions as moot.

IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**\*16** Moreover, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

For the reasons stated above, the court concludes that most of Webb's claims are procedurally barred. The court also concludes that Webb's claims regarding the denial of the right to a speedy trial and the denial of transcripts do not provide a basis for federal habeas relief. Reasonable jurists would not find these conclusions unreasonable. Consequently, Webb has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. William Joseph Webb, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2.) is DENIED.

2. William Joseph Webb, Jr.'s following motions are DENIED as moot:
   a. Motion to expedite proceedings. (D.I.5.)
   b. Motion for funds. (D.I.7.)
   c. Motion for a default judgment and injunction against respondent. (D.I.17.)
   d. Motion to consolidate 02-583 with 02-521. (D.I.28.)
   e. Motion for discovery. (D.I.29.)
   f. Motion for a psychiatric and psychological exam. (D.I.31.)
   g. Motion for sanctions against respondent. (D.I.42.)
   h. Motion for default judgment against or recusal of respondent. (D.I.43.)
   i. Motion for subpoenas. (D.I.49.)

3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2003 WL 22299036

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on April 24, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Dwight W.H. Perkins, Jr.
SBI No. 229328
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

/s/Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us